RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

TY HALASZ
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 307-6484
Fax. (202) 307-0054
Ty.Halasz@usdoj.gov

*Of Counsel*
BART M. DAVIS
United States Attorney
District of Idaho

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-CV-0421 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC, | |
| Defendants. | |

The Plaintiff, the United States of America, complains and alleges as follows:

1. This is a civil action timely brought by the United States to: (1) reduce to judgment the outstanding federal tax assessments against Defendant Ebenezer K. Howe IV; (2) find that a parcel of real property (the "Subject Property"), located in Boundary County, Idaho, and described more completely below, is held by PHI Development LLC, a nominee or alter ego

1

of Mr. Howe; (3) foreclose federal tax liens on the Subject Property; and (4) sell the Subject Property, and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

2. The United States commences this action pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States, with the authorization and at the request of the Secretary of the Treasury, acting through his delegate, the Chief Counsel of the Internal Revenue Service (IRS).

**DEFENDANTS**

3. Defendant Ebenezer K. Howe IV has been assessed with federal tax liabilities for the years 2005 through 2006 and 2008 through 2013. Mr. Howe incurred these liabilities while residing within this District. Mr. Howe has not provided any information to the IRS, but upon information and belief, he resides at 2099 Katka Road, Bonners Ferry, Idaho 83805.

4. Defendant PHI Development LLC, a New Mexico limited liability company, is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property at issue in this action.

5. PHI Development LLC's mailing address is listed as Calle Perez Galdos 94, Portal 5 Bajo B, Arrecife de Lanzarote, 35500 Spain. Its registered agent is Somerset Systems LLC, located at 2587 Camino Chueco, Santa Fe, New Mexico 87505. In documents relating to the Subject Property, PHI Development LLC's address is the same as Mr. Howe's — 2099 Katka Road, Bonners Ferry, Idaho 83805.

6. Upon information and belief, Mr. Howe is the sole member of PHI Development LLC.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

8. In accordance with 28 U.S.C. §§ 1391 and 1396, venue is proper in the District of Idaho because Mr. Howe resides in this District, Mr. Howe's federal tax liabilities accrued in this District, and the Subject Property at issue is located in this District.

## SUBJECT PROPERTY

9. The United States seeks to foreclose federal tax liens against the Subject Property, commonly referred to as "2099 Katka Road, Bonners Ferry, Idaho 83805" (Boundary County parcel No. RP62N02E275105), and legally described as:

> A tract of land in the Northeast Quarter of the Southwest Quarter (NE 1/4 SW 1/4) of Section Twenty-Seven (27), Township Sixty-Two (62) North, Range Two (2) East of the Boise Meridian, Boundary County, Idaho; more particularly described as follows:
>
> Beginning at the Southwest corner of the NE 1/4 of the SW 1/4 of Said Section 27, which is marked on the ground by a 3 1/4" aluminum cap stamped PLS 3628; thence, along the west line of the NE 1/4 of the SW 1/4, N00°00'56"W, 606.81 feet; thence, parallel to the south line of the NE 1/4 of the SW 1/4, S89°52'22"E, 699.38 feet; thence S00°47'01"E, 493.53 feet; thence S84°47'31"W, 60.77 feet; thence S68°22'35"W, 54.74 feet; thence S60°13'46"W, 175.36 feet, to the south line of the NE 1/4 of the SW 1/4; thence, along the south line of the NE 1/4 of the SW 1/4, N89°52'22"W, 442.35 feet, to the POINT OF BEGINNING.

10. In September 2014, prior owner Amy C. Gallagher sold the Subject Property to PHI Development LLC through a Real Estate Purchase and Sale Agreement (Agreement).

11. The Agreement provided that the Subject Property was purchased for $310,000, consisting of $5,000 that had already been paid, the satisfaction of an unsecured debt in the sum of $135,000 owed to PHI Development LLC by Ms. Gallagher, and a promissory note in the sum of $170,000 with no interest, to be paid quarterly in the amount of $18,000.

12. Mr. Howe signed the Agreement, a Deed of Trust, and a Secured Promissory Note as manager of PHI Development LLC, which shares an address with the Subject Property.

13. Ms. Gallagher conveyed the Subject Property to PHI Development LLC by warranty deed.

14. Mr. Howe made the $18,000 payments to Panhandle Escrow Company through an escrow agreement.

15. In or before February 2019, Mr. Howe completed PHI Development LLC's payments under the Secured Promissory Note.

16. On February 20, 2019, the trustee recorded a full reconveyance of its estate under the Deed of Trust.

17. In accordance with 26 U.S.C. § 6323(f), on October 17, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the County Clerk for Boundary County, Idaho, against Mr. Howe for unpaid federal tax liabilities for tax years 2003, 2004, 2006, 2011, 2012, and 2013.

18. In accordance with 26 U.S.C. § 6323(f), on January 3, 2018, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the County Clerk for Boundary County, Idaho, against Mr. Howe for unpaid federal tax liabilities for tax years 2005, 2008, 2009, and 2010.

19. In accordance with 26 U.S.C. § 6323(f), on March 5, 2018, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the County Clerk for Boundary County, Idaho, against PHI Development LLC as the

nominee of Mr. Howe for unpaid federal tax liabilities for tax years 2003, 2005, 2006, 2008, 2009, 2010, 2011, 2012, and 2013.[1]

## CLAIM ONE: REDUCE TO JUDGMENT
## FEDERAL TAX ASSESSMENTS AGAINST MR. HOWE

20. The United States incorporates the allegations stated in Paragraphs 1 through 19 as if fully stated here.

21. Mr. Howe is a longtime tax defier and has, at all times relevant to this suit, neglected or refused to file any tax returns.

22. On the dates and in the amounts set forth in the table below, a duly authorized delegate of the Secretary of the Treasury made timely federal tax assessments against Mr. Howe for unpaid federal income taxes for tax years 2005 through 2006 and 2008 through 2013.

| Tax Year | Type of Tax | Date of Tax Assessment | Unpaid Balance Plus Statutory Accruals (including Failure to File and Pay Additions and Interest) as of October 31, 2019 |
|---|---|---|---|
| 2005 | 1040 | October 11, 2010 | $9,957.34 |
| 2006 | 1040 | June 7, 2010 | $4,082.62 |
| 2008 | 1040 | February 6, 2012 | $23,044.00 |
| 2009 | 1040 | May 28, 2012 | $2,102.62 |
| 2010 | 1040 | July 7, 2014 | $9,918.62 |
| 2011 | 1040 | September 12, 2016 | $146,214.46 |
| 2012 | 1040 | September 12, 2016 | $145,495.28 |
| 2013 | 1040 | September 12, 2016 | $2,790.42 |
| | | **Total** | $343,605.36 |

---

[1] Though the tax liens described in Paragraphs 12 through 14 cover tax years before 2005, in this action, the United States seeks judgment based only on tax years 2005 through 2006 and 2008 through 2013.

23. The IRS provided Mr. Howe timely notice of these assessments and made demand on Mr. Howe for payment as required by 26 U.S.C. § 6303.

24. Despite timely notice and demand for payment, Mr. Howe has neglected or refused to pay the assessments.

25. Mr. Howe has refused to cooperate with the IRS, instead espousing frivolous arguments in his correspondence.

26. Based on interest and other statutory additions accruing through November 15, 2018, Mr. Howe owes a total of $343,605.36 with respect to the assessed taxes. This balance remains outstanding and continues to accrue unassessed interest and other statutory additions.

## CLAIM TWO: A JUDGMENT THAT PHI DEVELOPMENT LLC IS THE NOMINEE OR ALTER EGO OF MR. HOWE

27. The United States incorporates the allegations stated in Paragraphs 1 through 26 as if fully stated here.

28. PHI Development LLC purchased the Subject Property from Ms. Gallagher and holds title thereto.

29. In the Agreement, Deed of Trust, and Secured Promissory Note, PHI Development LLC's address is the Subject Property's address.

30. Mr. Howe made the initial $5,000 payment for the Subject Property by a check dated August 3, 2015, drafted from his personal bank account with Wells Fargo.

31. PHI Development LLC has not obtained an Employer Identification Number (EIN) or filed any tax returns with the IRS.

32. PHI Development LLC does not maintain any bank accounts.

33. PHI Development LLC had no income source beyond Mr. Howe to pay for the Subject Property.

34. All of PHI Development LLC's funds came from Mr. Howe personally.

35. Mr. Howe is the sole member of PHI Development LLC.

36. Mr. Howe and PHI Development LLC reside at the same address.

37. Mr. Howe uses the Subject Property as his home and has done so since it was purchased from Ms. Gallagher.

38. Mr. Howe has paid at least some of the quarterly payments due under the Secure Promissory Note with personal checks.

39. Mr. Howe does not pay rent to PHI Development LLC.

40. PHI Development LLC has not filed income tax returns reporting any rental income.

41. Mr. Howe retained Sandpoint Builders Inc. to remodel the Subject Property in 2014.

42. Sandpoint Builders Inc. addressed invoices totaling $156,826.21 to Mr. Howe.

43. Mr. Howe paid Sandpoint Builders Inc. in cash.

44. Mr. Howe has attempted to conceal his residence on the Subject Property by directing correspondence with the IRS to an apartment in Casper, Wyoming, and not the address in Bonners Ferry.

45. Mr. Howe does not reside at such apartment because it is actually a UPS Store.

46. Mr. Howe styles the Casper address as an apartment or "APT" to make it appear like a residence, even though the address is for a commercial shopping center.

47. Mr. Howe paid for the Subject Property's local taxes in 2014 and 2016 by personal check.

48. In 2015, Mr. Howe made one payment toward the Subject Property's local taxes and PHI Development LLC made the other, both in cash.

49. In 2017, Mr. Howe paid for the Subject Property's local taxes in cash.

50. Despite PHI Development LLC's ownership of the Subject Property, it is actually Mr. Howe who maintains dominion and control over the Subject Property, and enjoys the incident benefits and burdens of ownership.

51. To the extent PHI Development LLC holds title to the Subject Property, it does so as a nominee or alter ego of Mr. Howe. Any claim or interest in the Subject Property by PHI Development LLC is fraudulent or nonexistent.

52. The United States is entitled to a determination that the Subject Property is deemed to be solely the property of Mr. Howe.

**CLAIM THREE: FRAUDULENT TRANSFER UNDER IDAHO CODE § 55-913(1)(a)**

53. The United States incorporates the allegations stated in Paragraphs 1 through 52 as if fully stated here.

54. Idaho's Uniform Voidable Transfer Act (Idaho Code § 55-913(1)) provides that a transfer is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with the intent to hinder, delay or defraud any creditor.

55. Under 26 U.S.C. § 6321, federal tax liens for Mr. Howe's unpaid tax liabilities arose in favor of the United States on the dates of the assessments and attached to all of Mr. Howe's property and rights to property.

56. The United States was a creditor of Mr. Howe within the meaning of Idaho Code § 55-913(1).

57. Mr. Howe directed the transfer of the Subject Property from Ms. Gallagher to PHI Development LLC.

58. The transfer of the Subject Property took place in September 2014, after the IRS had made numerous assessments and filed several liens.

59. Mr. Howe was aware of these assessments and liens before he effectuated the transfer of the Subject Property.

60. After receiving final notices with regard to these assessments and liens, Mr. Howe requested Collection Due Process (CDP) hearings with the IRS.

61. Mr. Howe then neglected or refused to cooperate with the IRS in the CDP process.

62. The assessments and liens were thus sustained.

63. PHI Development LLC was an insider within the meaning of Idaho Code § 55-913(2)(a) because Mr. Howe is its sole member.

64. Mr. Howe retained possession and control of the Subject Property after the transfer within the meaning of Idaho Code § 55-913(2)(b).

65. Mr. Howe has attempted to conceal his interest in and control over the Subject Property within the meaning of Idaho Code § 55-913(2)(c) by directing correspondence with the IRS to an apartment in Wyoming.

66. Mr. Howe does not reside at such apartment because it is actually a UPS Store.

67. Mr. Howe styles the address as an apartment or "APT" to make it appear like a residence, even though the address is for a commercial shopping center.

68. Before the transfer was made, the IRS demanded payment from Mr. Howe for unpaid tax liabilities within the meaning of Idaho Code § 55-913(2)(d).

69. The transfer of the Subject Property to PHI Development LLC thus constitutes a fraudulent transfer because Mr. Howe directed the transfer with the actual intent to hinder, delay, or defraud the United States as his creditor.

70. The United States is entitled to an order foreclosing the federal tax liens encumbering the Subject Property.

## CLAIM FOUR: FRAUDULENT TRANSFER
## UNDER IDAHO CODE § 55-913(1)(b) AND/OR § 55-914

71. The United States incorporates the allegations stated in Paragraphs 1 through 70 as if fully stated here.

72. Idaho's Uniform Voidable Transfers Act (Idaho Code § 55-913(1) and § 55-914) also provides that a transfer is voidable as to a creditor if the debtor made the transfer without receiving a reasonably equivalent value in exchange and the debtor intended to incur debts beyond his ability to pay as they became due or was insolvent at the time of the transfer.

73. Under 26 U.S.C. § 6321, federal tax liens for Mr. Howe's unpaid tax liabilities arose in favor of the United States on the dates of the assessments and attached to all of Mr. Howe's property and rights to property.

74. The United States was a creditor of Mr. Howe within the meaning of Idaho Code § 55-913(1).

75. Mr. Howe directed the transfer of the Subject Property from Ms. Gallagher to PHI Development LLC.

76. PHI Development LLC was an insider within the meaning of Idaho Code § 55-914(2) because Mr. Howe is its sole member.

77. The transfer of the Subject Property took place in September 2014, after the IRS had made numerous assessments and filed several liens.

78. Mr. Howe did not receive a reasonably equivalent value in exchange for the transfer.

79. Mr. Howe did not receive *any* value in the transfer because he directed that PHI Development LLC take the value.

80. Mr. Howe was aware of the foregoing tax assessments and liens before he effectuated the transfer of the Subject Property.

81. When he purchased the Subject Property through PHI Development LLC, Mr. Howe intended to incur, or believed or reasonably should have believed he would incur, a debt beyond his ability to pay as it became due.

82. When he purchased the Subject Property through PHI Development LLC, Mr. Howe was insolvent within the meaning of Idaho Code § 55-911.

83. PHI Development LLC had reasonable cause to believe Mr. Howe was insolvent.

84. The transfer is thus a fraudulent transfer under Idaho Code § 55-913(1)(b) and/or § 55-914.

85. The United States is entitled to an order foreclosing the federal tax liens encumbering the Subject Property.

### CLAIM FIVE: TO FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY AND ORDER JUDICIAL SALE

86. The United States incorporates the allegations stated in Paragraphs 1 through 85 as if fully stated here.

87. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for the unpaid tax liabilities listed in Paragraph 22 arose in favor of the United States on the dates of the assessments and attached to all of Mr. Howe's property and rights to property, including the Subject Property.

88. These tax liens continue to attach to the Subject Property and have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

89. In accordance with 26 U.S.C. § 6323(f), on October 17, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the County Clerk for Boundary County, Idaho, against Mr. Howe for unpaid federal tax liabilities for tax years 2006, 2011, 2012, and 2013.

90. In accordance with 26 U.S.C. § 6323(f), on January 3, 2018, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the County Clerk for Boundary County, Idaho, against Mr. Howe for unpaid federal tax liabilities for tax years 2005, 2008, 2009, and 2010.

91. In accordance with 26 U.S.C. § 6323(f), on March 5, 2018, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the County Clerk for Boundary County, Idaho, against PHI Development LLC as the nominee of Mr. Howe for unpaid federal tax liabilities for tax years 2005, 2006, 2008, 2009, 2010, 2011, 2012, and 2013.

92. Under 28 U.S.C. § 7403(c), the United States is entitled to foreclosure of these tax liens and an order of sale of the Subject Property to enforce the liens.

**REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests the following relief:

A. Judgment in favor of the United States and against Ebenezer Howe for his unpaid federal tax liabilities in the amount of $343,605.36 as of October 31, 2019, plus interest and other statutory accruals;

  B. Judgment that, by virtue of the unpaid assessments for tax years 2005, 2006, 2008, 2009, 2010, 2011, 2012, and 2013, the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Ebenezer Howe, whether real or personal, wherever located, and whether presently held or acquired in the future, including the Subject Property;

  C. Judgment that, to the extent that PHI Development LLC holds title to the Subject Property, it does so as Ebenezer Howe's nominee or alter ego, and that the United States' tax liens attach to the Subject Property;

  D. Judgment that the transfer of the Subject Property to PHI Development LLC constitutes a fraudulent transfer as against the United States and is void under Idaho Code § 55-913 and/or § 55-914;

  E. An order foreclosing the federal tax liens encumbering the Subject Property and directing that the Subject Property be sold to satisfy Ebenezer Howe's outstanding federal tax liabilities;

  F. An order determining the validity and priority of all other liens, claims, or interests in the Subject Property, and directing that the proceeds from any judicial sale of such property be distributed accordingly;

  G. A deficiency judgment in favor of the United States and against Ebenezer Howe in the amount of any tax indebtedness not satisfied by the Subject Property's sale; and

  H. An order granting the United States its costs in bringing this action, and for such other relief as the Court deems just.

  //

Respectfully submitted this 29th day of October, 2019.

            RICHARD E. ZUCKERMAN
            Principal Deputy Assistant Attorney General


            */s/ Ty Halasz*
            TY HALASZ
            Trial Attorney, Tax Division
            United States Department of Justice
            P.O. Box 683
            Ben Franklin Station
            Washington, D.C. 20044
            Tel. (202) 307-6484
            Fax. (202) 307-0054
            Ty.Halasz@usdoj.gov

            *Of Counsel*
            BART M. DAVIS
            United States Attorney
            District of Idaho

            *Attorneys for the United States*

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ty Halasz, Tax Division, U.S. Department of Justice
P.O. Box 683, Washington, DC 20044, (202) 307-6484

## DEFENDANTS
Ebenezer K. Howe IV
PHI Development LLC

County of Residence of First Listed Defendant: Boundary County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  | ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending |  | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |  | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations — ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other — **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education — ☐ 550 Civil Rights |  |  |  |
|  |  ☐ 555 Prison Condition |  |  |  |
|  |  ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401 and 7403

Brief description of cause:
Foreclose federal tax liens and reduce to judgment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 343,605.36

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 10/29/2019

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 08/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

<table>
<tr><td align="center"><br><br><br><br><i>Plaintiff(s)</i><br><br>v.<br><br><br><br><br><br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.</td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)*<br>v.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: