UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC, <br><br> Defendants. | Case No. 2:19-cv-00421-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Ebenezer Howe's "Notice of Proposed Emergency Petition for Mandamus." Dkt. 35.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court hereby certifies Defendant's appeal as frivolous and the Motion is therefore DENIED.

## II. BACKGROUND

On October 29, 2019, the United States filed a complaint against Howe and PHI Development LLC ("PHI"), to foreclose on federal tax liens attached to a parcel of property

titled to PHI. Dkt. 1. Howe is the sole member of PHI.

Upon filing, the Clerk of the Court randomly assigned the case to United States Magistrate Judge Candy W. Dale.

On November 26, 2019, Howe filed a Motion for Extension of Time to Respond to Complaint. Dkt. 6.

On December 5, 2019, Judge Dale granted Howe's Motion. Dkt. 9. In her order, Judge Dale also explained that because PHI is an entity, Howe *could not* represent its interest—even though he is the sole member of that LLC. *Id.* at 2. *See also* Dist. Idaho Loc. Civ. R. 83.4(d).

On December 12, 2019, Howe filed an answer to the Complaint and Motion to Dismiss Due to Fraud on the Court. Dkt. 11. That same day, Howe filed a Motion for "Appointment of Assistance of Counsel for Both Defendants." Dkt. 12. Numerous other motions followed.

On February 3, 2020—in accordance with *Williams v. King*, 875 F.3d 500 (9th Cir. 2017—Judge Dale directed the Clerk of the Court to reassign this case to a District Judge. The undersigned was assigned the case. However, because of Judge Dale's familiarity with the matters in this case—and owing to the heavy caseload of District Judges in the District of Idaho—pursuant to 28 U.S.C. § 636(b), the undersigned referred all pretrial matters back to Judge Dale. Dkt. 27.

On February 21, 2020, Judge Dale denied Howe's Motion to Appoint Counsel. Dkt. 30. In her Order, Judge Dale explained that civil litigants do not have a constitutional right to counsel but can nonetheless seek an order of the Court appointing counsel. Judge Dale

analyzed the case and determined that Howe is not entitled to counsel in this case. Dkt. 30, at 4. Judge Dale also explained—as she had previously—that Howe cannot represent the interests of PHI and seek counsel on its behalf. *Id.* at 5.

Three days later Howe filed a motion entitled "Combined Emergency Objection to Denial of Appointment of Counsel, Motion to Stay/Amend Dale Order and to Vacate Referral" (Dkt. 31) which, in effect, appealed Judge Dale's order to the undersigned District Judge.

In his motion, Howe claims that Judge Dale does not have subject-matter jurisdiction over this action, that she misrepresented his request for counsel, and that she erroneously denied him his "constitutionally protected due process right to counsel." *See generally id.* Because of these purported failures, Howe requests—among two pages of demands—that the undersigned "IMMEDIATELY STAY the Order Magistrate Dale issued on February 21, 2020," (*Id.* at 9) and that the District Court "vacate the referral . . . to Magistrate Dale, who has already decided the outcome of the case" (*Id.* at 11). In his reply Motion, Howe further requests that the undersigned order numerous actions to occur within a 48-hour window.[1]

While this emergency motion was pending, Howe filed his "Notice of Proposed Emergency Petition for Mandamus" (Dkt. 35) claiming that if the undersigned did not rule on his emergency motion within 48-hours—and order Plaintiffs to produce certain documents within 48-hours—Howe would file an emergency petition for mandamus to the

---

[1] Howe asks that the Court order the attorneys in this case to provide certain records and "prove" certain allegations within 48 hours. Additionally, Howe requests that this Court rule on his motion within 48 hours.

MEMORANDUM DECISION AND ORDER – 3

Ninth Circuit Court of Appeals. *Id.*

The Court did not have an opportunity to rule on Howe's motion within the timeframe he requested and as a result, Howe subsequently filed his Petition for Mandamus. Dkts. 38-40.

### III. LEGAL STANDARD

As a general rule, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted). The Ninth Circuit recently clarified that this divestiture rule is not truly jurisdictional, but instead is better understood as a "mandatory claim-processing rule[ ] that may be applied in a less stern manner than true jurisdictional rules." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)).

Accordingly, in cases where the district court is concerned about the potential for abuse of the appeals process, it may certify an appeal as frivolous and retain jurisdiction to proceed before an appellate decision issues. *Id.* at 790-91. *See also United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009) ("Filing an appeal from an unappealable decision does not divest the district court of jurisdiction." (citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993))). "An appeal is frivolous if it is 'wholly without merit.'" *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n. 3 (9th Cir. 2002) (quoting *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991)).

# IV. ANALYSIS

In this case, Howe's is seeking to abuse the judicial process. The Court will not certify his appeal and will, instead, retain jurisdiction in this matter for the purposes of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The Court is not prone to exaggeration, but Howe's notice/motion is nothing short of extortion or coercion. Simply put, the basis for Howe's appeal is that the District Court did not rule on his emergency motion appealing Judge Dale's order in the timeframe he demanded. These tactics are improper and may result in sanctions. The Court, not any singular party, sets the timeframe for ruling on motions. Judges in the District of Idaho have a heavy caseload and, except in rare circumstances—none of which are applicable here—cannot rule on a motion within 48-hours. Howe's impatience notwithstanding, he does not have the right to "jump over" the District Court to the Circuit Court (seeking identical relief) simply because the Court did not address his motion on his timeframe.

Additionally, Howe's appeal is wholly without merit because none of the issues he seeks to appeal—Judge Dale's denial of his Motion to Appoint Counsel, his argument that the Court lacks subject matter jurisdiction, or the undersigned's "failure" to order certain parties to produce documents within a prescribed timeframe—are not appealable.

As it relates to the underlying rulings from Judge Dale, Howe essentially has two appeals pending—one with the District Court and one with the Ninth Circuit Court of Appeals. The District Court can (and will) review Howe's appeal of Judge Dale's decisions; however, none of Magistrate Judge Dale's rulings are final orders under 28

U.S.C. § 1291 that can be appealed to the Ninth Circuit. Additionally, the Court *will not* certify any of the issues (related to Judge Dale's orders or otherwise) as eligible for appeal under 28 U.S.C. § 1292.

In short, the Court hereby certifies that Howe's Notice for Writ of Mandamus (Dkt. 35) is frivolous. The Court will not divest itself of jurisdiction.

## V. ORDER

IT IS HEREBY ORDERED:

1. Howe's Notice/Motion of Emergency Petition for Mandamus (Dkt. 35) is DENIED.

DATED: March 31, 2020

David C. Nye
Chief U.S. District Court Judge