UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Ebenezer K. Howe's "Combined Emergency Objection to Denial of Appointment of Counsel, Motion to Stay/Amend Dale Order and to Vacate Referral." Dkt. 31.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons explained below, the Court DENIES Howe's Motion.

# II. BACKGROUND

This is a tax case. On October 29, 2019, the United States filed a complaint against

Howe and PHI Development LLC ("PHI"), to foreclose on federal tax liens attached to a parcel of property titled to PHI. Dkt. 1. Howe is the sole member of PHI.

Upon filing, the Clerk of the Court randomly assigned the case to United States Magistrate Judge Candy W. Dale.

On November 26, 2019, Howe filed a Motion for Extension of Time to Respond to Complaint. Dkt. 6.

On December 5, 2019, Judge Dale granted Howe's Motion. Dkt. 9. In her order, Judge Dale also explained that because PHI is an entity, Howe *could not* represent its interest—even though he is the sole member of that LLC. *Id.* at 2. *See also* Dist. Idaho Loc. Civ. R. 83.4(d).

On December 12, 2019, Howe filed an answer to the Complaint and Motion to Dismiss Due to Fraud on the Court. Dkt. 11. That same day Howe filed a Motion for "Appointment of Assistance of Counsel for Both Defendants." Dkt. 12. Numerous other motions followed.

On February 3, 2020—in accordance with *Williams v. King*, 875 F.3d 500 (9th Cir. 2017—Judge Dale directed the Clerk of the Court to reassign this case to a District Judge. The undersigned was assigned the case. However, because of Judge Dale's familiarity with the matters in this case—and owing to the heavy caseload of District Judges in the District of Idaho—pursuant to 28 U.S.C. 636(b), the undersigned referred all pretrial matters back to Judge Dale. Dkt. 27.

On February 21, 2020, Judge Dale denied Howe's Motion to Appoint Counsel. Dkt. 30. In her Order, Judge Dale explained that civil litigants do not have a constitutional right

to counsel but can nonetheless seek an order of the Court appointing counsel. Judge Dale analyzed the case and determined that Howe is not entitled to counsel in this case. Dkt. 30, at 4. Judge Dale also explained—as she had previously—that Howe cannot represent the interests of PHI and seek counsel on its behalf. *Id.* at 5.

Three days later Howe filed the instant Emergency Motion. Dkt. 31.

In sum, Howe claims that Judge Dale does not have subject-matter jurisdiction over this action, misrepresented his request for counsel, and erroneously denied him his "constitutionally protected due process right to counsel." *See generally id.* Because of these purported failures, Howe requests—among two pages of demands—that the undersigned "IMMEDIATELY STAY the Order Magistrate Dale issued on February 21, 2020," (*Id.* at 9) and that the District Court "vacate the referral . . . to Magistrate Dale, who has already decided the outcome of the case" (*Id.* at 11). In his reply Motion, Howe further requests that the undersigned order numerous actions to occur within a 48-hour window.[1]

The Court will broadly construe Howe's motion as a motion 1) challenging the referral order in this case, 2) seeking to disqualify Judge Dale, and 3) appealing Judge Dale's order denying his motion for appointment of counsel.

### III. ANALYSIS

Howe's arguments—or at least how the Court interprets the arguments in Howe's

---

[1] Howe asks that the Court order the attorneys in this case to provide certain records and "prove" certain allegations within 48 hours. Additionally, Howe requests that this Court rule on his motion within 48 hours. While the Court appreciates Howe's determination and zeal, that should be tempered with an understanding of applicable procedures and the reality that lawsuits take time. Additionally, thinly veiled threats—such as the notion that if the Court does not grant his various requests such will be "a ratification by Judge David C. Nye of felonious actions by the executive branch" Dkt. 34, at 4—will not be given credence and may result in sanctions.

motion—are somewhat intertwined and build off one another. The Court will address each below.

### A. Jurisdiction

As a threshold matter, this Court—that is to say the District of Idaho—has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1340 and 1345. *See also United States v. Kollman*, 774 F.3d 592, 594 (9th Cir. 2014) (holding that district courts have jurisdiction over suits to reduce and foreclose federal tax assessments).

### B. Referral

The Ninth Circuit recently explained that a United States Magistrate Judge lacks the authority to take dispositive actions in civil lawsuits unless all named parties have consented—even unserved defendants. *Williams*, 875 F.3d at 503.

In this case, while at least one party consented to proceed in front of Judge Dale (*see* Dkt. 24), because PHI never appropriately appeared in this case (and could therefore not express consent or non-consent), Judge Dale transferred the case to a District Judge.

Under 28 U.S.C. § 636, however, a United States District Judge may designate (or refer) a case to a United States Magistrate Judge. This is a fairly standard, procedural process and can take many forms—in scope and application.

In this case, the undersigned referred all pretrial matters to Judge Dale. Dkt. 27. Critically, while consent of all parties is needed to refer a case to a Magistrate Judge for trial and final disposition, consent *is not needed* to refer pretrial matters. *See generally* 28 U.S.C. § 636(b)(c). *See also NGM Ins. Co. v. Blair*, No. CV 3:17-3099-MGL-SVH, 2018 WL 2016113, at *1 (D.S.C. May 1, 2018).

Thus, bluntly put, the Court does not need Howe's consent to refer this case to Judge Dale. As the Court explained it its notice to the parties in this case, there are numerous advantages to proceeding in front of a Magistrate Judge in the District of Idaho. Dkt. 13. Furthermore, in this specific case, Judge Dale had already done significant work on the various issues. Keeping pretrial matters with Judge Dale furthers the Court's mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

That said, Howe levels certain accusations against Judge Dale that warrant a closer look at the referral in this case. The Court turns next to Howe's claim that Judge Dale should be disqualified.

### C. Disqualification

Technically speaking, Howe does not ask that Judge Dale recuse herself or be disqualified. Instead he requests that the Court rescind its referral. The Court has already determined that as a statutory matter, the referral is appropriate. Therefore, the Court will construe Howe's request as a motion to disqualify.

In his Motion, Howe states that Judge Dale is "driving the Government's case," "has already decided the outcome," that she ignored the evidence he presented in his motion, and generally failed to take his arguments into account in her decision. *See generally* Dkt. 31.

28 U.S.C. §§ 144[2] and 455[3], governs the recusal or disqualification of judges. Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004).

---

[2] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Here, the Court has reviewed Howe's submissions and while he clearly does not agree with Judge Dale's rulings, he has not alleged any conduct warranting recusal or disqualification under the enumerated statutes.

Howe's primary allegation appears to be his perception that Judge Dale all but told the United States to seek default judgment against PHI. Dkt. 31, at 1, 2, 4, 8, 11. This argument is in reference to a footnote in Judge Dale's prior order denying Howe's Motion for Counsel. Dkt. 30. In that order, after explaining that Howe could not represent PHI, Judge Dale cited a case explaining that a corporation must retain counsel. She then noted that "[t]he Court of Appeals for the Ninth Circuit held also that the district court acted appropriately when, after the defendant corporation failed to retain counsel, the court entered default judgment against the defendant." *Id*, at 6 n.3 (*citing United States v. High Country Broad. Co*., 3 F.3d 1244, 1245 (9th Cir. 1993).

This footnote is by no means an instruction to the United States, but rather an admonition, or warning, to Howe and PHI that a corporation could face default judgment if it failed to obtain counsel. This is a simple recitation of the law and frankly, helpful, to Howe and PHI.

In short Howe has not made a showing that Judge Dale's denial of his Motion to Appoint Counsel was the product of "such deep-seated favoritism or antagonism as would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 541 (1994).

D. *Appeal*

Having determined that the District of Idaho has jurisdiction, that the referral is proper, and that Judge Dale has not shown any bias or impropriety, the Court moves to the

crux of the matter: did Judge Dale err in denying Howe's Motion to Appoint Counsel?

By statute, a district court may reconsider a magistrate judge's determination of a non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1) (A). Likewise, Federal Rule of Civil Procedure 72(a) states that the district judge in the case must consider timely objections to a magistrate judge's order and either modify or set aside any part of the order that is clearly erroneous or is contrary to law.

"The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is significantly deferential, requiring a definite and firm conviction that a mistake has been committed. In contrast, the contrary to law standard permits independent review of purely legal determinations by the magistrate judge." *City of Marysville Gen. Employees Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, No. CIV 09-659-EJL-CWD, 2010 WL 5209379, at *1 (D. Idaho Dec. 16, 2010) (internal citations and quotations omitted).

Howe begins by arguing that Judge Dale did not take into account[4] his argument that civil forfeiture actions are similar to criminal prosecutions and, as a result, warrant "constitutionally protected, due process right to counsel." Dkt. 31, at 5. Whether civil forfeiture actions and criminal prosecutions are similar or different is irrelevant. The bottom line is that civil litigants do not have a constitutional right to counsel unless their

---

[4] Throughout his briefing, Howe suggests that because Judge Dale did not specifically mention something he raised, she erred. He also asks this court to rule on very specific questions and/or order very specific actions. This is not appropriate. The Court will analyze the relevant facts against the backdrop of the applicable law, but that does not mean the Court need consider everything presented to it; nor will it rule on every argument raised. A court does not err in failing to address a particular argument if it is meritless or has no bearing on its conclusions.

physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).

The standard for any request for counsel under 28 U.S.C. § 1915 is relatively straightforward. As Judge Dale correctly explained:

> Whether a court appoints counsel for indigent litigants in civil cases is within the court's discretion. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Counsel should be appointed in civil cases only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances, exist, the Court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 945 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both are evaluated together. *Id.*

Dkt. 30, at 3. Judge Dale thoroughly analyzed Howe's claims and found that he had not demonstrated he was likely to be successful on the merits of his motion. Additionally, Judge Dale found that Howe demonstrated an ability to articulate his position.[5]

These conclusions were not in error. Yes, Howe would benefit from counsel. But such is not unique to him. Most, if not all, pro-se litigants would benefit from an attorney, however, that is not the standard. The standard is whether exceptional circumstances exist in a case warranting an appointment of counsel.

As part of his objection, Howe also appears to be claiming that Judge Dale misunderstood his request for appointment of counsel for his LLC as a request to represent the LLC himself.

Howe claims that:

Magistrate Dale converted my request to have the Court appoint counsel to

---

[5] Particularly in regard to Howe's contention that he cannot represent himself, the Court would note that Howe has filed multiple documents in this case that are detailed, understandable, and contain legal citations and analysis. The fact that Judge Dale and this Court ultimately do not agree with many of Howe's conclusions does not diminish the fact that he *can* represent himself effectively.

> represent the LLC into a purported attempt on my part to represent the LLC. Let's be frank; Magistrate Dale is dissimulating. How, precisely, does one morph a simple request by me for the Court to appoint counsel to represent my LLC into an attempt to represent the LLC?

Dkt. 31, at 5. Howe's question, however, answers itself. Judge Dale did not morph Howe's request into something it was not. To the contrary, as Howe himself stated, the "request to appoint counsel to represent *my* LLC" came as a "request by *me* [i.e. by Howe]." *Id.* (emphasis added).

It is someone confusing because Howe is the sole member of PHI, but the fact of the matter is that by asking for counsel on behalf of PHI, Howe *was representing* PHI's interest—something he cannot do. A non-lawyer cannot represent an entity even in a request for appointment of counsel at the outset of a case (and even if that entity is wholly owned by a single individual).

Here, Judge Dale determined Howe was not entitled to counsel and that he could not request counsel on behalf of PHI. The Court has thoroughly reviewed the record in this case and finds no error in Judge Dale's analysis. Accordingly, Howe's objection is OVERRULED, and Judge Dale's Order is AFFIRMED.

///

///

///

///

///

///

## IV. ORDER

1. Howe's Emergency Motion (Dkt. 31) is DENIED in all respects.

2. Judge Dale's Order (Dkt. 30) is Affirmed. It will not be stayed or amended.

3. Judge Dale need not recuse herself. The Court will not vacate the referral.

DATED: March 31, 2020

_____
David C. Nye
Chief U.S. District Court Judge