UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and<br>PHI DEVELOPMENT LLC,<br><br>Defendants. | Case No. 2:19-cv-00421-DCN-CWD<br><br>**REPORT AND RECOMMENDATION**<br>**RE: Motion to Dismiss (Dkt. 11)**<br>   **Motion for Sanctions (Dkt. 20)**<br><br>**ORDER**<br>**RE: Motion for Hearing (Dkt. 21)** |

## INTRODUCTION

On October 29, 2019, the United States of America ("the Government") commenced this action against Ebenezer K. Howe IV ("Howe") and PHI Development LLC ("PHI") pursuant to 26 U.S.C. §§ 7401 and 7403, seeking, among other claims, to reduce to judgment outstanding federal tax assessments made by the Internal Revenue Service ("IRS") against Howe; to foreclose federal tax liens on real property titled in PHI's name; and to sell the real property, and distribute the proceeds of the sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties. Compl. ¶ 1.

**REPORT AND RECOMMENDATION AND ORDER - 1**

Howe, who is proceeding pro se, filed a motion to dismiss on February 12, 2019. (Dkt. 10, 11.) PHI has not appeared in this matter.[1] Howe claims the Court does not have subject matter jurisdiction because the Government is allegedly involved in a fraudulent tax assessment scheme. Howe asserts the same argument in his motion for sanctions, contending the Complaint violates Fed. R. Civ. P. 11, because it is based upon the "IRS' institutionalized record falsification program," and requesting a "show cause" hearing. Howe appears also to renew his request for appointment of counsel. The Government opposes the motions.

The matters are fully briefed and ripe for the Court's review. (Dkt. 15, 17, 28.)[2] Because the Court concludes oral argument will not assist the Court, the motions will be decided upon the record without a hearing. D. Idaho L. Rule 7.1. For the reasons discussed below, the Court will recommend that the motion to dismiss and the related

---

[1] The Court explained in its Order denying Howe's request for counsel that, because PHI is an entity, PHI may appear in this Court only by an attorney of the bar of this Court or an attorney permitted to practice under the rules of the Court. (Dkt. 30.)

[2] Although Howe filed an Emergency Motion to Stay and an Emergency Petition for Mandamus seeking to appeal the Court's earlier orders to the Court of Appeals for the Ninth Circuit, (Dkt. 31, 35, 39), Chief District Judge Nye denied the motion to stay and found the appeal to be frivolous. (Dkt. 44, 45.) Accordingly, the Court is not divested of jurisdiction to consider the motions pending before it. (Dkt. 44.)

**REPORT AND RECOMMENDATION AND ORDER - 2**

motion for sanctions be denied.[3] The Court also will enter an order denying the request for hearing, and Howe's renewed request for appointment of counsel.

## BACKGROUND

1.  **Factual and Procedural Background**[4]

The IRS issued timely federal tax assessments against Howe for unpaid federal income taxes for tax years 2005 through 2006, and 2008 through 2013. (Dkt. 1 ¶ 22.) After receiving final notices regarding the assessments and the liens attached to his property that followed, Howe requested Collection Due Process hearings with the IRS but failed to cooperate with the IRS in that process. (Dkt. 1 ¶¶ 60-1.)

Through a Real Estate Purchase and Sale Agreement ("Agreement") executed in September 2014, PHI bought a piece of property commonly referred to as "2099 Katka Road, Bonners Ferry, Idaho 83805[,]" the Subject Property. (Dkt. 1 ¶¶ 9-10.) The Agreement provided for a payment arrangement, which included, in part, a "promissory note in the sum of $170,000 with no interest, to be paid quarterly in the amount of $18,000." (Dkt. 1 ¶ 11.) Howe personally signed the Agreement and the promissory note

---

[3] This case is before the undersigned magistrate judge for all pre-trial matters pursuant to 28 U.S.C. § 636(b) and Chief District Judge Nye's Order of Reference, entered February 4, 2020. (Dkt. 27.) 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 authorize a magistrate judge to issue a report and recommendation for matters dispositive of a claim or defense of a party, and to enter orders in non-dispositive matters. A magistrate judge has jurisdiction to order non-dispositive Rule 11 sanctions. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990). Here, Howe is asking for withdrawal of the Complaint pursuant to Rule 11, which the Court construes as a request for dispositive relief.

[4] For purposes of deciding the motion to dismiss, all facts alleged in the Complaint are accepted as true. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

**REPORT AND RECOMMENDATION AND ORDER - 3**

"as a manager of PHI Development LLC," which shares the address of the Subject Property. On February 20, 2019, after all payments were completed under the promissory note, a Deed of Trust was recorded as fully conveyed. (Dkt 1, ¶¶ 15-16.) The Government alleges that Howe "made the $18,000 payments" on the promissory note "through an escrow agreement." (Dkt. 1 ¶ 14.) The Government also claims "[a]ll of PHI Development LLC's funds came from Mr. Howe personally" as the "sole member of PHI Development LLC." (Dkt. 1 ¶¶ 34-5.)

On October 17, 2016, the IRS filed a notice of a federal tax lien against Howe in Boundary County, Idaho, for unpaid federal tax liabilities for tax years 2003, 2004, 2006, 2011, 2012, and 2013. (Dkt. 1 ¶ 17.) On January 3, 2018, the IRS filed another notice of a federal tax lien against Howe in Boundary County, Idaho, for unpaid federal tax liabilities for tax years 2005, 2008, 2009, and 2010. (Dkt. 1 ¶ 18.) On March 5, 2018, the IRS filed a notice of a federal tax lien against PHI as the nominee of Howe for unpaid federal tax liabilities for tax years 2003, 2005, 2006, 2008, 2009, 2010, 2011, 2012, and 2013. (Dkt. 1 ¶ 19.) The Government asserts that Howe's tax liabilities, as of November 15, 2018, total $343,605.36, including interest and other statutory additions. (Dkt. 1 ¶ 26.) PHI was named as a defendant pursuant to 26 U.S.C. § 7403(b) on the basis that "any claim or interest in the Subject Property by [PHI] is fraudulent or nonexistent." (Dkt. 1, ¶ 51.)

The Government commenced this action pursuant to the authority granted in 26 U.S.C. §§ 7401 and 7403. The Government asserts five claims, seeking: (1) to reduce to judgment the federal tax assessments against Howe under 26 U.S.C. § 6303; (2) a

**REPORT AND RECOMMENDATION AND ORDER - 4**

judgment that PHI is the nominee or alter ego of Howe; (3) a judgment that the transfer of the Subject Property to PHI constitutes a fraudulent transfer under Idaho Code § 55-913(1)(a); (4) a judgment that the transfer of the Subject Property to PHI constitutes a fraudulent transfer under Idaho Code § 55-913(1)(b) or § 55-914; and (5) to foreclose federal tax liens and an order of judicial sale under 26 U.S.C. §§ 6321 and 6322.

## DISCUSSION

Howe argues that the Court lacks subject matter jurisdiction. He also contends the Government has committed fraud on the Court, because the Government is furthering a scheme by the IRS to "fabricate[] falsified paper documents to conceal the underlying digital fraud" in assessing tax liabilities for individuals who do not file tax returns. (Dkt. 11, at 1.)

The Government requests the Court deny the motion and order Howe to comply with Fed. R. Civ. P. 10 (and Fed. R. Civ. P. 12) by substantively answering the allegations in the Complaint. The Government emphasizes also that Howe does not challenge the sufficiency of the allegations in the Complaint. (Dkt. 15, at 1-2).

Because Howe is proceeding *pro se*, the Court construes his pleadings more liberally than formal pleadings drafted by lawyers. *Erickson v. Pardue*, 551 U.S. 89 (2007). In addition to addressing Howe's jurisdictional argument under Fed. R. Civ. P. 12(b)(1), the Court construes his motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**REPORT AND RECOMMENDATION AND ORDER - 5**

1.  **Motion to Dismiss**

    A.  **Subject Matter Jurisdiction**

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the Court to hear the claims presented to it. Federal courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction; they can adjudicate only those cases that the Constitution and Congress empower them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Because a federal court cannot waive a lack of subject matter jurisdiction, any party, including the Court itself, can raise the issue of jurisdiction at any time. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–595 (9th Cir. 1996). The burden of establishing the appropriateness of the Court's exercise of jurisdiction lies with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Subject matter jurisdiction can be established through federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction arises when a plaintiff's action arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. If both federal and state law claims are asserted, and the claims derive from a common nucleus of operative fact, the Court may exercise supplemental jurisdiction over those state law claims. 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966).

The Complaint cites several federal statutes as the bases for this Court's jurisdiction—specifically, 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403. Section 1340 grants federal courts jurisdiction over all civil actions "providing for internal revenue." 28 U.S.C. § 1340. Section 1345 confers federal district courts with

**REPORT AND RECOMMENDATION AND ORDER - 6**

subject matter jurisdiction over claims brought by the United States. *See* 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States…."). Section 7402(a) grants "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). And, section 7403 grants the district court with jurisdiction to preside over a case filed by the United States to enforce a lien where there has been a refusal or neglect to pay any tax. 26 U.S.C. § 7403(a).

    The Government's complaint sets forth multiple statutory bases for federal question jurisdiction. The state law claims seeking to invalidate the transfer of the Subject Property to PHI are related to the federal claims. Howe fails to articulate any reason why the Complaint should be dismissed for lack of jurisdiction under Rule 12(b)(1).[5] For these reasons, the undersigned will recommend that the motion to dismiss based on Howe's assertion that the Court lacks subject matter jurisdiction be denied.

    **B.    Failure to State a Claim**

    Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

---

[5] The Court determines only that it has subject matter jurisdiction, and is not deciding the matter on the merits.

**REPORT AND RECOMMENDATION AND ORDER - 7**

*Twombly*, 550 U.S. 554 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's claim for relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.

A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). When reviewing a motion to dismiss, the court must accept as true all nonconclusory, factual allegations made in the complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007), and draw all reasonable inferences in favor of the plaintiff. *Mohammed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

Howe challenges only the Government's authority to proceed on its federal claims. Accordingly, the Court limits its analysis under Rule 12(b)(6) to Claim One, which seeks to reduce to judgment the federal tax assessments against Howe pursuant to 26 U.S.C. § 6303; and Claim Five, which asserts that the Government has an enforceable federal tax lien for unpaid federal tax liabilities under 26 U.S.C. §§ 6321, 6322, and 6323, and the right to foreclosure under 26 U.S.C. § 7403.

**REPORT AND RECOMMENDATION AND ORDER - 8**

Howe's main argument is that the tax assessment scheme is fraudulent. He challenges the validity of the entire revenue collection process by arguing it is an orchestrated "record falsification program . . . to justify initiating the theft of my property." (Dkt. 11 at 1.) Such a frivolous argument is reflective of the tax-defier movement. "Tax defiers, or illegal tax protestors, are individuals who refuse to pay a tax claiming that the tax laws are unconstitutional or otherwise invalid." *United States v. Steiner*, No. 5:18CV1180, 2018 WL 4853324, at *2 (N.D. Ohio Sept. 27, 2018). Courts have consistently rejected the various arguments that tax defiers promote. *See e.g., Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). *United States v. Kahre*, No. CR 05-00121 DAE-RJJ, 2009 WL 10715478, at *2 (D. Nev. Feb. 26, 2009) (referring to "tax protester" to describe litigants who refuse to pay taxes based on their belief that the IRS is not a legitimate governmental agency).

Nonetheless, the Court will examine the Complaint with respect to Claims One and Five to ensure that adequate facts are set forth to state claims for relief, which in turn forms the basis for the Court's jurisdiction pursuant to 28 U.S.C. § 1332.

### (1) *Claim One – Federal Tax Assessments*

26 U.S.C. § 6303 requires the government to provide notice to "each person liable for [] unpaid tax, stating the amount and demanding payment thereof." 26 U.S.C. § 6303. Such notice shall be sent to a person's home, business, or sent by mail to the person's last known address. *Id*.

**REPORT AND RECOMMENDATION AND ORDER - 9**

An "assessment" is "essentially a bookkeeping notation" that is "made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls." *Laing v. United States*, 423 U.S. 161, 170 n. 13 (1976). In a tax-deficiency case, the Government bears the burden of proof which normally is satisfied by the introduction of certificates of assessment. *Bradford v. Commissioner*, 796 F.2d 303, 305 (9th Cir. 1986); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1985). "It is well established in tax law that an assessment is entitled to a legal presumption of correctness[.]" *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002).

Here, the Government's Complaint sets forth factual allegations that Howe was provided notices of unpaid tax liabilities. Compl. ¶ 22. The Complaint states the dates of each assessment and the amounts assessed, and indicates the IRS timely demanded payment of the assessed taxes. Compl. ¶ 23. The Complaint states also that Howe did not pay the assessments. Compl. ¶ 24.

Howe does not dispute the allegations in the Complaint. Rather, he challenges the validity of the entire revenue collection process by arguing that it is an orchestrated "record falsification program . . . to justify initiating the theft of my property." (Dkt. 11 at 1.) Howe's argument is unavailing and does not provide a basis upon which to dismiss Claim One.

      **(b)**    *Claim Five - Federal Tax Lien*

26 U.S.C. § 6321 states: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such

**REPORT AND RECOMMENDATION AND ORDER - 10**

person." 26 U.S.C. § 6321. This statute provides that the amount of a delinquent taxpayer's liability shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the taxpayer. Under 26 U.S.C. § 6322, a lien imposed under section 6321 arises at the time the assessment is made and continues until the liability is satisfied, or the lien is removed in accordance with federal law. A federal tax lien is perfected upon assessment and no further action needs to be taken. *U.S. v. McDermott*, 507 U.S. 447, 452–55 (1993). To preserve its lien priority with respect to real property, 26 U.S.C. § 6323(f) allows the Government to file notice of its lien in the office within the state in which the property subject to the lien is situated. 26 U.S.C. § 7403(c) entitles the Government to seek the remedy of foreclosure.

Based upon the statutory scheme, a claim asserting the right to foreclose a federal tax lien must allege facts setting forth: (1) the date the Government assessed the tax; (2) that the government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper state authority; and (3) that the Government seeks foreclosure of its federal tax lien. *See United States v. Toll*, No. 16-CV-60922, 2016 WL 4549689 at *2 (S.D. Fla. Sept. 1, 2016); *see also United States v. Blakeman*, 997 F.2d 1084, 1089 (5th Cir. 1992) (citing for the same proposition).

Here, the Government's Complaint contains factual allegations to support each of the elements required for a proper notice and assessment and to establish the validity and enforceability of the liens that attach when payment of tax is not made. The Complaint sets forth the following facts: the date of the assessments and amounts assessed, ¶ 22; demand for payment and non-payment of the same, ¶ 23; filing of a Notice of Federal

**REPORT AND RECOMMENDATION AND ORDER - 11**

Tax Lien with the County Clerk for Boundary County, Idaho, ¶¶ 17-19; and the Government's assertion that it seeks the remedy of foreclosure of real property to satisfy the tax liens, ¶ 92.

Other than Howe's frivolous assertion that the tax laws allowing the Government to levy assessments against individual taxpayers when there has been a refusal to pay tax constitute a scheme to defraud him, Howe has not articulated a reason why the Complaint should be dismissed. Contrary to Howe's assertion, the Internal Revenue Code authorizes the IRS to assess tax liability for individuals who do not file tax returns and authorizes the remedy of foreclosure to satisfy the same. *See U.S. v. Beeman*, No. 1:10-CV-237-SJM, 2011 WL 2601959, at *6 (W.D. Pa. June 30, 2011) ("Congress is constitutionally empowered to 'lay and collect taxes on incomes, from whatever source derived...,'" quoting U.S. Const. amend. XVI).

The Court therefore finds the Government has set forth sufficient facts to state a claim for relief under the statutes cited in the Complaint. The Court will recommend the motion to dismiss be denied.[6]

2.     **Rule 11 Motion for Sanctions and Request for Hearing**

Howe's Rule 11 Motion for Sanctions rehashes the same core argument in support of his motion to dismiss—that the Government's tax assessments constitute an institutionalized record falsification program, such that the Complaint is subject to

---

[6] The Court's recommendation does not determine the merits of the Government's claims, and is limited to a finding that the Government's claims can proceed.

**REPORT AND RECOMMENDATION AND ORDER - 12**

withdrawal as a sanction pursuant to Fed. R. Civ. P. 11. Howe asserts that the tax assessment notices he received, and set forth on Form 4340, are themselves fraudulent, and he seeks to "terminate the program." (Dkt. 20-2; 21.) Howe has requested a "show cause" hearing regarding his Rule 11 motion for sanctions, and he has renewed his request for appointment of counsel. (Dkt. 21.)

26 U.S.C. § 6203 authorizes an assessment to be "made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." Attached to Howe's motion for sanctions are Certificates of Assessments on Form 4340, which he claims to have received. (Dkt. 20-2.) These Certificates create a presumption that a summary record of assessment was validly executed and certified. *March v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003) (explaining that Certificates on Form 4340 "are presumptive proof of a valid assessment."); *see also United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002) (holding that a tax assessment is "entitled to a legal presumption of correctness[.]").

The Court therefore rejects Howe's argument that the Government is subject to sanctions under Fed. R. Civ. P. 11 and will recommend that the motion be denied. Accordingly, the Court will deny Howe's request for a hearing.

Howe has not presented any additional arguments to support his renewed request for appointment of counsel. For the reasons stated previously by the Court in its February 21, 2020 Order denying appointment of counsel (Dkt. 30), the renewed request will be denied as well.

**REPORT AND RECOMMENDATION AND ORDER - 13**

## CONCLUSION

Howe's arguments asserted in favor of dismissal of this action and in support of his motion for sanctions under Rule 11 are the kind of "'tax protester rhetoric and legalistic gibberish' that have been repeatedly rejected by the courts." *U.S. v. Beeman*, No. 1:10-CV-237-SJM, 2011 WL 2601959 at *7 (W.D. Pa. June 30, 2011) (quoting *Stouch v. Williams Hospitality Corp*., 22 F.Supp.2d 431, 434 (E.D. Pa. 1998) (dismissing pro se claims as frivolous)). For the reasons explained, the undersigned will recommend that the District Court deny the motion to dismiss and the related motion for sanctions. The Government has adequately plead a claim for relief for assessment of federal income tax liability and for foreclosure of its tax lien. The Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## RECOMMENDATION

**THEREFORE, IT IS HEREBY RECOMMENDED that**:

1) Defendant Howe's Motion to Dismiss for Failure to State a Claim (Dkt. 11) be **DENIED.**

2) Defendant Howe's Motion for Sanctions (Dkt. 20) be **DENIED.**

3) The Court order Howe to substantively answer the Complaint in accordance with Federal Rule of Civil Procedure 10(b) and 12(a)(4)(A) and (b).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 10, 2020

Honorable Candy W. Dale
United States Magistrate Judge

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant Howe's Motion for Hearing (Dkt. 21) is **DENIED.**

2) Defendant Howe's renewed request for appointment of counsel (Dkt. 21) is **DENIED**.

DATED: April 10, 2020

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION AND ORDER - 16**