UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 47)** |

## I. INTRODUCTION

On April 10, 2020, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") in this case. Dkt. 47. In her Report, Judge Dale recommended: (1) that Defendant Ebenezer Howe's Motion to Dismiss (Dkt. 11) be DENIED; (2) that Howe's Motion for Rule 11 Sanctions (Dkt. 20) be DENIED; and (3) that Howe file an Answer to the Complaint. *Id*. at 15.

Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the report and recommendation within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b).

On April 22, 2020, Howe timely filed objections to Judge Dale's Report. Dkt. 49. The Government responded. Dkt. 51. Howe filed a combined "Motion to Set Show Cause Hearing & Reply to Zuckerman['s] So-Called Response to Def's Objection to Magistrate's R&R." Dkts. 52, 53. In essence, Howe replied to the Government's response and

simultaneously moved for a "Show Cause Hearing" to argue against Judge Dale's Report. *Id*.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on Howe's objections without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court ADOPTS and AFFIRMS Judge Dale's Report in its entirety.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (cleaned up)[1]; *see also Wang v. Masaitis*, 416 F.3d 992, 1000 & n.13 (9th Cir. 2005).

### III. DISCUSSION

### A. HOWE'S OBJECTIONS TO JUDGE DALE'S R&R

The relevant background of this case is set forth in the Report (Dkt. 47, at 3-5) and the Court incorporates that background in full by reference here.

The Court has reviewed Howe's objections and finds each without merit. Howe's objections mirror his arguments throughout this case and generally fall into two categories. First, Howe continues to assert that this Court lacks jurisdiction to hear the Government's case against him. Second, Howe asserts that Plaintiff, or more specifically the Internal Revenue Service ("IRS") has failed—and/or continues to fail—to provide discovery as he deems fit. The Court will briefly address these general arguments.[2]

First, Howe hearkens to his long-standing argument that the Court does not have jurisdiction to adjudicate this case and argues that Judge Dale erred in the Report when she

---

[1] The parenthetical "cleaned up," while perhaps unfamiliar to some, is being used with increasing frequency to indicate that brackets, ellipses, footnote reference numbers, internal quotation marks, alterations, and/or citations have been omitted from a quotation. For an example of its use in a published opinion, see *Lu v. United* States, 921 F.3d 850, 860 (9th Cir. 2019) or *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017). For a more thorough discussion regarding the practicality of the parenthetical, see Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017).

[2] Inevitably, Howe will take issues with the Court's summary and/or efforts to group his arguments and claim that the Court failed to appreciate certain, specific arguments. The Court appreciates Howe's zeal in this case, however, that zeal must be tempered with the reality that even if the Court—Judge Dale or the undersigned—does things differently that Howe would like, such does not constitute an affront on Howe's rights. There is no requirement that a Judge address each and every argument raised by a party. The Court's duty is to interpret the law. Here, the Court has endeavored to distill Howe's various arguments down to salient legal principles in an effort to move this case towards resolution. Doing so does not diminish Howe's rights in any way.

"conflated the general federal-question jurisdiction of U.S. Courts with subject matter jurisdiction." Dkt. 49, at 7.  Howe misunderstands the law.

As the undersigned stated in a prior order: "this Court—that is to say the District of Idaho—has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1340 and 1345." Dkt. 45, at 4 (citing *United States v. Kollman*, 774 F.3d 592, 594 (9th Cir. 2014) (holding that district courts have jurisdiction over suits to reduce and foreclose federal tax assessments)).

Judge Dale expounded upon this further in her Report by noting that the United States filed this case pursuant to 26 U.S.C. § 7403(a), among other statutes. Section 7403 grants the district court jurisdiction to preside over any case filed by the United States to enforce a lien where there has been a refusal or neglect to pay any tax. Dkt. 47, at 6-7.

Judge Dale is correct. Howe is, in essence, a tax defier—he believes taxes are unjust and that the federal government cannot force him to pay taxes. While Howe is entitled to his opinion, he is not entitled to disobey the law. As Judge Dale correctly noted, Courts have rejected these arguments for decades. *Id*. at 9. Whether Howe agrees or not, the law is clear. The Government can require taxes of its citizens and can enforce those laws in federal court when individuals refuse to pay. The Court has now explained on multiple occasions that the Idaho Federal District Court is the proper forum for the Government to bring its case in an effort to collect the roughly $350,000 in tax liabilities Howe owes the Government. The Court has jurisdiction over this claim and will not address this argument further.

Second, Howe asserts that Judge Dale's Report is erroneous because she did not

ORDER ADOPTING REPORT AND RECOMMENDATION – 4

"order" the Government to "prove its complaint," order the Government to immediately turn over certain documents, or make substantive findings on particular pieces of evidence. *Id*. at 5, 6-7, 10-12. The Court has previously addressed this argument, noting that Howe is putting the cart before the horse. Dkt. 45, at 3, n.1. At this stage, the Government has simply filed a Complaint. Discovery will flesh out all relevant issues. All documents will be produced at the appropriate time, depositions may be taken, and the facts and arguments will become clearer. Judge Dale's abstention from these matters was not a "failure" that needs to be corrected, but rather an accurate approach given the posture of this case.

Turning to the broader issues—that is to say Judge Dale's substantive analysis of the various pending motions—the Court notes that it has reviewed the briefs of the parties, the arguments presented, and Judge Dale's Report (including all caselaw cited therein) and finds the Report accurate in its analysis and correct in its outcome.

Howe has not met his burden to establish that dismissal is proper under Federal Rule of Civil Procedure 12(b)(6). The Government's Complaint sets forth sufficient factual allegations to put Howe on notice of the claims against him. Each claim states a plausible claim for relief and may proceed.

Howe's argument in support of Rule 11 sanctions is wholly without merit. The purported basis for sanctions is Howe's generalized allegations that the Government's tax assessments are false, that the IRS forms served on him are fraudulent, and that the tax program should be "terminated." None of these arguments support sanctions. They are little more than Howe's continued objection to complying with federal law.

After conducting the requisite *de novo* review, the Court agrees with the Report's

recitation of the facts, determination of the applicable law, discussion of the applicable law, analysis, reasoning, and conclusions. For these reasons, the Court overrules Howe's objections, and adopts the Report in its entirety.

Finally, as noted, the Court does not find that a hearing is necessary on Howe's objections and will deny the request contained in his reply (Dkt. 53). *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

**B. HOWE'S STATUS REPORT (Dkt. 56)**

Separately, the Court must address Howe's Status Report/Update (Dkt. 54), filed on August 19, 2020, in which he indicates his intent to sue Judge Dale. As an "update," the Court need not take any action on this filing.[3] That said, the Court touches briefly on two principles.

First, "A judge is generally immune from a civil action for damages. The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (internal quotations and citations omitted).

Second, it appears that Howe's proposed complaint against Judge Dale was written by—or at the very least benefitted substantially from the assistance of—two individuals named Robert A. McNeil and Michael Ellis. These individuals are serial litigants who file

---

[3] In his reply (Dkt. 58) Howe again ask the Court to "notice" certain facts and order various remedies. The Court generally "takes notice" of Howe's arguments and references cited therein, but will not order, adjudicate, or opine on any said submissions. Howe also requests that this case be dismissed with prejudice or that the Court immediately provide counsel. Dkt. 58, at 8. As Howe has not established any basis for dismissal and is not entitled to counsel as a civil defendant, the Court DENIES both requests.

frivolous suits challenging (among other things) the jurisdiction of the IRS to assess and collect taxes. McNeil and Ellis are currently under an injunction prohibiting them from filing "further duplicative lawsuits." *Ellis v. Jackson*, 319 F. Supp. 3d 23, 33 (D.D.C. 2018), *reconsideration denied*, No. CV 16-2313 (TJK/GMH), 2020 WL 134864 (D.D.C. Jan. 13, 2020) (*citing* Order of Permanent Injunction, *Crumpacker v. Ciraolo–Klepper*, No. 16–cv–1053, ECF No. 44 (D.D.C. Apr. 19, 2017)). Howe is quick to point out that McNeil and Ellis have challenged that injunction and, furthermore, that they can help him because he does not reside in the District where the injunction was entered.

Howe is free to file suit against Judge Dale if he so chooses. The Court, however, notes that there is no basis for such suit. Judge Dale's orders in this case have all been accurate and in compliance with all applicable laws and statutes. Howe's personal disagreements with Judge Dale's various rulings—specifically and collectively—do not give rise to a lawsuit against her. The undersigned Judge has *independently* reviewed the record in this case—including Howe's briefs, legal citations, and arguments—and agrees with Judge Dale in all respects. There has been no malfeasance or violation of Howe's rights in this case. Judge Dale has been accurately performing her job.

The Court takes no position on the situation regarding McNeil and Ellis and/or who is writing Howe's pleadings in this case. The Court simply notes that 1) non-attorneys cannot represent a party in a lawsuit, and 2) frivolous lawsuits and pleadings will not be entertained by the Court.

Finally, Howe comments that the attorneys for the Government "make[] a mockery of justice and the Rule of Law" and "destroy[] . . . the separation of powers" in this case.

ORDER ADOPTING REPORT AND RECOMMENDATION – 7

Dkt. 58, at 8. The subject matter of this case, however, illustrates that it is Howe, and not the federal government, who has made a mockery of the legal system. Howe owes the IRS hundreds of thousands of dollars in taxes. Every citizen in the United States is subject to its tax laws and Howe is no exception. Howe's disagreements with these laws is, again, his prerogative. But ignoring the law is not. If he wishes the law changed, he can speak to his elected representatives or become engaged in the political process himself; he cannot simply disregard the law. Doing so is the mockery of the Rule of Law and justice system.

## IV. ORDER

1. The Report and Recommendation entered on April 10, 2020 (Dkt. 47), is ADOPTED IN ITS ENTIRETY.

2. Howe's Motion to Dismiss (Dkt. 11) is DENIED.

3. Howe's Motion for Rule 11 Sanctions (Dkt. 20) is DENIED.

4. Howe's Motion for a Show Cause Hearing (Dkt. 53) is DENIED.

5. Howe must Answer the Complaint in accordance with Federal Rule of Civil Procedure 10(b) and 12(a)(4)(A) and (b) WITHIN 30 DAYS OF THE DATE OF THIS ORDER.

DATED: September 23, 2020

David C. Nye
Chief U.S. District Court Judge