UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cv-00421-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court are Defendant Ebenezer Howe's Motion to Reconsider (Dkt. 60) and Motion to Dismiss (Dkt. 61). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on Howe's objections without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES both motions.

## II. BACKGROUND

On April 10, 2020, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") in this case. Dkt. 47. In her Report, Judge Dale recommended: (1) that Defendant Ebenezer Howe's Motion to Dismiss (Dkt. 11) be DENIED; (2) that Howe's Motion for Rule 11 Sanctions (Dkt. 20) be DENIED; and (3)

that Howe file an Answer to the Complaint. *Id*. at 15.

On April 22, 2020, Howe timely filed objections to Judge Dale's Report. Dkt. 49.

On September 23, 2020, the Court issued its Memorandum Decision and Order adopting Judge Dale's Report in its entirety and ordering Howe to answer the Complaint. Dkt. 59.

On October 6, 2020, Howe filed a Motion to Reconsider. Dkt. 60. This motion is directed at the Court's order adopting Judge Dale's Report. On October 21, 2020, Howe filed a Motion to Dismiss. Dkt. 61. The Court will address each in turn.

### III. ANALYSIS

#### A. Motion to Reconsider (Dkt. 60)

*1. Legal Standard*

Although Howe does not cite any legal standard to support revisiting or rescinding the Court's prior order, because he is asking the Court to review an interlocutory order, his request is governed by Federal Rule of Civil Procedure 54(b).

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943). *See also* Fed. R. Civ. P. 54(b), 60(b).

The Court, therefore, construes Howe' Motion as one brought pursuant to Rule 54(b), which allows an order to be revised at any time under the Court's inherent authority. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause

MEMORANDUM DECISION AND ORDER – 2

seen by it to be sufficient.")

While courts have the inherent authority to review interlocutory orders at any time prior to entry of final judgment, to determine the merits of a request to reconsider an interlocutory order, both this Court and district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59 reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

*2. Discussion*

In his prior objections to Judge Dale's Report, Howe outlined numerous objections. Dkt. 49. Many of Howe's objections overlapped with each other and/or contained similar legal principles. Many were simply frivolous. In an effort to be efficient, the Court began its decision by noting that Howe's arguments generally fell into two categories and that it would address those two categories of arguments rather than Howe's myriad claims. The

Court explained why it was doing this, but noted that "inevitably, Howe will take issues with the Court's summary and/or efforts to group his arguments and claim that the Court failed to appreciate certain, specific arguments." Dkt. 59, at 3 n.2. The Court explained that its efforts to group objections were not an "affront on Howe's rights" but reflected its efforts to "distill Howe's various arguments down to salient legal principles in an effort to move this case towards resolution." *Id.* The Court also noted that it was not its duty to "address each and every argument raised by a party." *Id.*

In his motion to reconsider, Howe outlines seven issues arising from the Courts prior order that must be addressed. Issues 1, 4, 5, and 6, focus on Howe's claims that the undersigned "ratified" Judge Dale's erroneous rulings and that these should be reconsidered. Then, as predicted, Howe asserts in issues 2, 3, and 7, that the undersigned impermissibly failed to appreciate and address each of his arguments in its prior ruling. The Court will address these two groups of arguments in turn.

a.  <u>Ratification of Judge Dale's Erroneous Rulings</u>

In its prior decision, the Court considered all of the arguments Howe now re-raises. Whether that was in a manner satisfactory to Howe will be addressed in the following paragraph, but the fact that Howe does not agree with the Court's conclusions is of little consequence because the purpose of reconsideration motions "is *not* to give an unhappy litigant one additional chance to sway the judge." *Garcia v. Bitter,* 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (emphasis in original); *accord Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of Rule 59(e) motion which "presented no arguments that had not already been raised in opposition to summary judgment");

*Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995) ("A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through—rightly or wrongly.") (cleaned up).

In her Report, Judge Dale analyzed all of Howe's arguments. The Court then analyzed Judge Dale's conclusions, Howe's objections, and the Government's responses. The Court then went back and considered the original briefing and motions that Judge Dale relied upon. Ultimately, the Court adopted Judge Dale's Report. Howe has not pointed to any of the enumerated reasons warranting reconsideration of these decisions. He has not presented new evidence and he does not claim there has been a change in intervening law. He does claim that there has been manifest injustice (although he does not use this term), but his arguments are unavailing. Howe simply claims the Court is wrong and essentially out to get him but offers nothing more than self-serving statements and incorrect interpretations of applicable law in support.

The arguments Howe puts forth here on reconsideration are the same frivolous arguments he has been proffering during the entire pendency of this case. These arguments will not be afforded any weight, and the Court will not revisit its prior findings. Judge Dale's decision remains accurate and valid, as does the Court's adoption of the same.

   b.   <u>Failure to Consider Every Argument</u>

Second and relatedly, Howe argues that the Court committed error because it did not address each and every argument he raised in opposition to Judge Dale's Report. Howe claims that the Court's duty was to review his objections *de novo* and that by grouping his arguments together, and/or not addressing some at all, the Court violated his Due Process

MEMORANDUM DECISION AND ORDER – 5

rights and obstructed his defense. Dkt. 60, at 4.

The legal phrase *de novo* means "from the beginning." *Choctaw Nation v. United States*, 119 U.S. 1, 30 (1886). In other words, a court reviewing *de novo* "freely consider[s] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (cleaned up). And while the Court reviews the matters anew, there is no requirement that the Court specifically address *in writing* each passing argument raised by a party. The Court noted in its prior Decision that it had reviewed all of Howe's objections. Dkt. 59, at 3. This is accurate. That the Court then decided some were worth mentioning and others were not was not a dereliction of its duties, but an organizational and economical choice. This choice did not impair or infringe on Howe's rights because the Court in fact reviewed *de novo* all claims in this case and *all* materials in the record as part of its review of Judge Dale's Report. The Court stands by its decision today and will not revisit or reconsider any of the arguments Howe re-raises in his Motion to Reconsider.

### 3. Conclusion

Howe has not submitted any new evidence to support his arguments for reconsideration, has not shown there was an intervening change in law requiring the Court to review its decision, and has not shown that the Court committed any manifest injustice or critical error in its analysis or reasoning. Accordingly, his motion to reconsider must be denied.

### B. Motion to Dismiss (Dkt. 61)

### 1. Legal Standard

When subject matter jurisdiction is challenged pursuant to Federal Rule of Civil

Procedure 12(b)(1), the party asserting jurisdiction bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual . . . .").

If the jurisdictional attack is facial, the challenger asserts that the allegations contained in a complaint are insufficient on their face to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering this type of jurisdictional attack, a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

2. *Discussion*

In this case, it appears Howe is making a facial challenge (alleging the Court does not have jurisdiction to adjudicate the matter) as well as a factual challenge (contending that the Government has committed fraud and/or does not have sufficient evidence to "prove" its case). The Court will *briefly* address both arguments.

In his Motion to Dismiss, Howe again asserts that this Court lacks jurisdiction to

MEMORANDUM DECISION AND ORDER – 7

adjudicate this case. Howe has propounded this argument throughout the pendency of this litigation. The Court has addressed it already numerous times. *See* Dkt. 45, at 4 (citing *United States v. Kollman*, 774 F.3d 592, 594 (9th Cir. 2014) (holding that district courts have jurisdiction over suits to reduce and foreclose federal tax assessments)); Dkt. 47, at 6-7 (noting that the United States filed this case pursuant to 26 U.S.C. § 7403(a), among other statutes, and that Section 7403 grants the district court jurisdiction to preside over any case filed by the United States to enforce a lien where there has been a refusal or neglect to pay any tax); Dkt. 59, at 4 (reviewing the numerous times the Court has explained its jurisdiction, finding *again* that is has jurisdiction, and noting that it will not address this argument again). Simply put, the Court has jurisdiction over this case. Howe's repeated arguments to the contrary are not based in fact or law.

Second, while it is clear Howe disagrees with the factual underpinnings of this suit, that does not divest the Court of jurisdiction. Nor does it require that the Government "prove" its case at this stage of the litigation. Howe has not even filed an Answer yet. Once that happens, discovery will occur. During that time period, each side will work towards unearthing evidence to "prove" its position. Finally, if the case makes it to trial, then the Government will need to prove its position. Howe's repeated requests for the Government to do so now are misplaced. Furthermore, they do not go towards the issue of jurisdiction.

Howe's Motion to Dismiss for lack of subject matter jurisdiction (Dkt. 62) is DENIED. The Court *will not* discuss this matter again. Unless and until Howe becomes aware of a substantially different legal argument as to why the Court does not have subject matter jurisdiction over this case, he is warned that any repeated arguments on this point

may result in sanctions.

As the Court previously noted, Howe is a tax-defier. It is apparent that his goal is to thwart the United States' lawful efforts to collect the hundreds of thousands of dollars it claims to be owed. Due to similar delaying efforts, Howe has avoided filing an Answer in this case for almost 13 months. The Court has afforded Howe numerous opportunities to comply with its orders and has entertained his numerous motions which further delay this case. At this point, however, the issues have been addressed, re-addressed, decided, affirmed, and re-decided. It is time to move on. Pursuant to Federal Rules of Civil Procedure 10(b) and 12(a)(4)(A) and (b), Howe must file his Answer to the Complaint on or before February 26, 2021. Failure to do so may result in sanctions and/or default judgment.

## IV. ORDER

1. Howe's Motion to Reconsider (Dkt. 60) is DENIED.

2. Howe's Motion to Dismiss (Dkt. 61) is DENIED.

3. Howe is ordered to Answer the Government's Complaint on or before February 26, 2021, or face sanctions.

DATED: January 26, 2021

David C. Nye
Chief U.S. District Court Judge