UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cv-00421-DCN-CWD |
| Plaintiff, | |
| v. | **ORDER**<br>**RE: Dkt. Nos. 84, 85, 88, 89** |
| EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC, | |
| Defendants. | |

Pending before the Court are Defendant Howe's motion to set aside default, motion to take judicial notice, Rule 56 motion for summary judgment, and motion to stay all deadlines. (Dkt. 84, 85, 88, and 89.)[1] Howe filed the instant motions after the Court ordered him to file an answer, issued a litigation order setting this matter for a telephonic scheduling conference on October 27, 2021, and directed the Clerk to enter default against PHI Development LLC, for nonappearance. (Dkt. 78, 83, 86.)

---

[1] Howe filed also a motion in opposition to participation by the magistrate judge and "withdrawal of consent." (Dkt. 90.) Because that motion challenges the District Court's order referring this matter to the undersigned for all pretrial matters, it will be considered by Chief District Judge David C. Nye. The undersigned notes, however, that Howe has requested the same relief multiple times, and each time, the presiding district judge has denied the request. (Dkt. 78, 64, 45.)

**ORDER - 1**

This matter has been pending since October 29, 2019, and the Court has yet to set deadlines governing this case because of Howe's continued attempts to stall, delay, obfuscate, and otherwise grind the wheels of justice to a halt.[2] The Court considered Howe's claims that this lawsuit should be dismissed for lack of subject matter jurisdiction, and issued several orders on the merits denying Howe's serial dismissal motions and other challenges to the Court's authority to hear this matter. (Dkt. 44, 47, 49, 64.) The repeated rejections of Howe's appeals of this Court's orders by the United States Court of Appeals for the Ninth Circuit prompted the Court's most recent order, entered August 2, 2021, and affirmed by Chief District Judge Nye on August 9, 2021, requiring Defendants to file an answer, warning Howe that filings not meeting the requirements of Fed. R. Civ. P. 8 would be summarily dismissed, and warning Howe that the failure to obtain counsel for PHI Development, LLC, of which he is the sole member, would result in the Clerk entering default against that entity without further notice. (Dkt. 75, 78.)

Since then, Howe has filed an answer; another appeal before the Ninth Circuit disputing this Court's authority; and a petition for certiorari to the United States Supreme Court to intervene in this lawsuit. (Dkt. 80, 82, 85.) It is in this context that the Court considers the latest attempts by Howe to thwart the Court's authority to set deadlines governing further proceedings pursuant to Fed. R. Civ. P. 16.

---

[2] The Court's previous efforts on February 3, 2020, to enter a litigation order were thwarted by Howe's ensuing motions filed with the Court and the Ninth Circuit claiming the Court lacked subject matter jurisdiction. Due to the constant barrage of motions, the Court has been unable to conduct a telephonic scheduling conference for the purpose of setting deadlines in this case. Now that Howe's appeals contesting the Court's subject matter jurisdiction have been adjudicated, the Court may proceed with entering a scheduling order.

ORDER  - 2

Starting with Howe's motion to set aside default, (Dkt. 84), the Court has repeatedly admonished Howe that PHI may appear in this Court only by an attorney of the bar of this Court or an attorney permitted to practice under the rules of the Court. (Dkt. 30, 47, 75.) Howe was advised that, if PHI did not appear and file an answer by the Court imposed deadline of August 20, 2021, the Court would treat the failure as a non-appearance and direct the Clerk to enter default pursuant to the Clerk's authority under Fed. R. Civ. P. 55(a). That is exactly what occurred. Now, Howe attempts to do the very thing the Court has explained he cannot do—he has filed a motion on behalf of PHI to set aside the Clerk's entry of default.[3] Regardless of the merits of the motion, Howe is prohibited from representing PHI's interests in this Court. Dist. Idaho Loc. Civ. R. 83.4. *See also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc*., 366 F.3d 972, 973-74 (9th Cir. 2004) (corporations and other entities may appear only through an attorney). An unrepresented entity is thus subject to the entry of default and default judgment pursuant to Fed. R. Civ. P. 55. *See Emp. Painters' Trust v. Ethan Enters., Inc*., 480 F.3d 993, 998 (9th Cir. 2007). Accordingly, the motion will be denied, on the grounds PHI has not properly appeared, and Howe cannot represent PHI to ask the Court to set aside the Clerk's order.

Howe's next motion asks the Court to take judicial notice of his filing for a writ of certiorari in the United States Supreme Court. (Dkt. 85.) He requests that the Supreme

---

[3] Contrary to Howe's characterization of the Clerk's entry of default, the Clerk did not enter a default judgment under Fed. R. Civ. P. 55(b)(1). Rather, the Clerk entered PHI's default pursuant to Fed. R. Civ. P. 55(a). To seek a judgment, the Government must adhere to the procedures set forth in Fed. R. Civ. P. 55(b).

ORDER  - 3

Court remove his pending appeal in Case No. 21-35682 from the Ninth Circuit. Fed. R.

Evid. 201 allows the Court to take judicial notice of "adjudicative facts," which are,

generally speaking, facts in issue or facts from which such facts may be inferred.

*Grayson v. Warden, Comm'r, Alabama DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017)

(citing 18 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE

§ 5103.3 (3d ed. 2016)). In other words, it is not proper for the Court to take notice of *any*

fact – only an adjudicative fact. The Court therefore duly notes, by virtue of the filing on

the docket, that Howe has filed a petition for writ of certiorari in the United States

Supreme Court. The motion to take judicial notice pursuant to Fed. R. Evid. 201 will

otherwise be denied.

Howe's third motion is filed pursuant to Fed. R. Civ. P. 56. (Dkt. 88.) Howe's

motion is premature. The Court has not set deadlines for the exchange of discovery, nor

has it set a deadline for the filing of dispositive motions. The Court therefore declines to

entertain a motion for summary judgment at this time, and will deny the motion without

prejudice on the grounds that it is premature. By its order, the Court makes no

adjudication regarding the merits of the motion, and therefore the Court's order is not

dispositive of any parties' claims or defenses.

Finally, that leaves Howe's fourth motion under consideration here, which

requests that the Court stay all deadlines until his motion for summary judgment is

adjudicated, and his petition for writ of certiorari to the United States Supreme Court is

resolved. (Dkt. 89.) Because the Court declines to entertain a motion for summary

judgment prior to entry of a scheduling order and the exchange of discovery, it will not

ORDER  - 4

stay all deadlines. The Court intends to proceed with the telephonic scheduling conference, which is long overdue.

The Court also declines to await a ruling from the United States Supreme Court regarding the Court's authority to refer this matter to the undersigned and to deny Howe's request to withdraw the order of reference. Review on a writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. Sup. Ct. Rule 10. This Court has no cause for concern that the order referring this matter to the undersigned pursuant to the District Court's authority under 28 U.S.C. § 636, and the orders denying Howe's numerous motions to withdraw the order of reference, call for an exercise of the Supreme Court's supervisory power. Nor has Howe presented good cause or other authority that would require the Court to stay further proceedings based upon the record before the Court. The motion will therefore be denied.

Given Howe's repeated attempts to disrupt the orderly course of these proceedings, and the numerous frivolous motions, the Court finds it necessary to invoke its inherent power to manage its affairs so as to achieve the orderly and expeditious disposition of the matter before it. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991). The Court has the inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process, or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* at 44 – 45. This includes imposition of attorney fees; dismissal of the lawsuit; or, potentially, for entry of a judgment of default should Howe fail to adhere to the Court's rules and orders. *Id*.

**ORDER - 5**

On September 29, 2021, the Court issued a litigation order and set this matter for a scheduling conference. (Dkt. 86.) Howe is therefore ordered to comply with the Court's litigation order, Fed. R. Civ. P. 16, and Dist. Idaho Loc. Civ. R. 16.1, which require him to meet and confer with opposing counsel to develop a litigation plan and a discovery plan. The parties' joint plans must be filed on or before **October 20, 2021**.

Failure to adhere to this Court's order and the applicable rules regarding the exchange of information prior to the telephonic scheduling conference, or failure to appear for the conference itself, may result in the imposition of sanctions, which may include an order to pay attorney fees; the issuance of a scheduling order without Howe's input; or both. In other words, a failure to cooperate will not prevent the Court from issuing a scheduling order. Fed. R. Civ. P. 1.

Further abuse of the judicial process will result in the imposition of appropriate sanctions, including dismissal or entry of a default judgment, as the case may be.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Motion to Set Aside Default (Dkt. 84) is **DENIED**.

2)      Motion to Take Judicial Notice (Dkt. 85) is **DENIED**.

3)      Rule 56 Motion for Summary Judgment (Dkt. 88) is **DENIED**, without

prejudice. The Court's order is not dispositive of any claims or defenses in

this matter, and does not preclude the later filing of a summary judgment

motion in accordance with the Court's litigation order governing further

proceedings in this matter, and the Federal Rules of Civil Procedure.

4)      Motion to Stay all Deadlines (Dkt. 89) is **DENIED**.

DATED: October 18, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge

ORDER  - 7