UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Ebenezer Howe's Opposition to Magistrate Participation and Withdrawal of Consent. Dkt. 90. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the request without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DISMISSES and DENIES Howe's request.

## II. DISCUSSION

In his present filing, Howe "provide[s] notice" that he "withdraw[s] [his] prior consent to any further participation of any magistrate in any aspect of this case, and

withdraw[s] any implied consent [he] may have given in the past to the participation of a magistrate." Dkt. 90, at 1.

It is no secret Howe does not approve of Judge Dale's rulings in this case or of her participation in general. Howe has raised similar arguments before. Dkts. 31, 76, 77. The Court has repeatedly rejected these arguments. Dkts. 45, 78.

The bottom line, however, is Howe's approval of Judge Dale's participation in this case is irrelevant. Judge Dale does not preside in this case. The undersigned does. However, as the Court has already explained to Howe—*see* Dkt. 45, at 4–5—pursuant to 28 U.S.C. § 636(b)(1), the undersigned has *referred* all matters in this case to Judge Dale for resolution and/or a report and recommendation. To reiterate, while Howe's consent would be necessary in order for Judge Dale to *preside* over this case, the Court can utilize the referral process as it sees fit—irrespective of the parties' opinions on the matter. *See id.* at 5 ("the Court does not need Howe's consent to refer this case to Judge Dale.").

Furthermore, the undersigned has reiterated on numerous occasions that Judge Dale is eminently qualified to handle the matters at issue in this case and has affirmed all of her recommendations to date as factually accurate and legally sound. Dkts. 45, 59, 64, 78.

The Court's patience is wanning. It has allowed Howe to file any motion or notice he sees fit. However, this is at least the third time Howe has requested Judge Dale's recusal. The Court will not entertain any further argument on this matter.

In like manner, the Court has—to the Government's detriment in most circumstances—allowed Howe numerous extensions, leniencies, and procedural courtesies as a pro se plaintiff. The Court has patiently waited while Howe's frivolous appeals have

worked their way through the system.[1] The Court will continue to allow Howe to utilize the legal system as appropriate and in accordance with established rules and procedures, however, the Court will also avail itself of its authority to manage its caseload.[2]

At the upcoming conference (*see* Dkt. 86) Howe is directed to follow the counsel of Judge Dale as her authority in this matter is not up for debate; to work with the Government to set appropriate deadlines; and to follow all applicable rules and procedures. Failure to follow directives of the Court (via Judge Dale) and/or efforts to continue to thwart the judicial process may result in sanctions or further action. *See,* e.g., *Allen v. Campbell*, 2021 WL 1239803, at *5 (D. Idaho Apr. 2, 2021) (divesting party of legal interest in various LLCs due to repeated failures to comply with Court orders and a general abuse of the legal system to delay and harass opponent).

The Court has entertained Howe's arguments each time he has brought a motion or request—even if repetitive. At this stage, however, the Court has made itself clear. The referral to Judge Dale in this case will not be revisited.

///

///

///

///

///

---

[1] All of Howe's appeals have been dismissed and/or closed. *See* Dkts. 43, 50, 70, 72.

[2] This case is nearly two years old, but has yet to even have a scheduling conference. Much of this is due to Howe's efforts to frustrate the legal process. The Government's interest in the outcome of this case is important. So too is the Court's mandate to ensure the prompt resolution of all actions. *See* Fed. R. Civ. P. 1. Howe's interests do not take precedent over all else.

MEMORANDUM DECISION AND ORDER – 3

## III. ORDER

1. Howe's Opposition and Withdrawal of Consent (Dkt. 90) is DISMISSED and DENIED.

DATED: October 18, 2021

_____
David C. Nye
Chief U.S. District Court Judge