UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>                Defendants. | Case No. 2:19-cv-00421-DCN-CWD<br><br>**ORDER** |

Before the Court is Ebenezer K. Howe IV's "Emergency Motion to Suspend/Terminate Discovery [Filed Under Duress, Court Lacks Jurisdiction], and the parties' proposed Discovery Plan. (Dkt. 109, 110.) The parties' proposed Joint Discovery Plan contains an opening statement from Mr. Howe indicating that he objects to discovery and believes he is entitled to certain documents and data from the Government, to which the Government objects. These matters are ripe for the Court's consideration, and will be decided on the record before the Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d).

ORDER - 1

1.   **Emergency Motion to Suspend Discovery**

In this motion, Mr. Howe renews his claims that the Court lacks subject matter jurisdiction because the Government is engaged in fraud, which is carried out by the Internal Revenue Service when it falsifies the tax records of United States citizens like himself who do not file income tax returns. He demands production of the underlying "IMF records" for each of the tax years at issue, which will purportedly prove the Government's fraudulent scheme, and he offers to terminate his defense of this case upon verification of these documents.

First, with respect to Mr. Howe's claim that the Court lacks jurisdiction, this issue has been adjudicated.[1] Based upon the factual allegations and claims set forth in the Government's complaint, the Court determined it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403. (Dkt. 47, 59.) The Court cautioned Mr. Howe that any filings renewing his meritless arguments that this Court lacks subject matter jurisdiction would be met with dismissal. (Dkt. 75.) Accordingly, the Court will not entertain further Mr. Howe's objections to these

---

[1] *See* Docket No. 47 (finding Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403); Docket No. 59 (order adopting report and recommendation, and entering final order denying motion to dismiss); Docket No. 64 (denying Howe's motion to reconsider ruling, and denying Howe's second motion to dismiss for lack of subject matter jurisdiction); Docket Nos. 71, 72 (Ninth Circuit Order and Mandate dismissing appeals of District Court's orders on motions to dismiss); Docket Nos. 75, 78 (ordering Defendants to file an answer); Docket No. 112 (denying Howe's petition for a writ of certiorari to the United States Supreme Court).

ORDER - 2

proceedings on the basis that the Court lacks subject matter jurisdiction, and his objection to proceeding with discovery premised on these grounds are **OVERRULED**.[2]

Second, Mr. Howe's request that the Court "suspend" discovery until his demand to the Government for production of "source code" is met is **DENIED**. That is not how discovery works. One party to a lawsuit may not hold another party hostage and demand production of documents as well as a court order preventing the opposing party from pursuing its case. The Court has entered a scheduling order, (Dkt. 101), and expects it to be followed pursuant to the Federal Rules of Civil Procedure governing discovery.

Accordingly, the Court declines to grant the relief requested in the Emergency Motion to Suspend Discovery, and the Motion is **DENIED** in its entirety.

**2.    Proposed Joint Discovery Plan**

The Court ordered the parties to meet and confer and file a joint discovery plan by November 12, 2021. The Court's order indicated that, if the parties are unable to agree on the terms of the discovery plan, the parties were to note the areas of disagreement and the Court would consider the disputed issues during a joint telephonic status conference. The parties submitted their proposed joint discovery plan on November 19, 2021. The Court has reviewed the parties' proposed Joint Discovery Plan, and notes this matter is set for a telephonic status conference on February 1, 2021, for the purpose of discussing the same.

First, the Court notes again Mr. Howe's renewed objection to these proceedings based upon the Court's purported lack of subject matter jurisdiction. He may not refuse to

---

[2] To the extent Mr. Howe wishes to present a <u>defense</u> to the Government's claims, he may do so. But the issue of the Court's subject matter jurisdiction is settled.

**ORDER - 3**

participate in the discovery process on this basis. The objection is therefore **OVERRULED**.

Second, Mr. Howe makes a renewed request for appointment of counsel. This request is not materially different than the request made for appointment of counsel back on December 12, 2019, which motion was denied. (Dkt. 12, 30.) Mr. Howe is at no greater disadvantage than others without legal training who attempt to represent themselves. For the same reasons set forth in the Court's February 21, 2020 Order denying the request for the appointment of counsel, the renewed request is **DENIED**.

The Court now turns to consideration of the areas of disagreement set forth in the parties' joint discovery plan.

### A.      Preservation

The parties disagree regarding the scope of preservation. Mr. Howe seeks the "source codes of IRS applications or programs," to which the Government objects, on the grounds that searching, reviewing, or producing source code would be disproportionate to the needs of the case and impose an undue burden. Mr. Howe contends the source code is relevant and material to his defense in this lawsuit, because it will reveal the extent to which the Internal Revenue Service manipulates its "Individual's Master File (IMF)" pertaining to him, and prove that the Government engages in a fraudulent scheme to manufacture records "to create the false appearance of a liability" which Mr. Howe denies is owed.

This case is about the attempt of Plaintiff, the United States of America, to collect certain taxes from Defendants. It is the Government's burden to prove, based upon its

**ORDER  - 4**

authority and the documents it does have, that it has the right to sue to collect these taxes. The relevance of "source code" in defending the claims made in this case by the Government is unclear. Further, promoters of IMF decoder schemes, which are peddled to tax defiers as a method to disprove tax liability, have been found fraudulent. *United States v. Standring*, No. 1:04-CV-730, 2006 WL 689116, at *10 (S.D. Ohio Mar. 15, 2006); *United States v. Kahn*, 2003 WL 23309466 (M.D.Fla.2003) (enjoining sale of IMF/BMF decoding package, among others, as "abusive tax schemes").

Nonetheless, the Court will resolve any issues related to discovery as they arise in accordance with its customary procedures.[3] The Government's objection is duly noted and preserved should it wish to raise objections to specific discovery requests propounded by Mr. Howe.

B. **Initial Disclosures.**

Mr. Howe objects to making initial disclosures, on the grounds that subject matter jurisdiction has not been established. Mr. Howe's objection is **OVERRULED** for the reasons expressed above and in the Court's previous orders. Initial disclosures pursuant to Fed. R. Civ. P. 26(a) **MUST** be exchanged by:

      Plaintiff: February 14, 2022

      Defendants: February 14, 2022

The failure to make any disclosure required by Fed. R. Civ. P. 26(a) by the above deadlines may result in sanctions pursuant to Fed. R. Civ. P. 37(a)(3)(A), and may

---

[3] *See* https://id.uscourts.gov/district/judges/dale/Discovery_Disputes.cfm.

ORDER - 5

subject the party to the sanctions set forth in Fed. R. Civ. P. 37(b)(2), which sanctions include rendering a default judgment against the disobedient party or treating the failure to obey the Court's order as contempt of court.

    C.  **Scope of Discovery and ESI File Format.**

  Mr. Howe seeks certain documents such as the "signed 23C Summary Record of Assessment," documents reflected in "IRS' Individual Master file," "source code," and other documents such as screen prints, IMF Cobol Source Code, AIMS Source Code, and the IMF Decoder Manual. The Government objects to the scope of discovery sought by Mr. Howe. Later in the proposed plan, the Government explains that it is able to produce "screen prints" or "screen shots" of much of the ESI Mr. Howe seeks, but it objects to producing "any source code in its entirety," on the grounds that the IRS's "source code has no bearing on Mr. Howe's income and it is not controlling on the issue of the tax liabilities at issue." The Government further contends that some of the information regarding source code standards, such as Internal Revenue Manual §2.5.3, are publicly available.

  Mr. Howe responds that he is seeking a "very narrow segment of the entire uncensored, fully disclosed source code relevant to IRS Code §§ 6014 and 6020." He intends to show that "IRS created the appearance of claimed deficiencies [he] owed by using computer procedures created to process elections by taxpayers for IRS to compute 1040A returns…." He further contends that the IRS's source code is relevant to his defense, because it will reveal the IRS falsified IMF records pertaining to him and the tax years in question.

**ORDER - 6**

At this juncture, the Court fails to see the relevance and proportionality of this area discovery. *See Harvey v. United States*, No. CV 15-00819-JJB-EWD, 2017 WL 5347592, at *5 (M.D. La. Nov. 13, 2017) (finding plaintiff's claims that the IRS records are invalid or that document codes entered into the plaintiff's IMF transcript do not correlate with associated transaction codes irrelevant to the Government's tax liability assessment claims). However, the Court will not foreclose discovery requests related to Mr. Howe's purported defense. Nonetheless, the Court declines to hold that the production of "relevant source code" is mandatory. The Court will resolve any issues related to discovery as they arise in accordance with its customary procedures. *See* https://id.uscourts.gov/district/judges/dale/Discovery_Disputes.cfm.

### D. Limits on Discovery

Mr. Howe objects to the limitation on interrogatories, contending there can be multiple questions per interrogatory. The parties have proposed 25 interrogatories per party. Fed. R. Civ. P. 33 permits each party to propound "no more than 25 written interrogatories, *including* all discrete subparts." (emphasis added). Parties may not evade the limitation on interrogatories by joining as "subparts" questions that seek information about discrete, separate subjects. Cmt. to Subdivision (a), 1993 Amendment. However, a question asking about communications of a particular type "should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." *Id.* Parties will be expected to adhere to Fed. R. Civ. P. 33. Any attempt to utilize interrogatories for the purpose of harassment

will be met with a court order disallowing the proposed discovery pursuant to Fed. R. Civ. P. 37. Mr. Howe's objection is therefore **OVERRULED**.

## ORDER

1. Defendant's Emergency Motion to Suspend/Terminate Discovery (Dkt. 109) is **DENIED** in its entirety.

2. Defendant's objection to participation in these proceedings on the purported ground that the Court lacks subject matter jurisdiction is **OVERRULED**.

3. Defendant's renewed request for appointment of counsel is **DENIED**.

4. The parties' proposed Joint Discovery Plan (Dkt. 110) is hereby **APPROVED**, as modified by the Court's rulings set forth herein. The parties are hereby **ORDERED** to proceed with discovery, and to comply with the Federal Rules of Civil Procedure and the Court's Order (Dkt. 101) regarding the same. All disputes regarding discovery, including objections to specific discovery requests, may be raised via motion in accordance with the Court's procedures for resolving discovery disputes.[4]

DATED: January 28, 2022

Candy W. Dale
Chief U.S. Magistrate Judge

---

[4] *See* https://id.uscourts.gov/district/judges/dale/Discovery_Disputes.cfm.

ORDER - 8