UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>Defendants. | Case No. 2:19-cv-00421-DCN-CWD<br><br>**ORDER** |

Before the Court is Ebenezer K. Howe IV's Renewed and Emergency Motion for Summary Judgment and to Set Date Certain for Government Response. (Dkt. 102.) This matter is ripe for the Court's consideration, and will be decided on the record before the Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d).

## BACKGROUND

On October 29, 2019, the Government commenced this action seeking to reduce to judgment certain outstanding federal tax assessments against Defendant Howe; to find that a parcel of real property located in Boundary County, Idaho, is held by Defendant PHI Development, LLC as a nominee or alter ego of Mr. Howe; to foreclose federal tax liens on the parcel of real property; and to sell the real property to distribute the proceeds

ORDER - 1

from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties. (Dkt. 1.)

Over the course of two years, Mr. Howe has engaged in tactics to delay these proceedings via serial motions to dismiss, appeals to the United States Court of Appeals for the Ninth Circuit, and most recently, to the United States Supreme Court. His appeals have been dismissed as meritless, and the Court ordered Defendants to file an answer. (Dkt. 75.) Following the Court's order on August 2, 2021, Mr. Howe requested the undersigned's removal from this case, which request the Court denied. (*See* Dkt. 76, 77, 78, 80, 90, 93, 104, 107, 108, 112, 111, 113.)

An answer was filed on August 20, 2021, and Howe's first motion for summary judgment was filed on October 12, 2021. (Dkt. 82, 88.) The Court summarily denied the motion for summary judgment on the grounds it was premature because the Court had not yet set deadlines, and no discovery had been exchanged. The Court therefore declined to entertain a motion for summary judgment, and denied the motion without prejudice. No adjudication was made on the merits. (Dkt. 91.) Howe objected to the Court's order. (Dkt. 94.) Chief District Judge David C. Nye overruled Howe's objection. (Dkt. 99.)

Thereafter, the Court conducted a scheduling conference and entered a scheduling order governing further proceedings. (Dkt. 100, 101.) Despite the Court's order, it appears discovery has not yet begun, as the parties submitted a joint discovery plan with several areas of disagreement requiring the Court's intervention. (Dkt. 110.) The Court issued an order resolving the disputes raised therein. (Dkt. 116.)

ORDER - 2

Howe filed the instant renewed and emergency motion for summary judgment on November 1, 2021. (Dkt. 102.) Howe also moved the Court to set an expedited response deadline to the motion. The Court did not set a response deadline, in effect declining Mr. Howe's demand that the Court "immediately set a date certain for the Government's response," and absent a court order, the Government did not respond.

In the motion, Howe claims he is entitled to summary judgment on all of the claims in the Complaint, based upon the following grounds:

1. The federal tax assessments may not be reduced to judgment on the grounds the Government falsified IRS records.

2. PHI Development LLC no longer exists, and was not created as a nominee or alter ego.

3. There was no fraudulent transfer of real property to PHI Development LLC under Idaho Code § 913(1)(a) because the Government falsified IRS records; PHI Development LLC was created for a lawful purpose; and PHI Development LLC no longer exists.

4. There was no fraudulent transfer under Idaho Code § 55-913(1)(b) or 55-914 because the Government cannot prove elements of its claim; and PHI Development LLC no longer exists.

5. The Government is not entitled to foreclose on its federal tax liens against the real property because the Government has falsified its records.

The motion is supported by an accompanying Statement of 38 Incontrovertible Material Facts. (Dkt. 102-1.) These facts consist of statements by Howe regarding his

**ORDER - 3**

beliefs and claims regarding the impropriety of the Government's tax assessments as they apply to non-filers. The facts are "verified" as "absolutely true and correct" by Michael B. Ellis and Robert A. McNeil.

The present motion before the Court does not appear to differ materially from the previous motion filed on October 12, 2021, and which was summarily dismissed by the Court. (Dkt. 88.)[1]

## DISCUSSION

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, a party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must set out specific facts showing a genuine issue for trial. *Id.* at 250; Fed. R. Civ. P. 56(c), (e). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] The same arguments were raised in the prior motion. The only apparent difference is that the statement of facts presently before the Court contains 38 "facts," while the prior statement of facts contained 37.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, a case will survive summary judgment only if there is a genuine dispute as to a material fact. Material facts are those "that might affect the outcome of the suit." *Id*. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party is entitled to summary judgment if the party shows that each material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

This case concerns a suit by the Government to collect certain taxes from Defendant. The Court has not been presented with any evidence at this stage of the proceedings which would establish the Government's claims as a matter of law or otherwise, as the Government has not filed a motion for summary judgment. Nor does it appear that discovery has begun. The Court therefore does not know what documents, evidence, or testimony the Government may or may not have in support of the claims set forth in the Complaint. In other words, the record does not contain any "material facts" in support of the Government's claims, and therefore no "dispute" regarding the same.

Rather, Howe attempts to defeat the Government's claims by presenting a motion asserting that his defenses, arguments, and "uncontroverted facts" preclude the Government's claims in their entirety. The Court has not been presented with a properly made and supported summary judgment motion.[2] Howe has not supported his "facts" with citations to materials in the record, depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). Thus, the Court does not know whether Howe's "facts" might affect the outcome of the case. That is the purpose for discovery. Mr. Howe's mere assertions that the Government cannot produce admissible evidence in support of its claims because it engages in a fraudulent tax scheme,[3] and his unsupported denials with respect to PHI Development LLC, are insufficient.

Thus, the Court cannot, and therefore declines to, rule on Howe's motion for summary judgment. Any future filings by Mr. Howe of a motion for summary judgment

---

[2] The Court dismissed Howe's first motion for summary judgment as premature because the Court had not set deadlines for the exchange of discovery or for the filing of dispositive motions. (Dkt. 91.) In overruling Howe's objection to the undersigned's order, Chief District Judge David C. Nye elaborated that, "without discovery, the Court cannot accurately rule on Howe's Motion." (Dkt. 99.) Howe asserts that, since the Court entered its scheduling order, the motion is no longer "premature" by virtue of the Court's earlier statement. However, the Court explained that courts frequently decline ruling on early motions for summary judgment until the discovery phase is complete. The Court has not been presented with any reason to depart from its prior rulings that it will not entertain a motion for summary judgment until after the parties are permitted to engage in discovery and thereby present a properly supported motion for summary judgment.

[3] Mr. Howe has not established personal knowledge of this supposed fraudulent tax scheme. The Court notes, however, that when presented with similar arguments, courts have dismissed them as frivolous. *See, e.g., United States v. Taylor*, No. CV 17-3030, 2018 WL 3416395, at *4 (E.D. Pa. July 13, 2018), *aff'd*, 757 F. App'x 194 (3d Cir. 2018); *United States v. Standring*, No. 1:04CV730, 2006 WL 689116, at *13 (S.D. Ohio Mar. 15, 2006) (enjoining defendant from promoting tax evasion scheme touting the decoding of Individual Master Files as a method to evade tax).

**ORDER - 6**

which are substantially similar in form and substance to the motion before the Court will be summarily denied without further comment from the Court.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendant's Renewed and Emergency Rule 56 Motion for Summary Judgment and to Set Date Certain for Government Response (Dkt. 102) is **DENIED**, without prejudice. The Court has not been presented with a properly made and supported summary judgment motion. The Court therefore declines to rule on the Motion, and this Order is not to be construed as a dispositive ruling on the merits of Defendant's defenses to the Government's claims.

**IT IS FURTHER ORDERED THAT** any future filings by Defendant Howe of a motion for summary judgment which are substantially similar in form and substance to the motion before the Court will be summarily denied without further comment from the Court.

DATED: January 28, 2022

Candy W. Dale
Chief U.S. Magistrate Judge

ORDER - 7