UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>                     Defendants. | Case No. 2:19-cv-00421-DCN-CWD<br><br>**ORDER** |

      The following motions filed by Defendant Howe are before the Court: (1) Motion to Judicially Notice Certain IRS Documentation and Records (Dkt. 123); (2) Motion to Compel Production or Dismiss (Discovery Status Update) (Dkt. 124); and (3) Motion to Judicially Notice the Ongoing Fabrication by IRS of Falsified Documentary Evidence (Dkt. 128). The motions will be denied.

      The two motions requesting the Court to judicially notice "certain IRS documentation and records" are not properly brought pursuant to Fed. R. Evid. 201. Pursuant to Rule 201, the Court "may judicially notice a fact that is not subject to reasonable dispute," either because it is (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources

ORDER - 1

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court can therefore "take judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendant Howe has moved the Court to take judicial notice of certain documents produced by the Government as part of its initial disclosures. He further requests that the Court judicially notice certain facts, which Howe contends constitute proof that IRS employees are engaged in misconduct and fabrication of evidence.

The Court declines to take judicial notice of any of the documents to determine the factual issues raised by Defendant Howe, because: (1) the documents have not been authenticated as government documents or matters of public record at this stage of the proceedings, as there is no dispositive motion before the Court supported by a declaration or affidavit of an individual with personal knowledge;[1] (2) even if the authenticity of the documents is clear, the Court cannot judicially notice the contents of the documents in the context of Howe's evidentiary arguments; and (3) the motion is premature. The motions will be denied without prejudice, as the Court may consider evidentiary objections in the context of any dispositive motion brought before the Court.

The motion to compel is similarly premature. It appears from the motion that Howe requested production of certain documents from the Government outside of a formal request for production of documents via email dated February 8, 2022. (Dkt. 124.)

---

[1] *See* Fed. R. Civ. P. 56(c)(2), (c)(4).

**ORDER - 2**

Nonetheless, the Government has construed the email as a request for production. (Dkt. 125.)[2] Having done so, Fed. R. Civ. P. 34(b)(2)(A) permits the Government up to thirty days to respond after being served with discovery requests. Accordingly, the motion is not only premature, but procedurally improper as the Government has not had an opportunity to respond to the discovery requests before Defendant Howe filed the motion to compel.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion To Judicially Notice, Per F.R.E. 201, Certain IRS Documentation & Records (Dkt. 123) is **DENIED without prejudice**.

2) Defendant's Motion To Compel Production Or Dismiss (Dkt. 124) is **DENIED as MOOT**.

3) Defendant's Motion To Judicially Notice, Per F.R.E. 201, The Ongoing Fabrication By IRS Of Falsified Documentary Evidence (Dkt. 128) is **DENIED without prejudice**.

DATED: March 03, 2022

Candy W. Dale
Chief U.S. Magistrate Judge

---

[2] Further, the Government represents that, on February 15, 2022, the United States produced documents in connection with its initial disclosures. (Dkt. 125.)