UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>  Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Ebenezer Howe's Motion to Amend/Correct Retract Thirteen Fabrications of Mag. Dale in Support of Government, or to Recuse. Dkt. 130. In short, Howe lists thirteen "fabrications" he believes United States Magistrate Judge Dale is guilty of that have assisted the Government in this case. *See generally id*. He then asks for Judge Dale to recuse herself.

Taking up the matters in reverse order, the Court notes it has *repeatedly* explained to Howe that Judge Dale does not preside over this case, the undersigned does. Dkts. 45, 78, 93. Howe's consent or approval is not necessary. The Court stated six months ago that Howe had already requested Judge Dale's recusal at least three times and that it would "not entertain any further argument on this matter." Dkt. 93, at 2.

That said, to reiterate: Judge Dale is imminently qualified to handle all matters referred to her. *Not once* has the undersigned overruled her findings or recommendations in this case. Her legal analysis is consistently sound, and her conclusions equitable.

MEMORANDUM DECISION AND ORDER – 1

What's more, the Court has thoroughly reviewed the record (again) and determined

that Howe has not shown the statutes governing disqualifications of judges, 28 U.S.C.

§§ 144[1] or 455[2]—or any case interpreting those sections—apply in this case. Howe's

---

[1] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[2] Section 455 provides as follows:

    (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

    (b) He shall also disqualify himself in the following circumstances:

        (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

        (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

        (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

        (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

        (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

            (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

            (ii) Is acting as a lawyer in the proceeding;

            (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

            (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

MEMORANDUM DECISION AND ORDER – 2

disagreements with Judge Dale and her rulings boil down to just that: disagreements. To be clear, Howe is welcome to respectfully disagree with anything Judge Dale or the undersigned does in this case. That said, mere disagreements with the Court's prior rulings are not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Relatedly, many of the thirteen matters Howe takes issue with are little more than quibbles with the phraseology Judge Dale used in various orders. Others are more substantive in nature, but again, none are the "product[] of deep-seated favoritism or antagonism that made fair judgment impossible." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004) (cleaned up).

The Court reminds Howe that in order to secure the "just, speedy, and inexpensive determination" of this action—something he clearly desires—he should focus his energy on faithfully completing discovery, not rehashing matters decided multiple times. *See* Fed. R. Civ. P. 1.

## ORDER

1.  Howe's Motion (Dkt. 130) is DENIED.

DATED: March 9, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 3