UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>Defendants. | Case No. 2:19-cv-00421-DCN-CWD<br><br>**ORDER** |

Before the Court are five motions filed by Defendant Howe. (Dkt. 132, 133, 138, 140, 141.) The Court has reviewed the motions, and finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d).

**1.      Discovery Motions – Docket Nos. 132, 133, and 138**

The first set of motions under consideration are discovery related motions: (1) Rule 37 Motion to Compel Certification/Authentication of "U.S. Response…" and Statements Made Therein by IRS Employee (Dkt. 132); (2) Motion to Set Immediate

**ORDER  - 1**

Hearing for Rule 37 Motion to Compel Certification…Of "U.S. Response…" (Dkt. 133); and (3) Second Rule 37 Motion, Now to Compel Production of IMF Source Code Documentation, with Sworn Declaration in Support (Dkt. 138). The Government has responded to the first Rule 37 motion, and Howe has filed a reply. (Dkt. 134, 139.) The motion is therefore ripe for review. In light of the Court's determination that the motions will be decided on the record without oral argument, the Motion to Set Immediate Hearing for Rule 37 Motion to Compel Certification…of "U.S. Response…" (Dkt. 133) will be denied.

Turning to the motion itself, Howe demands that the Government "authenticate" its responses to his first request for production of documents; "certify" the copy of the document the Government sent to Howe as a true and correct copy; identify the IRS employee who searched IRS records and assisted the Government with its response to Howe's requests for production; and secure from the IRS employee making the disclosures a "certification/authentication, under penalty of perjury, of the employee's personal knowledge of his search of the records…." In essence, Howe does not directly challenge any failure to respond. Rather, he seeks an affidavit or declaration from the Government regarding its search for documents responsive to the requests for production, and authentication of the documents produced. Howe represents that the Government has "refused to assist me to secure the authentication from the IRS employee…." (*See* Dkt. 132-3.) Howe therefore seeks court intervention to compel the Government to do so.

A review of the Government's response to Howe's first requests for production of documents (Dkt. 132-1) reveals compliance with Federal Rules of Civil Procedure 34 and

**ORDER - 2**

26(g). However, Rule 34 contains no "certification" or "authentication" requirement. Rule 26(g)(g)(1)(A), in turn, requires that every disclosure or discovery response "must be signed by at least one attorney of record in the attorney's own name…and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made…." Mr. Halasz, the attorney for the Government, signed the response, and provided the information required by Rule 26(g)(1)(A). By doing so, Mr. Halasz certified that the disclosure is complete and correct. Fed. R. Civ. P. 26(g)(1)(A). No further certification or authentication is required under the discovery rules. The motion will be denied.[1]

Howe's second motion to compel (Dkt. 138) has not yet been fully briefed. The Government's response to the motion is due by May 12, 2022. In this second discovery motion, Howe explains he "asked the Government to provide various identified documents related to IRS' IMF records…[and] nine specific segments of the human readable 'source code' documentation…." Howe contends that these documents constitute "the irrefutable evidence of the abuse by IRS of its digital procedures…", and constitutes the basis for his defense of this lawsuit that the IRS is engaged in a widespread record falsification scheme in order to initiate this lawsuit.

---

[1] The Government raised an additional argument in its response to Defendant Howe's motion, contending that the requests themselves were not propounded in conformance with the Federal Rules of Civil Procedure. However, the Government responded to the requests. Therefore, the Court declines to consider the Government's additional argument.

**ORDER - 3**

In response to Howe's requests for production of "human-readable 'source code' documentation,"[2] the Government objected to producing the information on the grounds that it is: (1) irrelevant to any claim or defense; (2) frivolous as a matter of law; (3) unduly broad and overly burdensome to produce; and, to the extent it is relevant, (4) duplicative of documents already produced. (Response to RFP No. 2, Dkt. 138-1.) The Government produced Forms 4340 for the tax periods at issue in response to the request, as well as copies of all but one of the substitutes for return prepared by the IRS pursuant to 26 U.S.C. § 6020(b). (Dkt. 138-1.)  The Government also directed Howe to information on IRS transaction codes, which is publicly available, and provided an internet link to the information. (Response to RFP No. 3).

According to Howe's motion to dismiss, the Government's responses to his requests for production of documents establish that "no documents exist justifying three key entries in the falsified IMF modules, the falsified Account Transcripts and the falsified Form 4340 Certificates fabricated for each year in question." (Dkt. 140 at 5.) Further, Howe contends that the Government's responses to his requests for production establish that the IRS has falsified IRS digital and paper records. (Dkt. 140 at 4.) Howe insists that the source code is necessary to "clinch [his] defense," but if the Government has already, according to Howe, admitted it manually entered information into the IRS digital record keeping system to reflect the submission of documents that allegedly do not

---

[2] Request Nos. 2, 3, 4, 5, and 7 of Defendant Howe's Second Requests for Production of Documents sought various "source code" documents and information. (Dkt. 138-1.)

**ORDER - 4**

exist, the source code will add nothing and is irrelevant to Howe's defense. The motion will be denied.

**2.     Motion to Dismiss and Motion to Proceed to Judgment – Docket Nos. 140, 141**

Howe has filed yet another Motion to Dismiss, (Dkt. 140), raising the same arguments previously raised and rejected by the Court. Attached to the motion are three exhibits[3] purportedly demonstrating that the IRS falsified digital and paper records reflecting documents that do not exist, and tax returns that were never prepared. Howe therefore insists dismissal of this lawsuit is "mandatory."

Later, Howe filed a "Motion to Proceed to Judgment," which raises the same arguments set forth in the earlier filed motion to dismiss. (Dkt. 141.) Howe concludes this motion with the following demand: "After delaying the just, speedy and inexpensive resolution of this fraudulent case for over two years, if the Hon. impartial Judges Dale and Nye fail to dismiss this outrageous case or refuse to rule on the question raised in my Motion to Dismiss (Doc. 140) by May 11, 2022, I will seek immediate appropriate relief." (Dkt. 141 at 4.)

The Court turns first to Howe's demand that the Court take action on his pending motion to dismiss by May 11, 2022. He asks that the Court rule on his motion to dismiss prior to the expiration of the twenty-one day period for the non-moving party to file a response to the motion prescribed by Dist. Idaho Loc. Civ. R. 7.1(c)(1).[4] The Court

---

[3] The exhibits attached to the motion consist of the following documents: (A) United States' Response to Defendant Howe's First Requests for Production of Documents; (B) IRS AMDISA 2011; (C) IRS Account Transcript 2011; and, (D) IRS Form 4340 2011. (Dkt. 140-1, 140-2, 140-3, and 140-4.)
[4] The Government's response is due May 16, 2022. A status conference is set for May 12, 2022. (Dkt. 137.)

**ORDER - 5**

construes Howe's request as one to shorten time. Fed. R. Civ. P. 6; Dist. Idaho Loc. Civ. R. 6.1. Local Rule 6.1 requires that good cause be shown to justify a court order shortening time. Here, Howe has not provided a satisfactory explanation for the need to shorten time, other than "delay," which has been self-induced by Howe's duplicative motions, frivolous appeals, and other filings demonstrating his intent on thwarting the legal process. *See* Mem. Dec. and Order, Jan. 31, 2022. (Dkt. 121.) *See also* Order, Jan. 28, 2022. (Dkt. 116.) Defendant Howe's request to shorten time will be denied.

Next, the Court addresses the relief requested in the Motion to Proceed to Judgment. (Dkt. 141.) As stated above, the arguments raised and the relief requested largely duplicates those set forth in the motion to dismiss. The motion raises no independent grounds for relief other than what is raised in the motion to dismiss. Further, it is procedurally improper, as the Court noted in its scheduling order that the filing of serial dispositive motions is not acceptable. (Dkt. 101.) Accordingly, the motion will be denied. The arguments raised in the Motion to Proceed to Judgment will be considered in conjunction with the motion to dismiss at the appropriate time.

Last, the Court has reviewed Howe's Motion to Dismiss. (Dkt. 140.) The Court's previous orders admonished Howe that future filings substantially similar in form and substance to previous motions raising claims unsupported by materials in the record or facts presented in a form that would be admissible in evidence would be summarily dismissed. *See, e.g.*, Order, Jan. 28, 2022. (Dkt. 117.) The Court also cautioned Howe that any filings renewing his meritless arguments that this Court lacks subject matter jurisdiction would be met with an order of dismissal without further explanation. (Dkt.

ORDER - 6

75.) Nonetheless, upon examination of Howe's latest motion to dismiss and the documents attached in support, including the Government's responses to Howe's requests for production, the Court will exercise its discretion to convert the motion to dismiss to a motion for summary judgment regarding Howe's defense to the Government's claims. Fed. R. Civ. P. 12(d).

The legal issue presented by Howe's motion follows: whether the IRS's manual entry of information to create a substitute tax return deprives the Government of standing to sue. Put another way, the legal issue presented by the motion, as framed by Howe, is whether the creation of IRS digital and paper records reflecting documents that Howe did not submit to the IRS, or tax returns that Howe did not prepare, constitutes falsification of records, thereby depriving the Government of standing and this Court of subject matter jurisdiction.

The Court will resolve this discrete legal issue, and will consider the documents attached to Defendant Howe's motion, as well as the Government's responses to Howe's requests for production and any other materials to be submitted or that are already in the record. Fed. R. Civ. P. 56(c). The parties are to follow the briefing schedule set forth in the Court's order, below.

ORDER - 7

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant Howe's Motion To Set Immediate Hearing For Rule 37 Motion To Compel Certification…Of "U.S. Response…," (Dkt. 133), is **DENIED**.

2) Defendant Howe's Rule 37 Motion To Compel Certification/Authentication Of "U.S. Response…" and Statements Made Therein by IRS Employee, (Dkt. 132), is **DENIED**.

3) Defendant Howe's Second Rule 37 Motion, Now To Compel Production Of IMF Source Code Documentation, (Dkt. 138), is **DENIED**.

4) Defendant Howe's Motion to Proceed to Judgment, and the request to shorten time, (Dkt. 141), is **DENIED**.

5) Defendant Howe's Motion to Dismiss, (Dkt. 140), is converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56. The following briefing schedule must be followed:

    a. Plaintiff has up through and including **June 2, 2022**, within which to submit a brief and evidence by declaration or affidavit.

    b. Defendant has up through and including **June 16, 2022**, to file a reply brief, and any additional evidence in support of or in response to Plaintiff's submissions.

    No exceptions will be made to the above briefing schedule without good cause shown, and express leave of the Court.

6) The Court's order does not stay discovery in this matter. The parties are hereby **ORDERED** to comply with the Court's previous scheduling order and the joint discovery plan, as approved by the Court. (Dkt. 101, 116.)

7) Consistent with the Court's scheduling order, if the Court's disposition of the motion before it fails to resolve the case, neither party is foreclosed from filing a later dispositive motion by the August 27, 2022, dispositive motion deadline. (Dkt. 101).

DATED: May 11, 2022

_____
Honorable Candy W. Dale
United States Magistrate Judge