UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>                    Defendants. | Case No. 2:19-cv-00421-DCN-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Twelve motions are currently pending before the Court, with all but one motion filed by Defendant Ebenezer K. Howe IV. (Dkt. 140, 144, 145, 156, 161, 163, 164, 167, 168, 170, 172, 175.) Two of the motions (Dkt. 145, 164) are before District Judge David C. Nye,[1] while the remainder have been referred to the undersigned pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Dkt. 27.) This Memorandum Decision and Order concerns

---

[1] Docket Nos. 145 and 164 were filed pursuant to Fed. R. Civ. P. 72(a), and object to the undersigned's orders at Docket No. 142, and Docket No. 159, as amended by 160.

**MEMORANDUM DECISION AND ORDER - 1**

Howe's discovery and other motions.[2] The Court issued a separate Report and

Recommendation concerning Howe's Motion to Dismiss for Lack of Jurisdiction, which

the Court converted to a motion for summary judgment, and the Government's Motion

for Judgment on the Pleadings as to Claim Two. (Dkt. 176.)

Five of the motions are not fully briefed given the Government has not yet filed a

response.[3] However, in an effort to secure the just, speedy, and inexpensive

determination of this action, the Court will consider all of the motions, including those

without a response from the Government. Fed. R. Civ. P. 1. Having reviewed the record

herein, the Court finds that the facts and legal arguments are adequately presented in the

briefs and record. Accordingly, in the interest of avoiding further delay,[4] and because the

Court conclusively finds that the decisional process would not be aided by oral argument,

the motions will be decided on the record before the Court. Dist. Idaho L. Rule 7.1(d).

For the reasons discussed below, the Court will deny the motions.

---

[2] These include: Motion for Sanctions Rule 11 (Dkt. 156); Rule 26 Motion for Leave to Propound Additional Interrogatories (Dkt. 161); Motion to Compel Production of Summary Records of Assessment (Dkt. 163); Motion to Strike Answers to Interrogatories and Appoint IRS Representative to Answer Interrogatories or be Deposed (Dkt. 167); Motion for Sanctions of Attorneys Halasz, Clark, and Hubbert (Dkt. 168); Motion for Extension of Time to Complete Discovery (Dkt. 170); and Motion for Leave to Enlarge Number of Documents Subject to Discovery. (Dkt. 172). After Howe's last filing, the Court ordered that no further motions may be filed until further notice. (Dkt. 173.) Nonetheless, Howe filed a motion to compel embedded within his supplemental reply brief filed in support of the motion to dismiss. (Dkt. 174, 175.)
[3] The deadline within which to file a response to Docket Nos. 167, 168, 170, 172, and 175 has not yet expired.
[4] The Complaint was filed on October 29, 2019. (Dkt. 1.) Howe has repeatedly filed motion after motion, as well as appeals to the United States Court of Appeals for the Ninth Circuit, causing delay in these proceedings. (*See, e.g.,* Docket No. 111, 113, 116, 121, 154.)

**BACKGROUND**

On October 29, 2019, the United States of America ("the Government") commenced this action against Ebenezer K. Howe IV ("Howe") and PHI Development LLC ("PHI") pursuant to 26 U.S.C. §§ 7401 and 7403, seeking, among other claims, to reduce to judgment outstanding federal tax assessments made by the Internal Revenue Service ("IRS") against Howe; to foreclose federal tax liens on real property titled in PHI's name; and to sell the real property so as to distribute the proceeds of the sale in accordance with the Court's findings concerning the validity and priority of the liens and claims of all parties. Compl. ¶ 1. (Dkt. 1.)

Throughout this lawsuit, Howe[5] has insisted that the IRS engages in the falsification of records against non-filers like himself. He claims that the IRS's electronic records falsely reflect that the agency received a 1040A return from him, which was then referred for examination on another claimed, but false date, and that the IRS then supposedly prepared a substitute income tax return on another claimed but false date, for each of the tax years in question mentioned in the Complaint. Howe claims that the Government falsifies digital and paper records reflecting documents that do not exist and that were never prepared by the taxpayer, thereby depriving the Government of standing and destroying the Court's subject matter jurisdiction. He asserts a complete defense to liability in this matter on this basis.

---

[5] Howe is proceeding pro se. PHI has never appeared in this matter, and the Court directed the Clerk to enter default against PHI for nonappearance. (Dkt. 74, 78, 83, 86.) After the Clerk entered default, Howe moved to set aside the default on behalf of PHI. (Dkt. 84.) The Court denied Howe's motion to set aside the Clerk's entry of default. (Dkt. 91.)

On April 25, 2022, Howe filed a third motion to dismiss. (Dkt. 140.) He supported the motion with documents he contends prove his defense that the IRS falsifies digital and paper records reelecting documents that do not exist, which in turn deprives the Government of standing and this Court of jurisdiction. The Court converted the motion to a motion for summary judgment. (Dkt. 142.) On August 10, 2022, the Court issued its report and recommendation concerning Howe's motion to dismiss. (Dkt. 176.) The Court explained that the actions of the IRS of which Howe complains, and which Howe claims constitute records falsification, are expressly authorized by statute, and that Howe may not maintain a defense to liability based upon his records falsification theory. The Court also found that, even if the premise was accepted, Howe presented no evidence of computer fraud to support his theory. The Court therefore recommended that Howe's motion be denied.

In this context, the Court considers Howe's motion for sanctions and discovery motions.

## DISCUSSION

### 1.    Motion for Sanctions – No. 156

Howe filed a motion requesting sanctions under Fed. R. Civ. P. 11 on June 20, 2022. The motion seeks sanctions against attorneys Tyler Halasz and David Hubbert, as well as former United States Attorney Rafael Gonzales. The motion seeks to "remove

Mr. Halasz' false complaint allegation[6] that a 'duly authorized delegate of the Secretary of the Treasury made timely federal tax assessments' on dates specified for each year in question," because "all involved attorneys are fully aware that no such assessments occurred on any dates shown in the IRS' falsified digital records concerning me,…or in the paper Account Transcripts or in the falsified and unsworn Forms 4340 Certifications concerning me for the same years."

In support of the motion for sanctions, Howe asserts the same argument raised in the motion to dismiss (Dkt. 140) that 26 U.S.C. § 6020(b) does not authorize preparation of substitute income tax returns. Howe claims that the Government's attorneys are:

> FULLY aware of the extensive digital and document fraud the IRS uses to enforce the income tax, in order to circumvent a.) the Commissioners' claims the income tax is voluntary, to circumvent b.) the IRS' lack of explicitly stated statutory authority to prepare substitute income tax returns, and to circumvent c.) the restrictions in the IRS' all-controlling Individual Master File software, built pursuant to the Commissioners' claims and the lack of enforcement authority, absent the filing by Americans of returns.

The Government filed an opposition to the motion. (Dkt. 171.)[7]

---

[6] This case is before the undersigned magistrate judge for all pre-trial matters pursuant to 28 U.S.C. § 636(b) and Chief District Judge Nye's Order of Reference, entered February 4, 2020. (Dkt. 27.) 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 authorize a magistrate judge to issue a report and recommendation for matters dispositive of a claim or defense of a party, and to enter orders in non-dispositive matters. A magistrate judge has jurisdiction to order non-dispositive Rule 11 sanctions. *Maisonville v. F2 America*, Inc., 902 F.2d 746, 748 (9th Cir. 1990). Here, Howe is asking for withdrawal of a single factual allegation in the Government's Complaint pursuant to Rule 11, which the Court construes as a request for non-dispositive relief.

[7] The Government's opposition was filed on July 27, 2022, after the deadline to do so expired on July 11, 2022. Regardless of the Government's untimely opposition, the Court retains the authority to grant or deny the motion on the merits. *See Chabot v. Chabot*, No. 4:11-CV-217-BLW, 2011 WL 5520927, at *10 (D. Idaho Nov. 14, 2011) (denying plaintiffs' request to deny the motion based upon the late-filed reply, noting the Court's interest in adjudicating motions on the merits.).

**MEMORANDUM DECISION AND ORDER - 5**

Fed. R. Civ. P. 11(b) provides that any pleading, written motion, or other paper signed by an attorney or unrepresented party constitutes a certification that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:…
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

Fed. R. Civ. P. 11(b). Rule 11(c) permits the Court, after notice and an opportunity to respond, to impose an appropriate sanction on an attorney, law firm, or party that has violated the rule. Under the plain language of the rule, when one party files a motion for sanctions, the Court must determine whether any provision of subdivision (b) has been violated. *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994).

Howe's motion for Rule 11 sanctions against the Government's attorneys and former United States Attorney Rafael Gonzales is without merit for the reasons stated in the Court's Report and Recommendation. (Dkt. 176.)  It does nothing more than parrot Howe's defense to liability in this matter, which the Court determined is foreclosed by existing law, in an attempt to remove a factual allegation from the complaint that the Government must prove as part of its prima facie case. As such, Howe attempts to circumvent Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. Further, the Court previously determined that the Government has adequately plead a claim for relief for assessment of federal income tax liability and for foreclosure of its tax liens. (Dkt. 47, 59.) Accordingly, the motion will be denied.

**MEMORANDUM DECISION AND ORDER  - 6**

**2.      Rule 26 Motion for Leave to Propound Additional Interrogatories – No. 161.**

On June 26, 2022, Howe propounded "Defendant's Sixth Request for Production Second Set of Interrogatories," setting forth 25 additional interrogatories[8] related to the production of the Individual Master File (IMF) records that the Government produced on June 24, 2022. (Dkt. 161-1.) Howe contends that the "contradictions between the IMF records and others previously provided appear to constitute case-dispositive material evidence" supporting his claims that he owes nothing to the IRS absent the falsification of IRS records, and that the IRS circumvented its lack of authority to prepare substitute income tax returns by engaging in computer fraud. He therefore claims that production of the IMF records justify the additional interrogatories. (Dkt. 161.)[9]

The Government filed an objection to the motion, on the grounds that the parties jointly proposed a limit of 25 interrogatories per party in their discovery plan, which the Court adopted, and that Fed. R. Civ. P. 33 expressly limits a party to 25 interrogatories. Fed. R. Civ. P. 33(a)(1).[10] The Government argues that Howe has not shown good cause to modify the scheduling order. The Government also noted that, if Howe contends the IMF records constitute conclusive proof of his affirmative defense, the need for further discovery is obviated. (Dkt. 165.)

---

[8] The Government responded to Defendant's First Interrogatories on July 17, 2022. (Dkt. 167-1.) Howe propounded 24 interrogatories.

[9] The Court's scheduling order required all fact discovery to be completed by July 27, 2022. (Dkt. 101.) The deadline for filing dispositive motions is August 27, 2022. (Dkt. 101.)

[10] Rule 33(a)(1) provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."

**MEMORANDUM DECISION AND ORDER  - 7**

Discovery in excess of the limitations imposed by Fed. R. Civ. P. 33(a)(1) requires that the discovery be "relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). The Court must limit the extent of discovery otherwise allowed by the rules if it determines that the discovery sought is unreasonably cumulative or duplicative; or the discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

In light of the Court's Report and Recommendation (Dkt. 176) finding that Howe's defense to liability fails as a matter of law, the Court will deny Howe's motion for leave to propound additional interrogatories. The Court must limit discovery if it finds that the discovery is outside the scope permitted by Rule 26(b)(1). Because the Court determined that Howe's defense, and his arguments in support of the same, fail as a matter of law, the proposed discovery is not relevant and is therefore outside the permissible scope of discovery.[11]

### 3.     Defendant's Rule 37 Motion to Compel Production of Summary Records of Assessment – No. 163

During discovery, Howe requested the "signed summary record of assessment, 'Additional Tax Assessed by Examination' (as reflected in each IMF as the date of the TC '300'" for tax years 2005-2006, and 2008-2013. (Dkt. 169-1.)[12] In response to Request for Production No. 4, the Government produced Form 4340 for each tax period

---

[11] The fact that the interrogatories exceed the limit imposed by Fed. R. Civ. P. 33(a)(1) constitutes an independent ground to deny the motion. Howe has not shown good cause to modify the Court's scheduling order, which order approved the parties' discovery plan.

[12] The Government provided a copy of its response to Request for Production No. 4, which requested "signed summary record of assessments" for the tax years identified in the Complaint, as well as copies of the documents the Government produced responsive to the request. (Dkt. 169-1, 169-3, 148-1, 148-2.)

requested, as well as the Account Transcripts corresponding to each tax year. The Government objected to producing additional documents on the grounds that a taxpayer is not entitled to a copy of the summary record of assessment[13] upon request, and that it gave Howe all he was entitled to pursuant to 26 U.S.C. § 6203. (Dkt. 169-1.)

Howe claims the Government has refused to provide the "signed summary record for each year" mentioned in the Complaint, a "requisite for a valid assessment mandated by law at 26 U.S.C. § 6203." Howe insists that the lack of a signature on the summary record of assessment is "case dispositive." He then requests that the Court take "notice" of irregularities in the dates on certain records, claiming that no events occurred on these dates and are therefore "wholly false." Accordingly, Howe claims that none of the Government's documents can be "accorded any presumption of regularity."

The Government responds that this is the first its heard of any discovery dispute regarding the Government's refusal to produce summary records of assessment. The Government requests the Court to deny the motion due to Howe's failure to engage in the Court's process for discovery disputes. Addressing the motion on the merits, the Government explains that it produced copies of Howe's substitute returns, statutory notices of deficiency, examination reports, Forms 4340, and account transcripts, but

---

[13] An IRS tax assessment is a bookkeeping entry made by the Internal Revenue Service when an IRS assessment officer signs a summary record of assessment, with supporting records describing the taxpayer's name and address, the character of the assessed liability, the taxable period, and the amount of the assessment. 26 C.F.R. § 301.6203-1; *March v. I.R.S.*, 335 F.3d 1186, 1187-88 (10th Cir. 2003). The record was formerly kept on a Form 23C, but is now kept electronically on a record called a RACS Report 006. *March*, 335 F.3d at 1188 (explaining that RACS Report 006 is generated on a computer and then signed by an assessment officer in accordance with 26 C.F.R. § 301.6203-1, and that Form 23C is now only used when a computer is unavailable).

MEMORANDUM DECISION AND ORDER  - 9

objected to producing additional documents, citing 26 U.S.C. § 6203 and *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993).

The Government contends that production of the summary records of assessment would be cumulative and not reasonably calculated to lead to the discovery of information relevant to the claims or defenses in this matter because Form 4340s already contain the requisite information specific to the taxpayer. *United States v. Bogart*, No. 12-CV-0347, 2014 WL 3385069 at *2 (M.D. Pa. July 9, 2014). The Government explains that, because a Form 4340 "is presumptive proof of a valid assessment, absent evidence to the contrary, a Certificate of Assessment is also sufficient evidence that a Form 23C summary record of assessment was duly signed." (Dkt. 169 at 3.) The Government explains that Howe seeks the summary records of assessment "on a roundly rejected theory that, if the IRS is unable to locate it, his assessments are invalid." (Dkt. 169 at 4.)

Finally, the Government contends that production of such documents would be unduly burdensome, as it would require the IRS to locate and retrieve the documents archived at a National Archive Center in the midst of a pandemic backlog. The Government asserts that it has provided Howe with all the documents necessary to contest the amount of the assessments made against him, and that the regulations require nothing more. 26 C.F.R. § 301.6203-1. (Dkt. 169 at 2.) The Government therefore requests that Howe's motion to compel be denied.

### A.    Applicable Law

Pursuant to Fed. R. Civ. P. 34, a party may request that another party produce designated documents in the other party's possession, custody, or control that concern

any matter within the scope of Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 34(a). Rule 26(b), in

turn, permits a party to "obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case

considering…" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need

not be admissible in evidence to be discoverable." *Id.* Rule 26(b) instructs also that the

Court, on motion or on its own, "must limit the frequency or extent of discovery

otherwise allowed by these rules…if it determines that: (i) the discovery sought is

unreasonably cumulative or duplicative…or (iii) the proposed discovery is outside the

scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(ii), (iii). Factors the Court

should consider in determining whether discovery is proportional to the needs of the case

include "the importance of the discovery in resolving the issues, and whether the burden

or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

26(b)(1).

Section 6203 of the Internal Revenue Code provides that an assessment of tax

"shall be made by recording the liability of the taxpayer in the office of the Secretary in

accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203.

Section 6203 also provides that "a copy of the record of assessment" must be furnished to

the taxpayer upon request. *Id*. In turn, Treasury Regulation § 301.6203-1 states that an

assessment is made "by an assessment officer signing the summary record of

assessment," and that the summary record, through supporting records, shall provide

"identification of the taxpayer, the character of the liability assessed, the taxable period, if

applicable, and the amount of the assessment." 26 C.F.R. § 301.6203-1 (emphasis added).

Section 301.6203-1 further specifies that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." *Id.*

### B.     Analysis

Howe invites the Court to refuse to afford the documents produced by the Government in discovery any presumption of regularity. This argument is not properly raised on a motion to compel. If Howe wishes to challenge the authenticity of any government document filed in support of a case dispositive motion, such as a motion for summary judgment, he may do so at that time.[14]

Turning to the merits of the motion, the Court finds Howe's motion to compel is not well taken and will be denied. First, production of the Form 4340s creates a presumption[15] that a summary record of assessment was validly executed and certified. *March*, 335 F.3d at 1188. *See also Farr v. United States*, 926 F.Supp. 147, 151 (D. Idaho 1996) ("[I]f generated under seal and signed by an IRS officer, the Form 4340 is admissible evidence to establish that an assessment was properly made."). Here, the Government provided Howe with certified copies of Form 4340, Certificate of

---

[14] Any challenge to the validity of the IRS documents that has not been addressed previously by this Court is better suited for a motion for summary judgment, not a motion to compel discovery. The Court has addressed the legal sufficiency of Howe's defense to liability in this matter based upon his records falsification theory, and found it to be without merit. (Report and Recommendation, Dkt. 176.)

[15] Form 4340 provides a rebuttable presumption that an assessment was actually and properly made. *United States v. Scott*, 290 F. Supp. 2d 1201, 1208 (S.D. Cal. 2003) (citing *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993)). Form 4340 is admissible as a public record. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). To rebut the presumption of correctness, the taxpayer has the burden of proving that the assessment is "arbitrary or erroneous." *United States v. Stonehill*, 702 F.2d 1288, 1294 (9th Cir. 1983) (quoting *Helvering v. Taylor*, 293 U.S. 507, 515 (1935)).

**MEMORANDUM DECISION AND ORDER - 12**

Assessments, Payments and Other Specified Matters, for tax years 2005, 2006, and 2008 – 2013. (Dkt. 148-1.) The United States Court of Appeals for the Ninth Circuit has determined that providing taxpayers with Form 4340 satisfies the requirements of 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1 because it provides "all of the information required under Treasury Regulation § 301.6203-1," in that it identifies the taxpayer, informs him of the liability assessed, the tax periods giving rise to the assessment, and the amount of the assessment. *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (finding that, "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed," and that production of Form 4340 sets forth all the information the regulation requires). Accordingly, the Government has complied with its production requirements under 26 U.S.C. § 6203 and 26 C.F.R. § 301-6203-1.

Second, because Form 4340 creates a presumption that a summary record of assessment was validly executed and certified, production of the actual summary record would neither add to nor detract from the parties' claims or defenses in this matter. In other words, the Forms 23C (or RAC 006), which are the bases for the creation of the Forms 4340, are not relevant to resolving the dispositive issues in this case, and their production would be unnecessarily cumulative and duplicative of documents already produced. *See United States v. Chila*, 871 F.2d 1015, 1017 (11th Cir. 1989) (explaining that a Certificate of Assessment is sufficient evidence that a Form 23C summary record of assessment was duly signed); *United States v. Townley*, 181 Fed. Appx. 630, 631 (9th

**MEMORANDUM DECISION AND ORDER  - 13**

Cir. 2006) (finding IRS did not err in failing to produce a 23C Assessment Certification – "a Form 4340 Certificate of Assessment and Payment, complete with an assessment date, is alone sufficient to establish that a tax assessment was properly made.").

Third, the Government raises the burdensome nature of producing the Forms 23C, because the Government represents it would need to locate and retrieve the documents archived at a National Archive Center in the midst of a pandemic backlog. In light of the Court's conclusions, above, that production of the Forms 23C would be cumulative and duplicative of documents already produced, and that the Government has complied with its production requirements under 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1, the Court finds the burden or expense of the proposed, additional discovery outweighs any benefit in light of the needs of the case and the relevant issues in this litigation. Howe's defense to liability premised on allegations that the Government engages in records falsification is vitiated by the Court's findings in the Report and Recommendation, thereby rendering the summary records of assessment irrelevant to Howe's defense.

Accordingly, the Court agrees that production of the "signed" summary records of assessment would be unreasonably cumulative, would not lead to the discovery of evidence relevant to any claim or defense, and would not be proportional to the needs of the case. The motion will be denied.

**4.      Defendant's Combined Motion to Strike Gov't Answers to My First Interrogatories and Motion to Allow Deposition of IRS Representative with Knowledge of its Record-Keeping Practices – No. 167**

On July 25, 2022, Howe filed the above titled motion which reiterates his defense to liability premised upon his allegation that the IRS lacks standing and the Court lacks subject matter jurisdiction because the agency is engaged in falsification of records. In this motion, Howe claims that the Government's attorneys have provided "false, misleading and deliberately incomplete answers" to Howe's first set of interrogatories. By doing so, Howe claims the attorneys have committed fraud upon the Court, and against him as a litigant. He therefore requests that the responses to the interrogatories be "stricken, and an IRS representative with actual knowledge of its record-keeping practices be made available for deposition, or to answer my Interrogatories correctly."

Howe explains that, in light of his claim that the Government is engaged in widespread records falsification, all of the Government's answers to interrogatories are false. For example, Howe asserts that entry of two transaction codes into the IRS AIMS database results in the automatic falsification of IRS Individual Master File records concerning him for each year. (Dkt. 167 at 2-3.) Accordingly, with respect to Interrogatory No. 11, Howe claims the answer is false because the response "refus[es] to agree that the codes automatically falsified each IMF in three ways, and enabled the IRS to fabricate paper documents derived from the falsified IMF, to reflect returns that do not exist, and events that never occurred." (Dkt. 167 at 4.) Howe explains how his "evidence" renders each answer to the interrogatories "false."

**MEMORANDUM DECISION AND ORDER  - 15**

Howe cannot prevail on a motion to strike by arguing the Government's answers to interrogatories do not comport with his purported defense to liability. By doing so, Howe improperly attempts to adjudicate the merits of his records falsification defense with this motion. However, the Court has determined that Howe's defense, premised upon his assertion that the IRS engages in a records falsification scheme, fails as a matter of law. (Dkt. 176.) Consequently, Howe's request to depose an IRS Representative is without merit and amounts to a fishing expedition. *See generally United States v. Upton*, No. 3:92-cv-00524-AWT, 1995 WL 264247, *2 (D. Conn. Jan. 26, 1995) (taxpayers engaged in fishing expedition in seeking to depose IRS employees who processed their file where valid tax assessments, along with interrogatory responses and supporting documents, had already been provided).

Accordingly, Howe's motion will be denied.

**5.    Defendant's Motion for Sanctions Pursuant to Inherent Power of Court or Rule 26 – No. 168**

On July 25, 2022, Howe filed yet another motion for sanctions accompanying his "Combined Motion to Strike," Docket 167. He again asserts his defense that "the IRS simultaneously destroyed its standing and the subject matter jurisdiction of the Court by falsifying every digital and paper record concerning me for each year in question, in a particular, invariable fashion." (Dkt. 168 at 1.) Based upon this assertion, he claims that the IRS uses its AIMS database to falsify its

> all-controlling Individual MASTER File (IMF) records concerning me for each year, to circumvent the Commissioner's concession the income tax "is 100% voluntary", and his concessions that 26 U.S.C. §6020(b) does

> NOT apply to income tax. As detailed in my Combined
> Motion to Strike Answers… filed contemporaneously with
> this Motion for Sanction, each IMF record was falsified to
> reflect A.) IRS' pretended receipt of 1040A returns from me
> on claimed but false dates, (even though IRS labels me a
> "non-filer"!), to reflect B.) IRS' pretended referral of the
> imaginary returns to the Examinations division on other
> claimed but false dates, and to reflect C.) IRS' supposed
> preparation of substitute income tax returns on yet other false
> claimed dates, when no such acts happened on any date, and
> no such documents exist.

Consequently, Howe claims that the Government's attorneys have provided "false,

misleading procedural claims" as "answers to [his] First Set of Interrogatories."

Howe's motion for sanctions (Dkt. 168) reasserts the same arguments set forth in

Howe's contemporaneously filed motion to strike. (Dkt. 167.) For the same reasons

discussed above, the motion for sanctions will be denied. Howe's affirmative defense was

considered and determined to lack merit as a matter of law. (Dkt. 176.) For the reasons

expressed throughout this memorandum, and for the reasons set forth in the Court's

Report and Recommendation, Howe's motion will be denied.

## 6.    Defendant's Motion to Reset Completion of Fact Discovery Date – No. 170

Howe moves for an extension of the July 27, 2022, fact discovery completion

deadline. He claims that there remain "multiple unresolved discovery issues, many

arising out of the Government's only recent production of the Individual Master File

records for each year…." Howe claims also that the Court's failure to rule on each and

every one of the preceding motions, including his motion to dismiss which seeks a

determination concerning his "defense, which is a threshold issue," requires suspension

of the date for completion of fact discovery "until all the pending discovery issues and procedural issues…have been resolved." (Dkt. 170 at 2-3.)

The Court issued a Report and Recommendation and resolved the outstanding discovery issues in this memorandum decision and order. Howe has not established that he is entitled to the relief sought in each and every one of his motions. Accordingly, Howe's motion will be denied. As the Government has not moved for an extension of the discovery deadline, no further discovery will be permitted or allowed.

**7.    Motion for Leave to Enlarge Number of Documents Subject to Discovery – No. 172**

Howe contends that the Government has refused to answer his Second Set of Interrogatories, obstructing his access to IRS representatives with knowledge of its record-keeping practices and "doing everything in [its] power to obstruct my access to evidence proving the IRS destroyed its standing and the subject matter jurisdiction of this Court by falsifying every digital and paper record concerning me for each year in question…."  He contends that several reasons support his request that the Court order the Government to respond to his second set of interrogatories, which reasons include: 1) he lacks counsel to represent him;[16] 2) he did not understand the complexity of discovery when he agreed to the limitations on the number of interrogatories set forth in the Discovery Plan;[17] and 3) the documentation supports his defense that the IRS destroyed its standing and the Court's subject matter jurisdiction by falsifying records concerning

---

[16] Howe's previous requests for appointment of counsel were considered and denied. (Dkt. 30, 47, 75, 116.)

[17] The Court explained that Howe "is at no substantial disadvantage because he lacks legal training as compared to other citizens representing themselves pro se in civil matters. His case does not appear exceptional." (Dkt. 30 at 4.)

**MEMORANDUM DECISION AND ORDER  - 18**

him. He requests that the Court "order the Government to produce every document [he] has requested post-haste."

The Court has already considered Howe's motion to compel which seeks the same relief as this latest motion. (Dkt. 161.) For the reasons stated above, the motion will be denied.

## 8.    Renewed Motion to Compel Production of AIMS & IMF Source Code Concerning Only 424/036 Dual Transactions – No. 174/175

Howe filed a supplemental reply in support of his motion to dismiss which contained also a motion to compel. He asserts again that the IRS has destroyed its standing to sue by using computer fraud to falsify records to initiate this lawsuit, which he argues divests the Court of subject-matter jurisdiction. He claims the Government has conceded they use certain transaction codes, entered into the AIMS database, which results in the falsification of certain records, which in turn form the basis for the Government's lawsuit. He requests the Court reconsider its previous order denying Howe's motion to compel production of the "unredacted human readable source code concerning the 424/036 transaction…."

Not only was the instant motion filed in violation of the Court's order prohibiting the filing of further motions,[18] the manner in which it was filed was in bad faith. (Dkt. 173, 174.) Presumably in an effort to skirt the Court's order, (Dkt. 173), Howe embedded the motion within his supplemental reply in support of his motion to dismiss. (Dkt. 174.) For this reason alone, the motion is denied. *See  Am. Unites for Kids v. Rousseau*, 985

---

[18] Because of the sheer number of motions Howe filed, the Court was constrained to issue an order prohibiting the filing of any new motions until further notice. (Dkt. 173.)

MEMORANDUM DECISION AND ORDER  - 19

F.3d 1075, 1090 (9th Cir. 2021) (court has inherent power to impose sanction for a willful violation of a court order).

Further, the Court finds no grounds upon which to reconsider its earlier order denying Howe's motion seeking source code. (Dkt. 142.) In Howe's earlier motion, Howe insisted the source code was necessary to "clinch [his] defense." (Dkt. 142.) However, the Court has determined that Howe's defense regarding the IRS's purported records falsification scheme fails as a matter of law. (Dkt. 176.) Thus, there is nothing to be gained by obtaining the "unredacted human readable source code" for which the transaction codes entered into the AIMS database were programmed. Consistent with the discussion of Howe's other discovery motions, the Court will deny this latest motion as well.

## CONCLUSION

The Court's report recommended that Howe's Motion to Dismiss, which the Court converted to a motion for summary judgment, be denied. (Dkt. 176.) The Court determined that Howe's defense, which is premised upon a claim that the IRS falsifies digital and paper records to reflect documents that do not exist, thereby depriving the Government of standing and this Court of subject matter jurisdiction, fails as a matter of law. All of Howe's discovery motions and motions seeking to impose sanctions on the Government's attorneys are grounded in this defense. Accordingly, as discussed above, Howe cannot establish that any of the discovery he seeks to compel falls within the scope of discovery allowed by Fed. R. Civ. P. 26(b), or that his claims constitute grounds to impose sanctions pursuant to Fed. R. Civ. P. 11(c).

**MEMORANDUM DECISION AND ORDER - 20**

No further discovery will be allowed in this matter, as the parties have had ample opportunity to conduct fact discovery relevant to the parties' claims and defenses. In addition, no further discovery motions will be permitted, as Howe has had a full opportunity to litigate his claims that additional discovery should be allowed and that sanctions should be imposed upon the Government's attorneys by way of the eight motions discussed above.

The Court's Report and Recommendation is presently before Judge Nye for further proceedings. (Dkt. 176.) The outcome of these proceedings may have an effect upon the issues raised in dispositive motions. The Court will therefore vacate the August 27, 2022, dispositive motion deadline. So as not to invite further delay, dispositive motions must be filed within 30 days of the Court's order on the Report and Recommendation.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)     Defendant's Motion for Sanctions (Dkt. 156) is **DENIED**.

2)     Defendant's Rule 26 Motion for Leave to Propound Additional Interrogatories (Dkt. 161) is **DENIED**.

3)     Defendant's Rule 37 Motion to Compel Production of Summary Records of Assessment (Dkt. 163) is **DENIED**.

4)     Defendant's Combined Motion to Strike Gov't Answers to My First Interrogatories and Motion to Allow Deposition of IRS Representative with Knowledge of its Record-Keeping Practices (Dkt. 167) is **DENIED**.

5)     Defendant's Motion for Sanctions Pursuant to Inherent Power of Court or Rule 26 (Dkt. 168) is **DENIED**.

6)     Defendant's Motion to Reset Completion of Fact Discovery Date (Dkt. 170) is **DENIED**.

7)     Defendant's Motion for Leave to Enlarge Number of Documents Subject to Discovery (Dkt. 172) is **DENIED**.

8)     Defendant's Renewed Limited Motion to Compel Production of AIMS & IMF Source Code Concerning Only 424/036 Dual Transactions (Dkt. 175) is **DENIED**.

9)     The August 27, 2022, deadline for filing dispositive motions is **VACATED**. Dispositive motions must be filed **within 30 days** of the Court's order on the Report and Recommendation.

DATED: August 10, 2022

Candy W. Dale
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 22**