UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>        Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are numerous motions that must be addressed. The history of those motions overlaps with other briefing and decisions; thus, the most straightforward way to address everything is chronologically.

On April 25, 2022, Defendant Ebenezer Howe filed a Motion to Dismiss. Dkt. 140. On May 20, 2022, Plaintiff United States (the "Government") filed a Motion for Judgment on the Pleadings. Dkt. 144.

On May 24, 2022, Defendant Ebenezer Howe filed a "Rule 72 Motion" objecting to one of Judge Dale's prior rulings. Dkt. 145. On July 4, 2022, Howe filed another "Rule 72 Motion" again challenging one of Judge Dale's orders. Dkt. 164.

During this same timeframe, Howe filed eight other motions related mostly to discovery issues. Dkts. 156, 161, 163, 163, 168, 170, 172, and 175.

On August 1, 2023, the undersigned ordered that all motion practice cease so that

the eleven motions pending at that time could be dealt with.

On August 10, 2022, Judge Dale issued two decisions. First, Judge Dale issued her Report and Recommendation ("R&R") regarding Howe's Motion to Dismiss and the Government's Motion for Judgment on the Pleadings. Dkt. 176. Therein, Judge Dale recommends that Howe's Motion to Dismiss be denied and the Government's Motion for Judgment on the Pleadings be granted. *Id*. Second, Judge Dale issued a decision denying Howe's eight discovery motions. Dkt. 177.

On August 23, 2022, the undersigned issued a decision denying and overruling Howe's objections to Judge Dale's prior orders. Dkt. 177.

Also on August 23, 2022, Howe filed his objections to Judge Dale's R&R regarding his Motion to Dismiss and the Government's Motion for Judgement on the Pleadings. Dkt. 180.

On August 24, 2022, Howe filed an objection to Judge Dale's order denying his eight discovery motions. Dkt. 182.

On August 31, 2022, Howe filed Motion for Reconsideration of the undersigned's Order denying and overruling his objections to Judge Dale's orders. Dkt. 183.

On September 15, 2022, the Government filed its response to Howe's Objections to Judge Dale's R&R. Dkt. 187. Howe replied.[1] Dkt. 188.

On September 22, 2022, the Government responded to Howe's Motion to

---

[1] A reply to objections is not contemplated for in the local rules. *See* Dist. Idaho Loc. Civ. R. 72.1(b)(2). Nevertheless, the Court will consider Howe's reply *as it relates to objections previously raised* and give it the weight it deems appropriate. The Court will not consider new (or expanded) arguments that the Government was not afforded an opportunity to respond to.

Reconsider (Dkt. 189) and Howe replied (Dkt. 190).

On November 27, 2022, Howe filed a Motion for Leave to File and Motion to Certify two Questions. Dkt. 191. The Government elected not to respond.[2]

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Each motion will be addressed below.

## II. ANALYSIS

### A. Howe's Objection to Judge Dale's Report and Recommendation (Dkt. 176)

1. Introduction and Background

While the Court has outlined the factual background of this case in other decisions, a brief recitation here is helpful for context.

This is a tax case. The Government alleges that the Internal Revenue Service ("IRS") issued timely federal tax assessments against Howe for unpaid federal income taxes for tax years 2005 and 2006, and 2008 through 2013. After receiving the notices, Howe requested Collection Due Process hearings with the IRS but failed to cooperate during the process.

In September 2014, PHI Development, LLC ("PHI"), an entity whose sole member is Howe, bought a piece of property in Bonner's Ferry, Idaho. The Real Estate Purchase

---

[2] While this motion is referred to Judge Dale by virtue of the Court's prior referral order (*see* Dkt. 27), the undersigned will address the matters therein as they are related to the other motions at issue.

and Sale Agreement (the "Agreement") provided for a payment arrangement, which included, in part, a "promissory note in the sum of $170,000 with no interest, to be paid quarterly in the amount of $18,000." Dkt. 1, ¶ 11. Howe personally signed the Agreement and the promissory note "as a manager of PHI Development LLC," which, somewhat ironically, shares the same address as the property itself. On February 20, 2019, after all payments were completed under the promissory note, a Deed of Trust was recorded as fully conveyed. *Id*. at ¶¶ 15-16. The Government alleges that Howe "made the $18,000 payments" on the promissory note "through an escrow agreement" and that "[a]ll of PHI Development LLC's funds came from Mr. Howe personally" as the "sole member of PHI Development LLC." *Id*. ¶¶ 34-5.

The Government subsequently filed tax liens against Howe in 2016 and again in 2018.

On October 29, 2019, the Government commenced this action pursuant to its authority under 26 U.S.C. §§ 7401 and 7403 against Howe and PHI. Howe is proceeding pro se. PHI has never appeared in this matter, and the Court directed the Clerk to enter default against PHI for nonappearance. Dkts. 74, 78, 83, 86. After the Clerk entered default, Howe moved to set aside the default on behalf of PHI. Dkt. 84. The Court denied Howe's motion. Dkt. 91.

Ultimately, the Government asserts five causes of action in this case. These causes of action seek: (1) to reduce to judgment the federal tax assessments against Howe under 26 U.S.C. § 6303; (2) a declaratory judgment that PHI is the nominee or alter ego of Howe; (3) a judgment that the transfer of the Subject Property to PHI constitutes a fraudulent

MEMORANDUM DECISION AND ORDER – 4

transfer under Idaho Code § 55-913(1)(a); (4) a judgment that the transfer of the Subject Property to PHI constitutes a fraudulent transfer under Idaho Code § 55-913(1)(b) or § 55-914; and (5) to foreclose federal tax liens and an order of judicial sale under 26 U.S.C. §§ 6321 and 6322.

After almost two years—and pursuant to orders by Judge Dale and the undersigned—Howe finally filed an answer. Dkt. 82. Howe's defense to the Government's claims is that no tax deficiency exists because the IRS has "falsified its records for each year in question to reflect that [Howe] supposedly filed a 1040A return, and that the IRS supposedly prepared a substitute income tax return for each year. No such documents exist." Dkt. 82, at 3. Howe asserts the IRS engaged in the falsification of its electronic records to enable it to enter deficiency amounts for each year, and absent that "digital fraud, [Howe] owe[s] no deficiency or liability to the Treasury." *Id*. Howe claims that, "in the absence of lawful evidence that a deficiency exists, and that a proper assessment was made, the 'notices of lien' filed against [Howe] are the very definition of 'fraudulent liens.'" *Id*.

With regard to PHI, Howe declared that "PHI Development LLC has been or will be dissolved at the time of this filing . . ." Dkt. 82, at ¶¶ 4–6, 10–16, 28–29, 31– 37, 40, 48, 50–52, 57, 59, 63, 75–76, 78–84. In response to the allegation in the Complaint that the United States "is entitled to a determination that the Subject Property is deemed to be solely the property of Mr. Howe," (Dkt. 1, ¶ 52), Howe answered: "Moot. PHI Development LLC has been or will be dissolved, at the time of this filing. I own the property." Dkt. 82, at ¶ 52.

In his Motion to Dismiss—which Judge Dale converted into a Motion for Summary

Judgment (with notice and additional briefing)—Howe alleges that the Government lacks standing under Federal Rule of Civil Procedure 12(b)(1) to bring this case against him because it falsified the records it now uses to support his case. This purported "falsification" serves as the basis for Howe's argument that the Government did not have "clean hands" when it brought this case.

In its Motion for Judgment on the Pleadings, the Government requests judgment as to Claim Two of the Complaint which seeks a declaratory judgment that PHI is the nominee or alter ego of Howe. In support of its claim, the Government alleges that Howe, not PHI, maintains dominion and control over the property and points to Howe's statements made under penalty of perjury that PHI has been dissolved, and that he "own[s] the property." Dkt. 82, at ¶¶ 4–6, 10–16, 28–29, 31–37, 40, 48, 50–52, 57, 59, 63, 75–76, 78–84.

On August 10, 2022, Judge Dale issued her R&R on these two motions. Dkt. 176. Judge Dale analyzed the parties' arguments in a detailed 30-page decision. Ultimately, Judge Dale determined that Howe's "records falsification defense" and "clean hands defense" both failed as a matter of law and that the Government has standing to bring its claims. Judge Dale also found—based upon Howe's own admissions—that PHI is Howe's alter ego. She then recommended that the undersigned deny Howe's Motion to Dismiss and grant the Government's Motion for Judgment on the pleadings.

Judge Dale provided the parties the statutory time in which to object. *Id*. Howe availed himself of the opportunity, the Government responded, and Howe replied.[3] The

---

[3] Which, again, is not allowed. *See infra* footnote 1.

matter is now ripe for the Court's review.

### 2.   Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." When a party objects to a report and recommendation, the District Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. . . . to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (cleaned up); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

### 3.   Discussion

In his objection to Judge Dale's R&R, Howe asserts fourteen "errors" that he alleges must be overturned. The Court will address each in turn.

Summarily, the Court finds all objections lack merit. Each is overruled. As the Court has noted before, an overarching theme to Howe's objections is his general disagreement with Judge Dale's rulings. He disagrees with the outcomes—as opposed to any substantive analysis—or how Judge Dale phrased something or described his position. But Howe needs more than mere disagreement to overcome his burden.

MEMORANDUM DECISION AND ORDER – 7

In addition, the Court, not Howe, decides what the law is. It is clear Howe disagrees with the Court on certain issues—such as standing. His opinion, however, is irrelevant. And he cannot raise his personal, subjective, un-adorned (and simply wrong) opinion in support of his request to overturn Judge Dale's findings.

a. "Dale tacitly recommends Judge Nye defy, as does she, binding Ninth Circuit and Supreme Court precedent applying the Clean Hands Doctrine to the affirmative acts of Government misconduct, such as those committed to initiate this case."

Howe begins by arguing that Judge Dale "knows, or should have known, that under certain circumstances the Clean Hands Doctrine *can* be applied to the Government." Dkt. 180, at 7 (emphasis in original). Howe cites to numerous cases wherein Courts explained that the doctrine of clean hands applies to government actors. While this is accurate—that under *certain circumstances* this defense is applicable—Howe ignores other cases that clarify this specific defense is not available in tax cases such as this. Judge Dale cited those cases then correctly explained that the doctrine of clean hands only applies when the Court sits in equity. Where, as here, the claims deal with tax assessments, the Court analyzes the claim as a legal right, not in equity. As Judge Dale aptly noted: "If the Court permitted the assertion of an equitable defense here, it would hinder government enforcement of federal tax law and policy." Dkt. 176, at 23.

The undersigned has done an exhaustive search for legal authority supporting Howe's position and agrees with Judge Dale and other District Courts within the Ninth Circuit that there are not "any decisions supporting the applicability of such defenses [bad faith and unclean hands] to an action by the IRS to reduce tax assessments to judgment."

*United States v. Denkers*, 2010 WL 1267063, at \*4 (N.D. Cal. Mar. 29, 2010). Furthermore, there is no indication that "'unclean hands' can rebut the presumptive *correctness* of a tax deficiency determination." *Id. See also United States v. S. California Permanente Med. Grp.*, 2010 WL 11459904, at \*9 (C.D. Cal. Aug. 19, 2010) (holding that "unclean hands may not be asserted . . . to defeat [an IRS] enforcement action").

Judge Dale's analysis is sound. The Court adopts her R&R in full as to this issue. The doctrine of unclean hands is not available to Howe under the circumstances of this case. Howe's first objection is overruled.

b.  <u>"Dale refused to adjudicate my defense, set forth above and repeatedly elsewhere."</u>

Howe next claims that Judge Dale "left unmentioned, other than in an inchoate, disrespectful two sentence footnote, that factual core of my defense, that the IRS' entry in AIMS of the dual code transaction, 424/036 automatically falsified every Master file digital record concerning me for every year in question . . . ." Dkt. 180, at 10. This is patently false.

Judge Dale noted that Howe's argument was that the IRS was using "the AIMS database to repeatedly falsify EACH Individual Master File record concerning me for each year in question." Dkt. 176, at 7 (citing Dkt. 140, at 1). Judge Dale went on to summarize Howe's argument regarding AIMS (*Id.* at 8–9), his response regarding AIMS (*Id.* at 10) and then fully analyzed his argument for seven pages (*Id.* at 14–21). It is true she only specifically referenced *the source codes* in a footnote, but to say Judge Dale "refused to adjudicate" his defense is simply incorrect. Judge Dale found that this defense failed as a

matter of law because the IRS is authorized by statute to open Master Files and enter substitute forms for individuals who fail to file their tax forms. Judge Dale explained this is detail. *Id*. at 15–17.[4]

In sum, Judge Dale did not refuse to adjudicate his defense. She adjudicated it fully, and the undersigned agrees. This defense fails as a matter of law. Howe's second objection is overruled.

    c.  <u>"Dale created a genuine issue of material fact precluding summary judgment."</u>

Continuing the above objection, Howe asserts that Judge Dale created a material fact by *not* mentioning the 424/036 source code and that this, somehow, contradicts information provided by the Government in their responses to interrogatories.

Again, Howe is hung up on the underlying fact of whether the source code was used, in what way, and whether Judge Dale "really understands" that part of his defense. To begin, Judge Dale did mention the source code and clearly understands Howe's argument related to the same. Dkt. 176, at 18 n.16. But ultimately, none of that matters. Judge Dale correctly found that the defense itself fails as a matter of law. Nit-picking whether the underlying facts are "correctly understood" does not negate that.

Finally, Howe appears to believe that Judge Dale is recommending that the undersigned award "summary judgment against [him]." Dkt. 180, at 11. Not so. Judge Dale is recommending that his motion for summary judgment against the United States be denied. Regardless, Judge Dale and her findings, analysis, and/or conclusions cannot create

---

[4] What's more, as will be explained in the following section, the degree to which Judge Dale referenced the exact source code is irrelevant to her ultimate finding.

a factual dispute. This objection is overruled.

    d.  <u>"Dale held the Court is not sitting in equity (even though this is a property foreclosure case!)."</u>

As noted above regarding Howe's first objection, Judge Dale held that the Court is not sitting in equity in this case because the matters at issue involve the validity of tax assessments. Dkt. 176, at 22.

Citing a Supreme Court case, Howe asserts this is wrong. Dkt. 180, at 14 (citing *United States v. Rodgers*, 461 U.S. 677, 708 (1983) and its holding that "a § 7403 proceeding is by its nature a proceeding in equity . . . .").

While this is largely a correct principle of law[5]—that the Court sits in equity on any *property-related claims* in a Complaint—the defenses Howe raises in his Motion to Dismiss are based upon alleged falsification of records and apply to Claim 1—the Government's claim to reduce tax assessments to judgment.[6] This claim is not equitable in nature. *See United States v. Clark*, No. 07-CV-3086, 2007 WL 3146733 at *1 (N.D. Cal. Oct. 25, 2007). Judge Dale was, therefore, correct that the Court is *not* sitting in equity at this time as to these issues. This objection is overruled.

---

[5] Whether a Court sits "in equity" or "at law" is more nuanced than Howe makes it out to be. Thus, the Court is speaking broadly here.

[6] Howe appears to recognize this, noting in his extra reply that his argument applies to the foreclosure/judicial sale, i.e. Claim 1. Dkt. 188, at 4. Howe, however, continues, and strives to tie Claim 1 and Claim 5 together asserting the doctrine should apply to both. While all the Claims in the complaint are "related,"—in that they stem from the same relevant conduct—such does not automatically mean that the standard applicable to one is automatically applicable to the other.

e.  "Dale claimed that when a party challenges the validity of a tax assessment made against him he supposedly seeks the judicial determination of a LEGAL right."

Howe's next objection is a continuation/variation of the arguments raised in objections "a" and "d" discussed above. As already explained, there is no unclean-hands defense available in suits to reduce tax assessments to judgment for a variety of reasons, including that the Court is not sitting in equity. This objection is overruled.

f.  "Dale repeatedly, carefully misstates my defense."

Howe contends that Judge Dale misstated his defense. In support, he cites three passages from the R&R. Each is addressed in turn.

First, Howe points to this passage, claiming he never made such a claim:

> Howe claims this process begins with the entry of data in the AIMS database at the outset to cause the IMF record pertaining to each tax year to reflect that the IRS received a 1040A return from a non-filer, which is then referred to the examinations division, and results in the preparation of a substitute for return.

Dkt. 176, at 14–15. To begin, Howe's support for this argument is "See Record, All." Dkt. 180, at 15. Citing the whole record is not helpful or appropriate. Second, the Court is frankly confused. Howe claims this is not his defense, and yet, in his very brief in objection he discusses how this is his defense and Judge Dale (and the Government and the undersigned) just don't understand. *See, e.g.,* Dkt, 180 at 3, 17. At *best*, Howe might have a disagreement with how Judge Dale phrased part of his defense, but even if that were the case, such does not warrant reconsideration or amendment.

Second, Howe argues that Judge Dale "pretends:"

> [T]he legal issue raised by Howe's motion as: "whether the creation of IRS digital and paper records reflecting documents that Howe did not submit to

the IRS, or tax returns that Howe did not prepare, constitutes falsification of records, thereby depriving the Government of standing and this Court of subject matter jurisdiction."

Dkt. 176, at 9. Howe argues this misstates his argument and that his real concern is "Did the IRS falsify every digital and paper record for each year in question, to create the appearance the IRS received a return from me, that the IRS supposedly referred the non-existent return to its Examinations Division, and that the IRS supposedly prepared a substitute income tax return on claimed, false dates, to initiate this case?" Dkt. 180, at 15–16. Again, the form in which Judge Dale summarized Howe's arguments is of marginal relevance. Furthermore, Judge Dale is correct: this is Howe's argument *at this stage*. The Court recognizes Howe's broader argument, but Judge Dale's R&R was addressing his Motion to Dismiss, which, in turn, was based on standing.

Finally, Mr. Howe alleges the following misrepresentation:

In turn, the 1040A return, which Howe claims does not exist (because he did not supply it himself), is referred to the Examinations Division, and the IRS next prepares a substitute income tax return.

Dkt. 176, at 18. In objection, Howe clarifies that he is not alleging that the IRS prepares a substitute return, but that the IRS engages in these transactions to "falsify every digital and paper record concerning me for each year in question, i.e. to create the appearance that the IRS received a return from me . . . ." *Id*. at 16. In other words, Howe argues the IRS didn't even prepare a return for him, they just "pretend" to so that they could prosecute him.

While bizarre, even assuming this, the fact that Judge Dale "misstated" his defense does not require the undersigned to do anything. Whether the IRS, in fact, prepared substitute returns or not goes to the merits of this case and will be decided in the upcoming summary judgment proceedings.

In short, while Howe may disagree with Judge Dale's summary or phraseology, it is of no consequence in the grand scheme of things. Judge Dale's R&R addressed Howe's Motion to Dismiss based on standing and the Government's Motion for Summary Judgment on Count Two based upon Howe's acquiescence that he owned the subject property. As part of that, Judge Dale had to address Howe's defenses and arguments. If her words were less than accurate—and the Court is not implying they were—it did not change her analysis and conclusion. These factual disagreements strike at the upcoming summary judgment briefing and Howe can flesh them out there. These objections are overruled.

g. "Dale fabricated: 'Howe argues there is no sworn declaration by any IRS employee or other individual that the IRS prepared substitute returns, and that IRS forms prepared in this manner without being sworn should not be afforded any presumption of regularity.'"

Howe contends that, contrary to Judge Dale's summary, he does not argue that the IRS failed to have any sworn declarations in conjunction with his returns, but that all the forms and certifications contain "falsified dates derived from the falsified Master file records" and, therefore, "the documents provided by the Government cannot be accorded the typical presumption of regularity." Dkt. 180, at 17.

The Court once again struggles to understand Howe's argument when his filings are replete with references to "unsworn" certificates and "unsworn" forms. *See generally,*

MEMORANDUM DECISION AND ORDER – 14

Dkts. 153, 155. In fact, Howe literally states that ". . . NO GOVERNMENT PAID ATTORNEY before the bench or behind, nor any IRS staff WILL SWEAR under penalty of perjury that someone prepared a substitute income tax return on any date . . . ." Dkt. 155, at 3 (bolding in original). Judge Dale's summary is, therefore, quite accurate.

That said, even assuming some minor discrepancy in how Judge Dale framed Howe's argument, such does not render her decision incorrect. This objection is overruled.

> h. "Dale confirmed that NO source of authority EXPLICITLY authorizes preparation of substitute INCOME TAX returns, but her argument is impertinent."

Next, Howe argues that Judge Dale's "extensive arguments" on the subject of source authority and whether substitute tax returns are allowed are "impertinent." Dkt. 180, at 17. Howe claims Judge Dale's commentary on the subject "have no bearing on the case outcome" and must be withdrawn. *Id.*

Setting aside what appears to be ample authority supporting the notion that the IRS can prepare substitute tax returns, the Court notes whether every line of a Judge's decision "bears" on the final outcome is neither here nor there. A Judge may include language that one party thinks is irrelevant, but that does not mean it is objectionable or needs to be withdrawn. Again, these factual matters will be finally adjudicated during summary judgment.  This objection is overruled.

> i. "Dale fabricated 'Howe's defense is rooted in the belief that payment of income tax is voluntary', another wholly impertinent argument injected into her R&R."

Howe argues that he has never said he believes income tax is voluntary; rather he has "merely presented multiple published claims of [others] (who state that the income tax

MEMORANDUM DECISION AND ORDER – 15

is voluntary) . . . ." Dkt. 180, at 18.

It is clear Howe does not think he should be required to pay taxes. It is equally clear Howe thinks the IRS fabricated tax returns to force him to pay. That is what this whole lawsuit is about. Complaining Judge Dale's summary of his position isn't really his position because "other people said it, but not me," is juvenile.

More importantly, however, is the fact that whether or not Howe ultimately believes this or not is irrelevant. As he himself states, this case is not about his belief; it's about the facts. The facts will bear out the truth in summary judgment and (if necessary) trial: whether the Government has the ability to prepare substitute returns, whether they did in this case, and how that affected Howe. Nevertheless, it does not matter what Howe subjectively "believes" and/or whether or not Judge Dale adequately captured that belief. This objection is overruled.

j.  <u>"Dale tacitly recommends the Court ignore false Complaint allegations, and to find the Complaint to be well-pled."</u>

Howe takes issue with Judge Dale's finding that the Complaint in this case is "well-pled" and does not warrant dismissal. Howe contends that there are numerous falsehoods in the complaint that must be addressed.

While redundant, the Court reiterates that Judge Dale was ruling on a Motion to Dismiss. At that stage of the case, the allegations in the Complaint are taken as true. *See Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021). It is for discovery and motion practice to flesh out whether those allegations are true or not. Regardless, a Plaintiff must simply put forth facts leading to a cognizable cause of action to overcome dismissal. That

is what the Government has done in this case. This objection is overruled.

    k. <u>"Dale conflates federal question Article III standing requirement with the threshold standing requirement of equity."</u>

Like objection "e," this objection is derivative of objections "a" and "d." As already explained, there is no unclean-hands defense available in suits to reduce tax assessments to judgment for a variety of reasons, including that the Court is not sitting in equity. Accordingly, there is no threshold "standing" requirement of equity independent from traditional Article III standing. This objection is overruled.

    l. <u>"Dale errs by finding 'Howe's conclusory allegations are wholly unsupported by specific facts or evidence substantiating his assertion that the IRS engages in widespread computer fraud,' and 'Howe's conclusory allegations are inadequate to establish deficiencies in any specific document prepared pursuant to the Gov's statutory and regulatory authority.'"</u>

Howe argues that Judge Dale erred in finding his allegations lacked support because she disregarded "sworn testimony by Government attorneys" provided "under penalty of perjury." Dkt. 180, at 21.

This objection hearkens back to objections "b" and "c" and Howe's supposition that Judge Dale is ignoring admissions by the Government that are otherwise favorable to his position.

But Howe misunderstands the Government's position. The United States admitted in its interrogatory responses to entering a combination of TC 424 and Push Code 036, but that does not mean it is agreeing with Howe's defenses or "admitting" to some type of fraudulent activity.

Howe's allegations are conclusory. But the Court will make that final determination

MEMORANDUM DECISION AND ORDER – 17

in the near future when it can view the full record as part of summary judgment. Regardless, this objection is overruled.

m. "Dale erred by finding: 'Howe's records falsification Defense fails as a matter of law.'"

In this objection, Howe lists twelve ways in which Judge Dale erred in reaching her conclusion that his falsification defense failed as a matter of law. Most, if not all, of the twelve reasons are the subject of other objections already noted above. Thus, the Court will not revisit these matters. To reiterate, however, the Court has conducted an independent, de novo review of the record and concurs with Judge Dale analysis of his falsification defense. The objection is overruled.

n. "Awarding summary judgment against me."

Finally, Howe objects to Judge Dale's recommendation that Summary Judgment be granted in the Government's favor on Claim Two. As the Court has already discussed, Howe presents no valid argument in objection to the Government's contentions. In fact, Howe confirms he owns the property at issue and that nobody could "in good faith [] ever claim [he] was attempting to fraudulently transfer the property in question or hide anything." Dkt. 180, at 25. Howe's motives aside, it is clear he owns the subject property, and that Howe and PHI are one in the same. Judge Dale was correct in her analysis that the Government's Motion for Judgment on the Pleadings as to Count Two should be granted. This objection is overruled.

**B. Howe's Objection to Judge Dale's Decision on Eight Discovery Motions (Dkt. 182)**

In his objection (Dkt. 182) to Judge Dale's decision on his eight discovery motions

(Dkt. 177), Howe perfunctorily lists eleven "errors" requiring the undersigned's review. Howe does not delve into these errors in any detail because, as he explains, they are part of his objection to Judge Dale's R&R and are "fully described in that filing." Dkt. 182, at 2. Said differently, they are some of the errors just analyzed above.

Howe's requested relief is that "Judge Nye . . . carefully review each 'error' committed by the Magistrate in support of the Government set forth in my <u>Fourteen Objections to Mag. R&R.</u>" Dkt. 182, at (underlining in original). Insofar as the Court has already carefully reviewed (and overruled) all of Howe's objections to Judge Dale's R&R, it will not repeat its findings here. Suffice it to say, none of Howe's eleven "errors" rise to a level requiring the undersigned to alter or amend Judge Dale's Decision on the discovery motions. Howe's Rule 72 Motions are DENIED, and the objections OVERRULED. Judge Dale's Decision stands.

### C. Howe's Motion to Reconsider (Dkt. 183)

As noted, the undersigned issued a Decision overruling Howe's objections to some of Judge Dale's prior orders. Dkt. 178. In that decision, the Court individually analyzed Howe's nine objections and found them inadequate. *See generally id.*

In his Motion, Howe asks the Court to reconsider its order. The basis for the request is Howe's continued argument regarding the clean hands doctrine. He asserts the undersigned (and Judge Dale) continues to misunderstand or misconstrue his "simple" defense in this case—which is that the IRS does not have "clean hands" because they falsified records in order to initiate this lawsuit. He asks the Court to review/reconsider three "findings" from its prior order.

*1. Legal Standard*

As the Court has noted before, "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id.* (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) "A Rule 59(e) motion may not be used to raise arguments or present

evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

     *2. Discussion*

     As a threshold matter, Howe does not cite to Rule 59—or any other rule for that matter—in support of his motion.[7] He cites instead to the "District Court's . . . inherent power to reconsider errors in their orders until appeal is finalized." Dkt. 183, at 1. Howe raises three issues he believes warrant review. He then postures that, should the Court not rule his way on reconsideration, it should certify a question for interlocutory appeal. The Court will address this request at the conclusion of its discussion.

     a.  <u>"Nye held: Dale fabrications to obstruct clean hands defense are 'immaterial'"</u>
        <u>(Dkt. 183, at 5).</u>

     Howe argues that the undersigned erred in not overturning Judge Dale's misrepresentations, misstatements, and/or fabrications regarding his clean hand's defense. Dkt. 183, at 5–8. He also takes issue with the Court's dicta speaking favorable about one of Judge Dale's observations of where his argument leads claiming he never "made such a nonsensical argument." *Id*. at 6.

     There is no valid ground upon which the Court need revisit this issue. In essence,

---

[7] There is a footnote that includes a case citation that references Rule 59, but that is the singular reference to either applicable rule. Dkt. 183, at 1 n.2.

Howe simply disagrees with the undersigned's consensus with Judge Dale that his clean hands defense fails as a matter of law. As explained in detail above, this is not a viable defense in this type of case. Furthermore, any disagreement with the Court's analysis and/or commentary—even if a misrepresentation of *his* arguments—does not warrant reconsideration.

    b. "Nye and Dale conflate standing of Article III plaintiffs with threshold standing of equitable plaintiffs" (Doc. 183 at 8).

Continuing his theme, Howe argues that, in an effort to "avoid adjudicating my clean hands defense, the Judges have repeatedly conflated the standing requirements of Article III plaintiff with the completely separate pre-filing threshold standing requirement of a plaintiff in equity." Dkt. 183, at 8.

This hearkens back to Howe's continuing argument that the Court lacks subject matter jurisdiction over this case and/or that the United States does not have standing to sue him. Both contentions are wrong. The Court has explained this, quite literally, a dozen times in prior decisions. The Court will not discuss this further. No reconsideration is necessary here.

    c. "Nye: the time to adjudicate his defense is at summary judgment" (Doc. 180 at 12).

Finally, Howe takes issue with the Court's synopsis that the best time to ultimately adjudicate his clean hands defense is at the summary judgment stage. Again, hearkening back to the idea that standing is a threshold issue, Howe argues the Court erred in deferring ruling on his defense until summary judgment.

First, the Court has, as explained, already addressed the standing issue multiple times. Said another way, while it is true that the Court has not "fully considered" his affirmative defense of clean hands, it has considered (and rejected) the basis for that defense—standing. Even then, Judge Dale fully considered this defense as part of her R&R (Dkt. 176, at 21–23), and as noted above, the Court agrees with her interpretation. In short, any argument that the Court has delayed in adjudicating this argument is MOOT.

Relatedly, as the Court has frequently noted, whilst claiming this case is lingering and his rights are being trampled, Howe is largely to blame for the length of this case. The Court has not delayed resolution of any particular matter for any improper purpose. It has simply proceeded in an organized manner, waiting until the appropriate times to afford both sides a fair opportunity to be heard.  There is no reason to reconsider this finding.

### d.  Interlocutory appeal

Finally, Howe asks the Court to allow him to file an interlocutory appeal to resolve this issue about "clean hands" and "standing." The Court will not certify this question because it has already ruled on the matter. It is not an unsettled area of law as Howe suggests. The United States has standing to bring claims for the purposes of collecting unpaid taxes. The doctrine of clean hands defense does not apply. There is nothing to certify.

In sum, Howe's Motion for Reconsideration (Dkt. 183) is DENIED.

### D.  Howe's Motion to Certify (Dkt. 191)

Howe begins by asking whether the Court's prior order suspending motion practice is still in effect and, if it is, that he be allowed to file the instant motion.

The Court took the somewhat usual step of halting all motion practice so that it could resolve the pending motions before more were filed. The Court did this because, as it explained in its prior decision (Dkt. 178, at 2), the undersigned is the only active Article III judge in the District of Idaho and is extremely busy. Judge Dale also presides over dozens of cases and must attend to other matters.

Now, having ruled on all pending motions, the Court lifts its prior stay. Even if the stay was still in effect when Howe filed his Motion to Certify, the Court will consider it because the resolution is straightforward. The answer is no.

Again, Howe seeks to ask the Circuit whether the doctrine of clean hands is available to him as a defense and whether the IRS's actions in this case justify him invoking that specific defense. Dkt. 191, at 1.

Without delving into a lengthy explanation of the merits and processes of interlocutory appeals and/or certifying questions to the Circuit, it suffices the Court to say that these matters *need not* be certified at this time. Howe has already made his clean hands defense. The Court has rejected it. He can appeal that matter, if he so chooses, at the appropriate time after the conclusion of the case. But there is no reason to halt the case now on the eve of summary judgment just so that Howe can appeal.

The Court DENIES Howe's Motion to Certify.

### III. CONCLUSION

The Court has reviewed Judge Dales R&R and adopts the same in its entirety. The Court also overrules Howe's Rule 72 Motion objection to Judge Dale's order concerning his discovery motions. It also denies his Motion to Reconsider and his Motion to Certify.

Howe will, no doubt, take issue with something the Court has said above. The Court has explained before however, and reiterates now, two principles. First, Howe is free to disagree with the Judge Dale or the undersigned. He is not free, however, to abuse the judicial system and bring the same arguments over and over and over again. It is time to move this case closer towards resolution. Summary judgment briefing should commence immediately. Second, neither Judge Dale, nor the undersigned, is "out to get" Howe as he seems to believe. It is the Court's duty to dispense justice fairly and impartially. The Court strives daily, as it presides over hundreds of cases, to do just that. There is nothing personal about any decision rendered by the Court. Two federal judges, with the aid of multiple law clerks, have researched and reviewed the matters at issue here. For Howe to think he is not getting a "fair shake" is simply untrue. The Court has devoted substantial time and resources to this case to ensure that *both sides* (Howe and the Government) have their rights protected.

Summary judgment briefing can now, at long last, resume. The Government has indicated its brief is ready to go. Dkt. 187, at 9. Accordingly, its brief is due within seven days of the date of this order. The standard briefing timeframe shall follow. *See* Dist. Idaho Loc. Civ. R. 7.1.

## IV. ORDER

1. Judge Dale's Report and Recommendation (Dkt. 176) of August 10, 2022, is **ADOPTED IN ITS ENTIRETY**. Howe's Objections (Dkt. 180) are **OVERRULED**.

    a. Howe's Motion to Dismiss (Dkt. 140) is **DENIED**.

MEMORANDUM DECISION AND ORDER – 25

     b.  The Government's Motion for Judgment on the Pleadings (Dkt. 144) is **GRANTED** as to Claim Two.

2. Howe's Rule 72 Motion (Dkt. 182) objecting to Judge Dale's Order (Dkt. 177) is **DENIED**. His objections are **OVERRULED** and Judge Dale's Order stands.

3. Howe's Motion for Reconsideration (Dkt. 183) of the undersigned's prior order (Dkt. 178) is **DENIED**.

4. Howe's Motion to Certify (Dkt. 191) is **DENIED**.

5. As noted, the Government's opening brief in support of Summary Judgment is due on or before seven (7) days from the issuance of this order. The Court's standard briefing schedule shall follow.

DATED: March 2, 2023

David C. Nye
Chief U.S. District Court Judge