UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI DEVELOPMENT LLC,<br><br>  Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

Pending before the Court are numerous motions. The Court addresses two today: Howe's Motion for Reconsideration (Dkt. 193), and Howe's Motion to Disqualify (Dkt. 216).

On March 8, 2023, the Court issued an omnibus decision addressing a Report and Recommendation from Judge Dale as well as multiple motions and objections from Howe. Dkt. 192. A few days later, Howe asked the Court to reconsider that decision. Dkt. 193. In his Motion to reconsider, Howe raises various arguments as to why the undersigned's decision was wrong but couches them under seven general headings or objections. *See generally* Dkt. 193.

Other motions followed. Because of the number of motions—and the fact that deadlines were beginning to overlap—the Court suspended motion practice (Dkt. 213) and then issued an order outlining how the briefing on the outstanding motions would be

handled (Dkt. 215).

On May 18, 2023, Howe filed a Motion for Recusal of David C. Nye, J. and for Leave to File. Dkt. 216. In this motion, Howe first asks for leave to file the motion (since the Court's moratorium on motion practice is still in effect) and then asks for the undersigned to recuse himself based upon his biased rulings. *See generally id*. Howe again couches his arguments and objections under nine general headings—seven of which are the same as from his Motion for Reconsideration.

## II. DISCUSSION

First, the Court will not reconsider its order adopting Judge Dale's Report and Recommendation and denying Howe's various motions. The decision itself was a review of Judge Dale's decision. In Judge Dale's 30-page decision and the undersigned's 26-page decision, all of Howe's arguments were thoroughly reviewed and analyzed. The Court will not revisit those matters here. Moreover, these are the same arguments Howe has been making since the inception of this case. Judge Dale and the undersigned have addressed the arguments repeatedly and at length. It is clear Howe disagrees with Judge Dale and the undersigned, but the fact remains he has not brought up any valid basis for reconsideration. His motion is premised upon his disagreement with the outcome; nothing more.

The Court moves next to Howe's Motion to Disqualify. To begin, the Court will not lift its moratorium on motion practice. Howe believes the Court is acting outside of its bounds, stalling so it can "fabricate" a response that helps the Government, and curtailing his rights. Dkt. 216, at 7. This is not so. The Court is committed to the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In order to

achieve that goal, it must sometimes modify the parameters of motion practice. Furthermore, such is completely within the Court's discretion. As the Ninth Circuit has long held, "a district court has broad discretion to control its own docket." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). Here, the Court was not stalling when it imposed restrictions on the parties' ability to file. Nor did it curtail any of Howe's rights. The Court's organizational decisions aided the parties (and the Court) in moving this case closer to a resolution.

Despite the Court's decision *not* to allow Howe to file, it will note that it has reviewed his brief and his arguments and finds no reason to recuse. Howe has not shown the statutes governing disqualifications of judges, 28 U.S.C. §§ 144[1] or 455[2]—or any case

---

[1] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[2] Section 455 provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

MEMORANDUM DECISION AND ORDER – 3

interpreting those sections—apply to the undersigned. As has been a repeated theme in this case, Howe's disagreements with Judge Dale and the undersigned boil down to just that: disagreements. None of the arguments he raises in his Motion to Reconsider or Motion to Disqualify fall under the umbrella of Sections 144 or 455. He faults the Court for its analysis and outcome. Nevertheless, mere disagreements with the Court's prior rulings are not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

## III. ORDER

IT IS HEREBY ORDERED:

1. Howe's Motion to Reconsider (Dkt. 193) is **DENIED**.

2. Howe's Motion to Recuse (Dkt. 216) is **DENIED**.

DATED: June 9, 2023

David C. Nye
Chief U.S. District Court Judge

---

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

MEMORANDUM DECISION AND ORDER – 4