UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>EBENEZER K. HOWE IV, and PHI<br>DEVELOPMENT LLC,<br><br>　　　Defendants. | Case No. 2:19-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Before the Court is United States Magistrate Judge Candy W. Dale's Report and Recommendation ("R&R") (Dkt. 223) and Defendant Howe's objections (Dkt. 226) to the same. Howe has also filed a Motion to Dismiss and Reinstate FRCP. Dkt. 233.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court **ADOPTS** Judge Dale's R&R **IN ITS ENTIRETY**, **OVERRULES** Howe's objections, and **DENIES** Howe's Motion to Dismiss.

## II. BACKGROUND

The Court has set forth the factual background of this case in numerous previous decisions. *See, e.g.,* Dkt. 44, at 1–4; Dkt. 192, at 3–7. In addition to the comprehensive background Judge Dale outlined in the R&R (Dkt. 223, at 2–9), the Court incorporates its own prior recitations of the facts here. Insofar as this is summary judgment, however, the Court will briefly review the salient points that bear on the motions today.

Howe is a tax defiler. He does not believe in taxes. He does not believe he is required to pay taxes. Howe admits he has never filed a 1040A return in his life. Dkts. 11, at 6; 140, at 1 n.1; 212, at 1. He also affirms he has never made an election requesting that the IRS prepare a substitute income tax return, or a 1040A return, on his behalf. Dkt. 212. Howe does not dispute that he has not filed a federal income tax return for tax years 2005, 2006, 2008, 2009, 2010, 2011, 2012, and 2013, which are the tax years identified in the Complaint. Dkt. 1.

On October 29, 2019, the United States filed its Complaint against Howe and PHI Development LLC ("PHI"), to: (1) reduce to judgment the outstanding federal tax assessments against Howe for the aforementioned tax years; (2) determine that a parcel of real property (the "Subject Property"), located in Boundary County, Idaho, is held by PHI Development LLC, a nominee or alter ego of Mr. Howe; (3) foreclose federal tax liens on the Subject Property; and (4) sell the Subject Property and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens

and claims of all parties. *See generally* Dkt. 1.[1]

Over the past five years, Howe has filed dozens of motions and appeals. Many of those filings were frivolous or duplicative of other filings. Howe has persisted with two primary theories during the pendency of this case.

First, Howe alleges the Court lacks subject matter jurisdiction to hear the Government's claims. The Court has rejected that argument ad nauseum. *See* Dkt. 47 (finding Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403); Dkt. 59 (order adopting report and recommendation and entering final order denying motion to dismiss); Dkt. 64 (denying Howe's motion to reconsider ruling and denying Howe's second motion to dismiss for lack of subject matter jurisdiction); Dkts. 71, 72 (Ninth Circuit Order and Mandate dismissing appeals of District Court's orders on motions to dismiss); Dkts. 75, 78 (ordering Defendants to file an answer because Court has jurisdiction); Dkt. 112 (denying Howe's petition for a writ of certiorari to the United States Supreme Court); Dkt. 116, at 2 (reaffirming the Court has jurisdiction over this case); Dkt. 142, at 7 (same); Dkt. 176, at 23–25 (holding, on summary judgment, that Howe's jurisdictional arguments are meritless); Dkt. 177 (order adopting report and recommendation on all issues—including jurisdiction), Dkt. 178, at 5 (reaffirming the Court has subject matter jurisdiction), Dkt. 192, at 22 (noting the Court has "explained [that it has jurisdiction] quite literally, a dozen times" and "will not discuss [jurisdiction]

---

[1] The Court has summarized the United States' requested relief into four points. That summary is based upon the five claims the Government alleges in the Complaint: (1) Reduce to Judgment Federal Tax Assessments; (2) Judgment that PHI is an Alter Ego of Howe; (3) Fraudulent Transfer Under Idaho Code § 55-913(1)(a); (4) Fraudulent Transfer Under Idaho Code § 55-913(1)(b) and/or §55-914; and (5) Foreclose Federal Liens and Order Judicial Sale.

further").

Second, Howe ardently contends the Government falsified the substitute returns it submitted on his behalf and, therefore, the legal doctrine of "unclean hands" applies as a legal defense to the Government's allegations. Again, the Court has rejected this argument. *See* Dkt. 176, at 21–23 (finding that, for purposes of summary judgment, the doctrine of unclean hands fails as a matter of law); Dkt. 192, at 9 (adopting the report and recommendation and holding the doctrine of unclean hands is "not available to Howe under the circumstances of this case").

Despite these countless decisions, as will be shown below, most of Howe's objections to Judge Dales current R&R still relate to these two principles.

After years of motion practice and delays, the Government filed a Motion for Judgment on the Pleadings as to Claim Two of the Complaint (that PHI is the nominee or alter ego of Howe) on May 20, 2022.[2] Dkt. 144. On August 10, 2022, Judge Dale issued a R&R which recommended that the Government's Motion be granted. Dkt. 176. Howe objected. Dkt. 180. The undersigned overruled Howe's objection and adopted Judge Dale's R&R. Dkt. 192.

Thereafter, the United States filed a Motion for Summary Judgment as to Claims One and Five of the Complaint. Dkt. 194.[3] Howe filed a cross-motion seeking summary judgment on his affirmative defense of unclean hands (Dkt. 197), which was followed by

---

[2] PHI has never appeared in this matter, and the Clerk entered default against that entity years ago. Dkt. 84. Howe's motion to set aside the default was denied. Dkt. 91. The Court has already held PHI is the nominee or alter ego of Howe. Dkt. 192. Howe dissolved PHI and admits that he owns the Subject Property. Dkt. 82, at ¶¶ 4–6, 10–16, 28–29, 31–37, 40, 48, 50–52, 57, 59, 63, 75–76, 78–84.

[3] Claims Three and Four (related to fraudulent transfer under Idaho law) are not at issue today.

a motion to amend/correct the cross-motion (Dkt. 211). Howe also filed numerous discovery-related motions that related to summary judgment. Dkts. 198, 201, 210, 212, 214.

On October 5, 2023, Judge Dale issued an R&R on the Parties' Motions for Summary Judgment. Dkt. 223. Judge Dale recommended that the Court grant the Government's Motion for Summary Judgment, deny Howe's competing Motion for Summary Judgment, and enter judgment on Claims One, Two, and Five accordingly. *Id*. at 32–33. Per statute, Judge Dale noted that any objections to the R&R could be filed within 14 days. *Id*. at 33. Within the R&R, Judge Dale also denied each of Howe's ancillary discovery motions. *See generally id*. For organizational purposes, Judge Dale issued the decision twice—once as an R&R (Dkt. 223) and once as a Memorandum Decision and Order (Dkt. 224). Judge Dale did this because, while some of her findings had to be sent to the undersigned through the report and recommendation process (such as for summary judgment), other findings do not require this Court's review (such as the non-dispositive discovery motions). But again, because the issues were all intertwined, Judge Dale discussed all the pending motions in a singular decision. And for today's purposes the Court will simply refer to the decision/s as the "R&R." But to be clear, because Judge Dale's R&R covered two different topics—(1) summary judgment and (2) discovery motions—two different standards of review apply. The R&R on the Parties' competing Motions for Summary Judgment is reviewed by the Court de novo. *See* 28 U.S.C. § 636(b)(1). The Memorandum Decision and Order on the discovery motions is reviewed by the Court for clear error. Fed. R. Civ. P. 72(a).

Howe filed objections to Judge Dale's R&R. Dkt. 226. Motion practice on the briefing schedule for the objections ensued because Howe was unhappy with the timing. Ultimately, Judge Dale allowed both sides an opportunity to respond to each other's arguments. Seven months later, Howe filed a Motion to Dismiss Combined with Motion to Reinstate FRCP alleging the Court was delaying the adjudication of this case contrary to Rule 1 of the Federal Rules of Civil Procedure. Dkt. 233. The Government opposed Howe's Motion to the extent it noted the Court does not violate any rule simply because it has taken time to resolve this matter. Dkt. 235.

The Court begins by discussing Judge Dale's R&R. It will then turn to Howe's objections to Judge Dale's R&R. Finally, the Court will touch briefly on Howe's Motion to Dismiss.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." When a party objects to a report and recommendation, the District Court "shall make a de novo determination of those portions of the report which objection is made." *Id*.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. . . . to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (cleaned up); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

## IV. DISCUSSION

### A. Report and Recommendation (Dkt. 223) and Objections (Dkt. 226)

There is no need for the Court to reiterate in its own words what Judge Dale accurately and concisely outlined in her R&R regarding this case, its history, and the parties' arguments on summary judgment. Neither will the Court rehash Judge Dale's examination of the competing arguments because her analysis and conclusions are sound. She carefully reviewed each of the Government's arguments and explained in detail—with citations to the record and evidence—how no dispute of material fact exists that would preclude summary judgment on Claims One and Five. Judge Dale also reviewed Howe's arguments in support of summary judgment—most of which have already been resolved on numerous occasions—and explained why there was no disputed material fact that would allow him to proceed to trial.

The net result of the competing motions is exactly what Judge Dale outlined: "Howe has not disputed the facts underpinning his tax liabilities and therefore has not rebutted the presumption that [the] tax assessments against him are valid and correct." Dkt. 223, at 28. Yes, Howe believes that income tax is voluntary. But Judge Dale (and the undersigned) have repeatedly explained that belief is contrary to the laws of this country. *Id*. at 31; Dkt. 59, at 4. Howe also believes the Government has been engaged in a fraudulent scheme against him to deprive him of his money and property. Judge Dale provided an exhaustive

explanation as to why that belief is unsupported by the facts. Dkt. 223, at 11–18. Thus, on the law and the facts, Howe is wrong.

The Court has reviewed all the briefing and filings submitted in this case related to summary judgment *de novo*—as it must. However, it will not undertake a wholly new discussion on these matters as Judge Dale's R&R is correct in all respects. There are no disputed material facts that would preclude summary judgment in the Government's favor and there are no disputed material facts that would allow summary judgment in Howe's favor. Accordingly, the Court will adopt Judge Dale's R&R as its own findings and conclusions on these matters.

What the Court will do, however, is further analyze Howe's specific objections to Judge Dale's R&R and why each fail.

Setting aside Howe's ancillary arguments about things he simply did not like about Judge Dale's R&R, the Court will focus on the thirteen substantive objections he has identified.

**1. "Dale has abandoned her (crackpot) theory that a U.S. District Court is supposedly not sitting in equity in a forfeiture case." Dkt. 226, at 12.**

As alluded to above, Howe previously moved to dismiss this suit for a lack of standing and jurisdiction based upon the equitable doctrine of unclean hands. Judge Dale held that the "Court is not sitting in equity," that the reduction of a tax assessment to a judgment is legal in nature, and that the unclean hands doctrine may not be asserted against the United States. *See generally* Dkt. 176, at 22–23. Howe objected. Dkt. 180. The undersigned adopted Judge Dale's decision in full—including her holding about the

applicability of the unclean hands doctrine and whether the Court is sitting in equity and has jurisdiction to hear the Government's claims. Dkt. 192, at 11. Howe now argues that Judge Dale abandoned this holding—that the Court is sitting in equity—because she did not explicitly mention that in her R&R.

First, the inclusion or absence of a certain phrase is not dispositive of whether a certain principle applies or not. That Judge Dale did not reiterate a former holding is irrelevant.

Second, and more importantly, however, Howe seems to be conflating two principles. The Government's claim to reduce assessments to judgment (Claim 1) is legal in nature. The Government's claim to foreclose federal tax liens (Claim 5) is equitable in nature. So, in reality, the Court sits in both law and equity on this case. Regardless, Judge Dale did not err in electing not to address this topic which has been discussed many times in prior decisions. This objection is OVERRULED.

**2. "Dale errs by recommending summary judgment favoring the Plaintiff while refusing to view all the evidence, without making the OBVIOUS inference arising from Marler's commission of felonies to initiate this case, and while refusing to adjudicate the impact of those felonies on the standing of the Plaintiff." Dkt. 226, at 13.**

Here, Howe returns to his oft-repeated argument that Government agents—specifically IRS agent Bradley Marler—falsified documents in preparing substitute returns on his behalf. Judge Dale rejected this argument in her R&R based upon the unrefuted evidence in the record. Dkt. 223, at 8, 20–21. The Court finds Judge Dale's conclusion is sound. As the Court has explained *repeatedly*, the law authorizes the IRS to prepare substitute returns on behalf of people who refuse to prepare returns on his or her own

MEMORANDUM DECISION AND ORDER - 9

behalf. *See* Dkts. 176, 177, 223. It is not a crime for an IRS agent such as Marler to undertake such a task. The "obvious" inference here is not that Marler committed a crime. The obvious inference is the opposite: that Marler did his job by filing substitute returns for Howe—a person who earned income during the years in question but failed to pay taxes or submit a tax return. This objection is OVERRULED.

### 3. "Dale errs by recommending/holding that my equitable defense fails as a matter of law because supposedly grounded on 'beliefs.'" Dkt. 226, at 15.

The crux of this argument seems to be Howe's assertion that Judge Dale based her decision on his "beliefs," and that she should not have done so when, instead, he presented "facts" and "incontrovertible evidence" to support his clean hands defense. Dkt. 226, at 16.

To begin, the phrase Howe claims Judge Dale used—that his defense failed because it was "grounded on beliefs"—does not appear in the R&R.[4]

Second, Judge Dale did not base her decision regarding the applicability of Howe's unclean-hands defense on his simple belief. Setting aside the fact that the Court has ruled on numerous prior occasions that this defense *does not apply as a matter of law*, Judge Dale found there were no facts to support such a conclusion. This objection is OVERRULED.

### 4. "Dale errs by holding my equitable defense supposedly fails as a matter of law because the extremely explicit, facts/evidence and concessions by the DoJ I

---

[4] To be sure, Judge Dale (and the undersigned) have discussed Howe's erroneous beliefs about the United States tax code and his beliefs or position regarding certain legal theories in prior decisions. But that does not constitute any type of error. The Court has also explained that it is not "out to get" Howe. Dkt. 192, at 25. The Court's duty is to fairly and impartially decide each case and controversy. That Judge Dale and the undersigned have ruled against Howe throughout this case is not a personal attack on him and his beliefs. The Court has simply stated that Howe's beliefs differ from the laws of the United States and that the Court is bound to uphold those laws. There is nothing personal about Judge Dale or the undersigned pointing out that Howe's beliefs cannot supersede federal tax law or that his theories are not legally sound.

**have presented relating the pre-filing felonies of Mr. Marler, are supposedly 'conclusory.'" Dkt. 226, at 17.**

This objection hearkens back to another of Howe's most used arguments—that IRS employees used certain "codes" to enter substitute returns for him and because he did not authorize those returns, the substitute returns are fraudulent and/or falsified.

As Judge Dale aptly noted, Howe's argument about codes is ultimately irrelevant to the underlying claims and affirmative defenses at issue in this case. Dkt. 223, at 12 n.8. This is so because the United States readily admits certain codes were used as part of the process of compiling substitute returns for Howe. But *how* the substitute returns were created is irrelevant. The question is could the returns be created in the first place. As explained above, the answer is yes. The IRS is authorized to file substitute returns for non-filers and that is exactly what happened in this case.

Aside from this far-flung theory about "codes," Howe did not present any material facts of evidence of fraud to support his allegations or rebut the Government's factual recitation of what occurred. Thus, Judge Dale's statement that his allegations were "conclusory" was accurate. This objection is OVERRULED.

5. **"Dale held that I 'have not shown any sort of irregularity in the conduct of IRS officials.'" Dkt. 226, at 18.**

Here, Howe maintains there is insufficient evidence in the record to support Judge Dale's conclusions that the IRS did not falsely or fraudulently perform its duties in submitting substitute returns on his behalf. Again, this theory is legally unsound.

What's more, Judge Dale outlined the voluminous evidence offered by the United States supporting Howe's tax liabilities and how the IRS's actions were undertaken in

accordance with applicable statutes and policies. Notably, Howe has admitted he does not challenge the specific amounts the Government seeks to recoup in this case. His only defense is the alleged scheme by the IRS to falsify documents on his behalf. Having soundly rejected that theory for a lack of sufficient evidence, Judge Dale's conclusion is sound. This objection is OVERRULED.

**6. "Dale errs by assisting the DoJ to obstruct access to Marler." Dkt. 226, at 19.**

This error is related more to Judge Dale's decision to *not* reopen discovery–one of Howe's many ancillary motions filed during the same timeframe summary judgment briefing was ongoing.

Howe maintains he was blindsided by the inclusion of an IRS declaration on summary judgment from IRS agent Marler, arguing he was somehow misled during the discovery period. In light of this, Howe asked Judge Dale to reopen discovery so that he could depose Marler. Judge Dale denied the request. The Court agrees with Judge Dale's holding.

The United States noted in its initial disclosures that it may rely upon any number of IRS witnesses to support its causes of action. Howe made no attempt to depose anyone during the discovery period in this case. He cannot come in now—after discovery has closed and during summary judgment briefing—and claim he needs more time.

Most importantly, however, Marler's declaration was not offered as evidence of the content of IRS records; it was offered to: (1) establish the balance outstanding based on mathematical computations, and (2) authenticate IRS records for purposes of summary judgment. In other words, the substantive evidence that supports the Government's case is

MEMORANDUM DECISION AND ORDER - 12

in the records themselves, not the declaration of Marler. Judge Dale weighed this and did not clearly err in declining to reopen discovery. Neither did she impermissibly consider the evidence on summary judgment. Under both standards, Howe is incorrect, and this objection is OVERRULED.

**7. "Dale claims the commission by Marler of pre-filing felonies are supposedly 'entirely irrelevant' to my defense." Dkt. 226, at 21.**

Howe returns here to his clean-hands defense, asserting the Government conceded Marler fabricated every IRS record related to Howe. The Government has never conceded this point. Additionally, as Judge Dale explained, Marler's involvement in entering codes that generated Howe's substitute returns is not enough to show any malfeasances, fraud, or felonious activity; Marler was simply doing his job. Thus, Judge Dale is correct that these allegations are irrelevant to Howe's defense.

And to reiterate, even if Howe were correct that these allegations against Marler are relevant to his defense as a factual matter, the clean-hands doctrine is inapplicable as a legal matter. *See, e.g., United States v. S. Cal. Permanente Med. Grp.*, 2010 WL 11459904 at *9 (C.D. Cal. Aug. 19, 2010); *United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004). This objection is OVERRULED.

**8. "Dale claims that the unsworn, robo-signed returns certified by Marler as only to their EXISTENCE in the bowels of IRS, not as to the accuracy/validity of their content(!), are the only relevant evidence needed to justify forfeiture." Dkt. 226, at 22.**

Howe next claims that Judge Dale has recommended the Court grant summary judgment to the Government based on "unsworn, robo-signed" documents and that the accuracy, veracity, and validity of these documents is questionable.

MEMORANDUM DECISION AND ORDER - 13

Judge Dale's decision was based upon the facts and evidence in the record, including IRS records. Importantly, those records were properly authenticated—either on their own as self-authenticating records, or with Marler's Declaration, showing how they would be admissible as evidence at trial. *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992); Fed. R. Civ. P. 56(c); Fed. R. Evid. 901–902. Nothing more was required. Additionally, both the substitute returns themselves and the Forms 4340 were certified. *See* Dkt. 194-4; 194-10. Judge Dale gave the documents their proper weight. This objection is meritless and OVERRULED.

**9.  "Dale claims that Marler's conceded falsification of very IRS digital record, (to make them reflect my supposed election for IRS to prepare returns for me) I supposedly 'authorized by Congress, as well as by formal regulations of the Department of the Treasury. Thus no amount of discovery would be relevant to Howe's (Clean Hands) defense.'" Dkt. 226, at 23.**

Again, Judge Dale was correct in holding that the IRS is specifically authorized by statute to prepare substitute returns on behalf of taxpayers who fail to file returns. Dkt. 223, at 21. Howe contends that the absence of any request on his part for the IRS to undertake such a task has some bearing on this statutory prerogative. It does not. *See* 26 U.S.C. § 6020(b) (authorizing Secretary to make returns for certain taxpayers without any pre-approval or request). This objection is OVERRULED. And to the extent Howe's objection was also related to Judge Dale's denial of his discovery request, the Court finds no clear error in denying the same. Under both standards, the Court upholds Judge Dale's conclusions.

**10.  "After repeatedly misrepresenting my defense . . . and refusing to exercise the equitable power of her Court, Dale recommends denying my First Amended**

**Motion for Summary Judgment, without addressing its content." Dkt. 226, at 24.**

As noted, Howe filed an original Motion for Summary Judgment (Dkt. 197) and then a second Motion (Dkt. 211). Judge Dale clearly considered both. Howe has not explained how his second motion differed from the original motion or how Judge Dale failed to consider any arguments. The fact remains he failed to set forth any legal authority in support of his arguments. This objection is OVERRULED.

11. **"Dale errs by holding I have not disputed the facts underpinning any tax liability the attorneys pretend I owe." Dkt. 226, at 24.**

This objection is yet another attempt by Howe to relitigate his clean-hands defense and argue about whether the Court sits in equity or not. The Court has already rejected Howe's clean-hands defense and explained when the Court sits in equity. Judge Dale carefully reviewed the evidence in this case and found there was no *material* dispute as to the evidence the Government presented. To be sure, Howe disputes the evidence. But he basis his position on an erroneous understanding of the law and upon legal theories not applicable in this case. Judge Dale did not err in rejecting Howe's unsupported arguments. This objection is OVERRULED.

12. **"Dale errs by failing to notice all Letters 1862, Statutory Notices of Deficiency and Forms 4340 Certifications are unsworn, no evidence is in the record proving controverting my sworn claim I owe nothing to the Government." Dkt. 226, at 26.**

Again, this objection sounds in Howe's disagreement with how records are authenticated, certified, sworn, or otherwise presented to the Court as part of summary judgment. Similar to the Court's holding above, Judge Dale did not err in her consideration

of these documents. This objection is OVERRULED.

13. **"Dale fabricated, attributed to me, and entered into the record nonsensical allegations to obstruct my actual simple defense." Dkt. 226, at 27.**

Finally, Howe lists six statements from Judge Dale's R&R that he would like "retracted." Each statement, he alleges, misrepresents his arguments/defense. As the Court has noted before, Howe cannot simply disagree with *how* Judge Dale stated something; he must have a legitimate, legal basis for calling into question her findings, recommendations, and/or holdings. Dkt. 192, at 12. The Court has reviewed each statement Howe takes issue with and finds none warrant retraction. This objection is OVERRULED.

### B. Motion to Dismiss and Reinstate FRCP (Dkt. 233)

Roughly seven months after he filed his objection to Judge Dale's R&R, Howe filed a "Combined Motion to Reinstate the Federal Rules of Civil Procedure and to Dismiss." Dkt. 233. Herein, Howe alleges the undersigned has "obstructed adjudicating" this case. *Id*. at 1. Howe laments procedural actions the undersigned took over the last five years to keep this case organized. *Id*. at 2. He also complains of how long it has taken the Court to resolve his current objections. *Id.* Howe alleges the Court has violated Federal Rule of Civil Procedure 1 via its actions. *Id*. at 3–4. As a result, Howe demands that the Court adjudicate his objections immediately or "dismiss this frivolous case." *Id*. at 4.

The Government filed an objection to Howe's motion simply to state that Rule 1 of the Federal Rules of Civil Procedure does not dictate a specific timeline for the resolution of any motion or case but requires that the Court and counsel strive for the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.; Dkt.

235. The Government asks that the Court deny Howe's motion in any substantive respect.

Thereafter, Howe filed four notices indicating his intent to file grievances against the undersigned with the Idaho State Bar, the Department of Justice, and the Treasury Inspector General. Dkts. 236, 237, 238, 239. Howe gave the Court a set timeframe (typically seven days) to resolve this case before stating he would make good on his threat and send out the grievances. The Court took no action on any notice.

It is well established that the Court has the power to control its own docket and does not violate a party's Due Process rights by imposing reasonable limitations on court filings and organizing matters as it deems appropriate. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket.") That the Court had to stay briefing, extend briefing, or otherwise modify certain *organizational* and *procedural* aspects of this case over the years was not an affront to Howe's rights. Nor would such actions justify the dismissal of this case.

In like manner, that it took the Court some time to review Judge Dale's R&R and adjudicate Howe's objections does not mean this case should be dismissed. The undersigned presides over roughly 450 civil and criminal cases. At any given time, some 150 motions are pending. Trials, hearings, conferences, and other tasks take time. The Court has resolved this matter on the timeframe that was available. Howe has not been prejudiced or had his rights violated in any way. There is no reason to dismiss the case or take any other action as it relates to this Motion or Howe's notices. Howe's Motion to Dismiss and Reinstate FRCP is DENIED.

MEMORANDUM DECISION AND ORDER - 17

## V. CONCLUSION

Howe's objections to Judge Dale's R&R are DENIED. None of his objections find support in the facts or the law. The Court will ADOPT the R&R as its own findings and conclusions in this matter. Accordingly, the Court will adjudicate the pending motions in conformance with Judge Dales' recommendations. The Court will also not alter or amend Judge Dale's Memorandum Decision regarding Howe's discovery motions.

The Government may submit a proposed judgment to the Court including any language it feels appropriate as to Claims One, Two, and Five.[5]

## VI. ORDER

IT IS HEREBY ORDERED:

1. Judge Dale's Report and Recommendation (Dkt. 223) of October 5, 2023, is ADOPTED IN ITS ENTIRETY. Howe's Objections (Dkt. 226) are OVERRULED.

2. The Government's Motion for Summary Judgment (Dkt. 194) is GRANTED.

3. Howe's Cross-Motion for Summary Judgment (Dkt. 197) and First Amended Cross-Motion for Summary Judgment (Dkt. 211) are DENIED.

4. Judgment on Claim Two will be entered consistent with the Court's prior order (Dkt. 192).

---

[5] Judge Dale has included proposed language for a judgment in her R&R. Dkt. 223, at 34–35. The Court approves of that language. The Government may, however, provide input on any language it believes should be included to effectuate and enforce the Court's conclusions today. Any such proposed judgment is due within three business days of this decision. The Court will then review and expeditiously enter judgment.

5. Judgment on Claims One and Five will be entered in accordance with the language outlined in Judge Dale's R&R and adopted herein. Once the Court receives and reviews the Government's proposed order, it will formally enter judgment on these claims.

6. Howe's Motion to Dismiss and Reinstate FRCP (Dkt. 233) is DENIED.

DATED: April 9, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 19